**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-02594-RM

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC., BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines),
BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG,
MICHAEL S. STEWART, and BRYANT E. SEWALL,

Defendants,

and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M.
STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER,
WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF
ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS
FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989
FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE
ISLE MARKETS INC. (Cayman Islands),

Relief Defendants.

---

**FILED UNDER SEAL**

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
FOR AN *EX PARTE* ASSET FREEZE, TEMPORARY RESTRAINING ORDER,
ORDER TO SHOW CAUSE, AND OTHER EMERGENCY RELIEF**

---

On September 12, 2019, Plaintiff United States Securities and Exchange Commission

(the "SEC" or "Commission") filed an emergency motion for an *ex parte* order: (1) freezing

funds and other assets of Defendants Mediatrix Capital Inc. ("Mediatrix Capital"), Blue Isle

Markets Inc. ("Blue Isle 1"), Blue Isle Markets Ltd. ("Blue Isle 2"), Michael S. Young

("Young"), Michael S. Stewart ("Stewart"), and Bryant E. Sewall ("Sewall") (collectively, the

"Defendants") and Relief Defendants Mediatrix Capital Fund Ltd., Island Technologies LLC,

Victoria M. Stewart, Maria C. Young, Hanna Ohonkova Sewall, West Beach LLC, Salve Regina

Trust, TF Alliance, LLC, Casa Conejo LLC, Hase Haus, LLC, DCC Islands Foundation,

Keystone Business Trust, Weinzel, LLC, The 1989 Foundation, Mediatrix Capital PR, LLC,

Mediatrix Capital, LLC, and Blue Isle Markets Inc. (Cayman Islands)  (collectively, with

Michael C. Baker, Walter C. Young III and Arual LP, the "Relief Defendants");[1]

(2) prohibiting Defendants and Relief Defendants from the acceptance, deposit, or disbursement

of additional investor funds; (3) prohibiting Defendants from future violations of Sections 5(a),

5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), e(c), and

q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and prohibiting Mediatrix Capital,

Young, Stewart, and Sewall from future violations of Sections 206(1), 206(2), and 206(4) of the

Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), b-6(2) and b-6(4)]

and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder; (4) requiring Defendants and Relief

Defendants to provide an accounting; (5) directing Defendants and Relief Defendants to

repatriate assets held abroad; (6) prohibiting Defendants and Relief Defendants from the

destruction or alteration of documents; (7) providing for expedited discovery; (8) providing for

---

[1]  The Commission does not request that the asset freeze apply to Relief Defendants Michael C. Baker, Walter C. Young III and Arual LP.

alternative means of service by the SEC; and (9) setting this matter for a preliminary injunction hearing.  The Court will treat this motion as a request for a preliminary injunction as well.

The Court has considered the entire record of this case, including: (1) the Complaint; (2) Plaintiff's Emergency Motion for an *Ex Parte* Asset Freeze, Temporary Restraining Order, Order to Show Cause, and Other Emergency Relief; (3) and the Declaration of Jeffrey D. Felder, with attached exhibits.

**Based on this record, the Court finds:**

1. The Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)] by establishing:

   a. For purposes of freezing assets, a likelihood of success on the merits, or that an inference can be drawn that the party has violated the federal securities laws; and

   b. For purposes of a temporary restraining order, a *prima facie* case for each of the violations in the Complaint and a likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5(a), 5(c), and 17(a) of the Securities Act; and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and Mediatrix Capital, Young, Stewart, and Sewall, and each of

3

them, directly or indirectly, have engaged in and, unless restrained and enjoined by order

of this Court, will continue to engage in acts, practices, and courses of business

constituting violations of Sections 206(1), 206(2), and 206(4) of the Advisers Act and

Rule 206(4)-8 thereunder.

There is good cause to believe that, unless restrained and enjoined by order of this Court,

the Defendants and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of

this Court assets that could be subject to an order directing disgorgement or the payment of civil

money penalties in this action, and that unless restrained Defendants may solicit additional funds

from investors.  Accordingly, an order freezing the Defendants' and Relief Defendants' assets, as

specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to

award equitable relief in the form of disgorgement of illegal profits from fraud, unregistered

securities offerings, and Advisers Act violations, as well as civil penalties.

3.      There is good cause to believe that an immediate accounting is necessary to

identify the location of additional assets subject to an asset freeze.

4.      There is good cause to believe that, unless restrained and enjoined by order of

this Court, Defendants and Relief Defendants may alter or destroy documents relevant to this

action.

5.      There is good cause to believe that expedited discovery and alternative means

of service are warranted.

6.      There is good cause to believe that an order directing Defendants and Relief

Defendants to repatriate assets to the United States is warranted.

7.      Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that there is a

likelihood of irreparable injury to investors unless this order is issued *ex parte*. This Court finds that the SEC has made a prima facie showing that Defendants have engaged in deceptive conduct in order to defraud investors, made false and misleading statements to investors and omitted material facts in connection with the purchase or sale or the offer or sale of securities.

8.     Based on these and other facts alleged by the SEC, there is good cause to believe that Defendants and Relief Defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court. Such dissipation of investor funds and assets would constitute irreparable harm to investors. To avoid this irreparable harm, it is appropriate for the Court to issue this Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendants and Relief Defendants can be made, thus preventing the dissipation of investor funds.

Now, therefore,

# I.

**IT IS HEREBY ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein:

A.     The assets, funds, or other property held by or under the direct or indirect control of Defendants or Relief Defendants, whether held in any of their names or for their direct or indirect beneficial interests, wherever located, up to the amount of $251,074,084 are frozen, including but not limited to the accounts listed below in **Schedule A** to this Order and the assets listed in **Schedule B** to this order.

B.     Defendants and Relief Defendants, and their officers, directors, successor

corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to the accounts and assets listed in **Schedules A and B**, as defined above, up to the amounts identified in paragraph I.A.

      C.      Any bank, financial or brokerage institution, storage facility, or other person or entity holding any funds, securities or other assets of Defendants or Relief Defendants, up to the amounts identified in paragraph I.A, held in the name of, for the benefit of, or under the control of Defendants or Relief Defendants; or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, including but not limited to assets held listed in **Schedules A and B**, as defined above.

      D.      No person or entity, including Defendants or Relief Defendants, or any creditor or claimant against the Defendants or Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the

property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

   E.   The SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property in which Defendants or Relief Defendants have an interest.  Should the Defendant or Relief Defendants wish to sell any piece of real property in which they have an interest, they shall give counsel for the SEC notice of the proposed sale and seek and obtain an order of the Court permitting the sale prior to the sale. Defendants and Relief Defendants shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order; and Defendants and Relief Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies, but is not limited, to the following properties:

- 5406 South Cottonwood Court, Greenwood Village, Colorado 80121;

- 8082 East Arroyo Hondo Road, Scottsdale, Arizona 85266;

- 1201 Lloyds Road, Little Elm, Texas 75068;

- 330 Dorado Beach East, Dorado, Puerto Rico 00646;

- 319 Dorado Beach East, Dorado, Puerto Rico 00646;

- Mira Mar Villas, #15 Garden Drive, Paradise Island, Bahamas; and

- Unit Number 704, Ocean Place Condominiums, Paradise Island, Bahamas.

## II.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein:

Defendants and Relief Defendants are prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program. Defendants and Relief Defendants and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution, funds from investors.

## III.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein:

A. Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

(1) employing any device, scheme, or artifice to defraud; or

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

B.      Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], in connection with the purchase or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

(1) employing any device, scheme, or artifice to defraud; or

(2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

C.      Mediatrix Capital, Young, Stewart, and Sewall, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active

concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Sections 206(1) and 206(2) of the Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of the mails or by any means or instrumentality of interstate commerce:

> (1) employing any device, scheme, or artifice to defraud any client or prospective client; or
>
> (2) engaging in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client.

D.     Mediatrix Capital, Young, Stewart, and Sewall, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of  Section 206(4) of the Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8)], by the use of the mails or by any means or instrumentality of interstate commerce:

> (1) making any untrue statement of a material fact or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or
>
> (2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

E.     Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e], in the absence of any applicable exemption:

(1) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants, and each of

their successor corporations, subsidiaries, and affiliates, shall within **five days** of service of this

Order, each file with the Court, and serve on the SEC at the address of its counsel of record, a

sworn accounting of:

      A.      Each account, including safe deposit boxes, with any bank, financial institution

or brokerage firm, maintained in the names of Defendants or Relief Defendants, or the names

of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial

interest, and the current value and makeup of that account;

      B.      All investments, securities, funds, real estate, collectibles, and other assets held

in the names of Defendants or Relief Defendants, or in the names of any subsidiary, affiliate, or

agent or under their direct or indirect control, stating a description, a value, and location of

such assets; and

      C.      Every transaction in which the ownership, direction, or control of any funds or

other assets of any kind have been transferred, directly or indirectly, to or from: (i) Defendants

or their affiliates, subsidiaries, or agents since **February 2016**; and (ii) Relief Defendants or

their affiliates, subsidiaries, or agents since **February 2016**.

## V.

      **IT IS HEREBY FURTHER ORDERED** that Defendants and Relief Defendants shall,

in conjunction with the ordered asset freeze, repatriate, and take such steps as are necessary to

repatriate, to the territory of the United States of America, any and all assets and funds, held by

or in the name of Defendants or Relief Defendants, or in which any of them, directly or

indirectly, has or had any beneficial interest, or over which any of them maintained or maintains

and/or exercised or exercises control, including but not limited to any and all assets and funds:

A. Held in foreign bank, brokerage, or other financial accounts; or

B. Transferred out of the United States from any account within the territory of the United States at any point from February 2016 to the present.

To effectuate this repatriation, Defendants shall provide to this Court and to the SEC, within **five days** of this Order, a written description of all such funds and assets required to be repatriated, and the status and location of such funds, so that the Court may Order the unfreezing of these assets to allow for their repatriation.

## VI.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein:

Defendants and Relief Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody or control of the Defendants or Relief Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to Defendants' or Relief Defendants' assets, finances or business operations.

## VII.

**IT IS FURTHER ORDERED** that the SEC's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods,

notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal

Rules of Civil Procedure, discovery shall proceed as follows:

A.    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may

take depositions upon oral examination on **three days'** notice of any such deposition.

Depositions may be taken telephonically.  As to Defendants and Relief Defendants, and their

officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers,

associates, trustees, and underwriters, the SEC may depose such witnesses after serving a

deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendant or

Relief Defendants and without serving a subpoena on such witness.  Depositions that have not

been signed by the witness may be used for purposes of the hearing on the SEC's motion for a

preliminary injunction;

B.    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Parties shall

answer interrogatories within **three days** of service of such interrogatories.  Interrogatories may

be served and answered by facsimile, e-mail, mail, hand or overnight courier upon the parties or

their counsel;

C.    Pursuant to requests under Rule 34(b) of the Federal Rules of Civil Procedure,

the parties shall produce all documents requested within **five days** of service of such request.

Documents produced to the SEC shall be delivered to Stephen C. McKenna at

McKennaS@sec.gov and Mark L. Williams at WilliamsML@sec.gov, as well as by overnight

delivery to Stephen C. McKenna at Securities and Exchange Commission, 1961 Stout St., Suite

1700, Denver, CO 80294, phone number (303) 844-1036, or such other place as counsel for the

SEC may direct in writing.  Requests for production may be served by facsimile, e-mail, mail,

hand or overnight courier upon the parties or their counsel; and

D.      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the parties shall respond to requests for admissions within **three days** of such requests.  Requests for admission  may be served by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel; and

E.      All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to Stephen C. McKenna at McKennaS@sec.gov and Mark L. Williams at WilliamsML@sec.gov, as well as by overnight delivery to Stephen C. McKenna at Securities and Exchange Commission, 1961 Stout St., Suite 1700, Denver, CO 80294, phone number (303) 844-1036, or such other place as counsel for the SEC may direct in writing; and

F.      In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45. Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## VIII.

**IT IS FURTHER ORDERED** that service of this Order, the Summons and Complaint may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or Relief Defendants or by publication.  As indicated, discovery requests may be communicated by facsimile, e-mail, mail, hand, or delivery by commercial courier.

## IX.

**IT IS HEREBY FURTHER ORDERED** that Defendants appear before this Court in Courtroom A601 of the United States District Court for the District of Colorado, located at 901 19th Street, Denver, Colorado, at 9 a.m. on the 27th day of September, 2019, for a hearing at which Plaintiff will seek a preliminary injunction extending the asset freeze and other ancillary relief entered in this Order until final adjudication of this case on the merits.

## X.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall deliver any opposing papers in response to the requested relief no later than September 24, 2019, at 12 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to Stephen C. McKenna at McKennaS@sec.gov and Mark L. Williams at WilliamsML@sec.gov, or such other place as counsel for the SEC may direct in writing.  The SEC shall have until September 25, 2019, at 5 p.m. to serve, by the most expeditious means available, any reply papers upon the Defendants, or their counsel, if counsel shall have made an appearance in this action.

## XI.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Emergency Motion for an Ex Parte Order to File Under Seal the Complaint and All Papers Filed Therewith Pending

Disposition of Plaintiff's Motion for Temporary Restraining Order and Implementation of Asset

Freeze is GRANTED.

## XII.

**IT IS HEREBY FURTHER ORDERED** that all documents filed in this matter are

SEALED.  This Order does not preclude the Commission from serving the Temporary

Restraining Order on banks or other financial institutions in order to effectuate the asset freeze.

After the asset freeze has been effectuated, the Commission shall notify the Court and the seal

will be lifted.

## XIII.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for

all purposes.

**SO ORDERED** this 13th day of September, 2019, at 1 p.m.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

## SCHEDULE A

| Financial Institution | Account Name | Account Number(s) |
|---|---|---|
| **Banco Popular of Puerto Rico** | Michael S. Young | xxxxx9843<br>xxxxx4983 |
| **KeyBank** | Michael S. Young and Maria C. Young | xxxxxxxx6425 |
| **KeyBank** | Michael S. Young | xxxxxxxx7313<br>xxxxxxxx7226 |
| **UBS Financial Services** | Michael Young FBO J.D.Y. | DKxxx7894 |
| **UBS Financial Services** | Michael Young FBO L.F.Y. | DKxxx7994 |
| **UBS Financial Services** | Michael Young FBO M.S.Y. II | DKxxx7794 |
| **UBS Financial Services** | Michael Young FBO M.J.Y. | DKxxx8094 |
| **UBS Financial Services** | Michael Young FBO S.M.Y. | DKxxx7694 |
| **UBS Financial Services** | Michael S. Young and Maria C. Young | DKxxx8594 |
| **American Funds Service Company** | Michael Young FBO J.D.Y. | xxxxxx8096 |
| **American Funds Service Company** | Michael Young FBO L.F.Y. | xxxxxx8130 |
| **American Funds Service Company** | Michael Young FBO M.S.Y. II | xxxxxx8124 |
| **American Funds Service Company** | Michael Young FBO M.J.Y. | xxxxxx8135 |
| **American Funds Service Company** | Michael Young FBO S.M.Y. | xxxxxx8138 |
| **IRA Services Trust Company** | Michael S. Young | xxxxx6452 |
| **Wells Fargo Bank** | Michael S. Young | xxxxxx9510 |
| **The Penn Mutual Life Insurance Company** | Michael S. Young | xxxxx4007<br>xxxxx4006<br>xxxxx7600 |
| **Banco Popular of Puerto Rico** | Michael S. Stewart | xxxxx1784 |
| **BBVA Compass** | Michael Stewart | xxxxxx7078 |
| **Hughes Federal Credit Union** | Michael Shawn Stewart | xxx503-1<br>xxx503-150 |
| **MidFirst Bank** | Victoria M. Stewart and/or Michael Shawn Stewart | xxxxxx8270<br>xxxxxx8059 |
| **USAA Federal Savings Bank** | Michael S. Stewart and Victoria M. Stewart | xxxxxx8132<br>xxxxxx8159 |
| **Wells Fargo Bank** | Michael S. Stewart | xxxxxx8803<br>xxxxxx7554<br>xxxxxx7876 |

| Financial Institution | Account Name | Account Number(s) |
|---|---|---|
| **Wells Fargo Bank** | Michael S. Stewart dba Relentless Operating | xxxxxx7884 |
| **Wells Fargo Bank** | Michael S. Stewart Relentless Operating | xxxxxx8787 |
| **Wells Fargo Clearing Services LLC** | Michael S. Stewart | xxxx9286 |
| **Banco Popular of Puerto Rico** | Bryant E. Sewall | xxxxx8741 |
| **Navy Federal Credit Union** | Bryan Sewall | xxxxxx7165 xxxxxx7026 |
| **Service Credit Union** | Bryant E. Sewall | xxxx4106-00 xxxx4106-09 |
| **USAA Federal Savings Bank** | Bryant E. Sewall | xxxxxx5212 xxxxxxxxxx0814 |
| **Wells Fargo Bank** | Bryant E. Sewall | xxxxxx4386 |
| **Ansbacher (Bahamas) Limited (The Bahamas)** | Mediatrix Capital Fund Ltd. | xxxx1901 |
| **Wells Fargo Bank** | Island Technologies, LLC | xxxxxx0573 xxxxxx6478 xxxxxx6486 xxxxxx2424 |
| **Banco Popular of Puerto Rico** | Island Technologies, LLC | xxxxx9027 xxxxx9329 |
| **Banco Popular of Puerto Rico** | West Beach, LLC | xxxxx5590 |
| **UBS Financial Services** | Salve Regina Trust | 5Vxxx0794 DKxxx2294 DKxx422 |
| **KeyBank** | TF Alliance, LLC | xxxxxxxx3581 xxxxxxxx0586 xxxxxxxx0022 |
| **BBVA Compass** | Keystone Business Trust | xxxxxx4795 xxxxxx3827 xxxxxx3921 |
| **Wells Fargo Bank** | Weinzel, LLC | xxxxxx9170 xxxxxx9354 |
| **Wells Fargo Bank** | Mediatrix Capital PR LLC | xxxxxx9959 |
| **Wells Fargo Bank** | Mediatrix Capital, LLC | xxxxxx3292 |
| **Global Fidelity Bank, Ltd.** | Blue Isle Markets Inc. | 100-xxxx88-1 100-xxxx88-2 100-xxxx88-3 105-xxxx88-1 |
| **Wells Fargo Clearing Services** | Victoria Marie Stewart | xxxx9200 |

| Financial Institution | Account Name | Account Number(s) |
|---|---|---|
| **LLC** | | |
| **Wells Fargo Bank** | Victoria M. Stewart | xxxxxx2188 |
| **Wells Fargo Bank** | Maria C. Gartner | xxxxxxxxxxxx2868 |
| **KeyBank** | Maria Young | xxxxxxxxxxxxxx6001 |
| **PJSC CB Privatbank (Ukraine)** | Hanna Ohonkova | xxxxxxxxxxx1460<br>xxxxxxxxxxxx2500<br>xxxxxxxxxx8501<br>xxxxxxxxxx0901<br>xxxxxxxxxxxx1464<br>xxxxxxxxxxxx2507 |
| **Česká spořitelna (Czech Republic)** | Blue Isle Markets Inc. | xxx3192<br>xxx3272<br>xxx3352<br>xxx9312<br>xxx9582 |
| **ANZ Bank New Zealand Limited (New Zealand)** | Blue Isle Markets Ltd. | xxxxxxxxx9449<br>xx9344-EUR<br>xx9344-USD01<br>xx9344-USD02 |
| **Kiwibank Ltd.** | Blue Isle Markets Ltd. | xxxxxxxxx1911 |
| **Equiti Armenia CJSC (Armenia)** | Blue Isle Markets Inc. | xx013<br>xx021<br>xx023<br>xxxx029 |
| **Equiti Capital UK Limited (United Kingdom)** | Blue Isle Markets Inc. | xx160<br>xx166<br>xx167 |
| **Advanced Markets UK Ltd. (United Kingdom)** | Blue Isle Markets Ltd. | xxxxxxxE_WL<br>xxxxxxxE2_WL |

**SCHEDULE B**

| Asset | Payment Amount | Payment Date | Other Information |
|---|---|---|---|
| Securities (private placement) | $375,000 | 4/19/2018 | Issuer:  NRS Health and Wellness |
| Boat | $293,100 | 1/18/2018 | 2014 Sea Vee Critical Mass 39ft |
| Jewelry | $225,000 (approx.) | various | 2017 to 2019 |
| Boat Lift | $135,073 | 6/2018 to 2/2019 | Purchase and installation |
| Vehicle | $124,635 | 1/7/2019 | Land Rover |
| Vehicle | $101,000 | 8/18/2018 | 2018 Tahoe; 2016 Jeep Wrangler |
| Vehicle | $88,000 | 2/14/2018 | 2018 BMW |
| Vehicle | $68,302 | 12/4/2017 | 1986 Land Rover Defender |
| Vehicle | $65,557 | 4/18/2019 | Land Rover |
| Marina Expenses | $64,761 | 1/28/2019 | |
| Vehicle | $55,000 | 7/3/2017 | 2017 Jeep Wrangler |
| Golf Carts | $46,279 | 6/8/2017 & 3/15/2019 | |
| Boat | $28,553 | 3/26/2018 | Luxury Water Toys |
| Vehicle | $22,000 | 2/16/2018 | 2nd Payment for Ford F250 Truck |
| Furniture | $51,487 | Various | |
| Art | $17,107 | 12/4/2018 & 1/11/2019 | |
| Firearms | $7,856 | 12/10/2018 | Custom Rifle |