# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No.  19-cv-02594-RM

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC.,
BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines),
BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG,
MICHAEL S. STEWART, and BRYANT E. SEWALL,

Defendants,

and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M.
STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER,
WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF
ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS
FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989
FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE
ISLE MARKETS INC. (Cayman Islands),

Relief Defendants.

---

## STIPULATION AND ORDER GRANTING AN ASSET FREEZE,
## PRELIMINARY INJUNCTION, AND OTHER RELIEF

---

Plaintiff United States Securities and Exchange Commission (the "SEC"); Defendants

Mediatrix Capital Inc. ("Mediatrix Capital"), Blue Isle Markets Inc.  ("Blue Isle 1"), Blue Isle

Markets Ltd. ("Blue Isle 2"), Michael S. Young ("Young"), Michael S. Stewart ("Stewart"), and

Bryant E. Sewall ("Sewall") (collectively, the "Defendants"); and Relief Defendants Mediatrix

Capital Fund Ltd., Island Technologies LLC, Victoria M. Stewart, Maria C. Young, Hanna Ohonkova Sewall, West Beach LLC, Salve Regina Trust, TF Alliance, LLC, Casa Conejo LLC, Hase Haus, LLC, DCC Islands Foundation, Keystone Business Trust, Weinzel, LLC, The 1989 Foundation, Mediatrix Capital PR, LLC, Mediatrix Capital, LLC, and Blue Isle Markets Inc. (Cayman Islands) (collectively the "Relief Defendants"); and relief defendants Michael C. Baker, Walter C. Young III and Arual LP; hereby stipulate as follows:

WHEREAS on September 12, 2019, Plaintiff SEC filed an emergency motion for an Order temporarily freezing funds and other assets of Defendants and certain Relief Defendants and providing other emergency relief.[1] ECF No. 4.  That Motion was also "seeking a preliminary injunction on the same bases as set forth in the motion."  ECF No. 8.

WHEREAS on September 13, 2019, the Court granted the SEC's motion and issued a temporary restraining enjoining Defendants from future violations of the federal securities laws, freezing assets, providing for other ancillary relief, and setting this matter for a preliminary injunction hearing ("TRO").  ECF No. 10.

WHEREAS all Defendants and Relief Defendants have been served with the TRO as well as the Summons and Complaint.

WHEREAS on September 24, 2019, Defendants and certain Relief Defendants requested that the preliminary injunction hearing be continued to October 15, 2019 (ECF No. 18), which this Court granted (ECF No. 19).

---

[1]  The SEC did not request that the asset freeze apply to relief defendants Michael C. Baker, Walter C. Young III, and Arual LP.

**STIPULATION OF THE PARTIES:**

The Parties stipulate to entry of an order (1) extending the asset freeze and other ancillary relief entered in the TRO until final adjudication of this case on the merits, subject to Defendants' and Relief Defendants' right to move the Court for relief from the asset freeze and Plaintiff's right to oppose any such motion; and (2) vacating the preliminary injunction hearing set for October 15, 2019.[2]

**BASED ON THIS RECORD, THE COURT FINDS:**

1.      The Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants.[3]

2.      The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)], and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9(d)], by establishing a *prima facie* case for each of the violations in the Complaint and a strong likelihood that they Commission will prevail at trial on the merits.

3.      There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants and certain Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained

_____

[2] The parties have agreed that the SEC will take Rule 30(b)(6) testimony from Defendants Mediatrix Capital, Inc., Blue Isle Markets Inc. (St. Vincent and the Grenadines), and Blue Isle Markets Ltd. the week of October 14, 2019, unless a later date is mutually agreed to by the parties.

[3] Defendants reserve the right to move to dismiss certain aspects of the Complaint on the basis of a lack of subject matter jurisdiction on the part of the Plaintiff.

Defendants may solicit additional funds from investors.  Accordingly, an order freezing the

Defendants' and Relief Defendants' assets, as specified herein, is necessary to preserve the

*status quo* and to protect this Court's ability to award equitable relief in the form of

disgorgement of illegal profits from fraud, unregistered securities offerings, and Advisers Act

violations, as well as civil penalties.

4.      There is good cause to believe that, unless restrained and enjoined by order of

this Court, Defendants and Relief Defendants may alter or destroy documents relevant to this

action.

Now, therefore,

## I.

**IT IS HEREBY ORDERED** that, pending trial on the merits or further order of the

Court:

A.      The assets, funds, or other property held by or under the direct or indirect

control of Defendants or Relief Defendants whether held in any of their names or for their

direct or indirect beneficial interests, wherever located, up to the amount of $251,074,084 are

frozen, including but not limited to the accounts in **Schedule A** and **Schedule B** to the TRO

(ECF No. 10), and any other assets identified in Court ordered accountings of Defendants and

Relief Defendants and any supplements or amendments thereto (collectively, the

"Accountings").

B.      Defendants, and Relief Defendants and their officers, directors, successor

corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those

persons in active concert or participation with them who receive actual notice of this order by

personal service or otherwise, and each of them, shall hold and retain within their control, and

4

otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to the accounts and assets listed in **Schedules A and B and the Accountings**, as defined above, up to the amounts identified in paragraph I.A.

C.      Any bank, financial or brokerage institution, storage facility, or other person or entity holding any funds, securities or other assets of Defendants or Relief Defendants, up to the amounts identified in paragraph II.A, held in the name of, for the benefit of, or under the control of Defendants or Relief Defendants; or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, including but not limited to assets held listed in **Schedules A and B and the Accountings**, as defined above.

D.      No person or entity, including Defendants or Relief Defendants, or any creditor or claimant against the Defendants or Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E.      The SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property in which Defendants or Relief Defendants

have an interest.  Should the Defendant or Relief Defendants wish to sell any piece of real property in which they have an interest, they shall give counsel for the SEC notice of the proposed sale and seek and obtain an order of the Court permitting the sale prior to the sale. Defendants and Relief Defendants shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order; and Defendants and Relief Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies, but is not limited, to the following properties:

- 5406 South Cottonwood Court, Greenwood Village, Colorado 80121;

- 8082 East Arroyo Hondo Road, Scottsdale, Arizona 85266;

- 1201 Lloyds Road, Little Elm, Texas 75068;

- 330 Dorado Beach East, Dorado, Puerto Rico 00646;

- 319 Dorado Beach East, Dorado, Puerto Rico 00646;

- Mira Mar Villas, #15 Garden Drive, Paradise Island, Bahamas;

- Unit Number 704, Ocean Place Condominiums, Paradise Island, Bahamas; and

- Any and all other real property identified in the Accountings.

## II.

**IT IS FURTHER ORDERED** that, pending trial on the merits or further order of the Court:

Defendants and Relief Defendants are prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program. Defendants and Relief Defendants and their officers, directors, successor corporations, subsidiaries and affiliates,

agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution, funds from investors.

### III.

**IT IS FURTHER ORDERED** that, pending trial on the merits or further order of the Court:

A. Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

> (1) employing any device, scheme, or artifice to defraud; or
>
> (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

B. Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who

receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], in connection with the purchase or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

> (1) employing any device, scheme, or artifice to defraud; or

> (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

> (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

C.      Mediatrix Capital, Young, Stewart, and Sewall, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Sections 206(1) and 206(2) of the Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of the mails or by any means or instrumentality of interstate commerce:

> (1) employing any device, scheme, or artifice to defraud any client or prospective client; or

> (2) engaging in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client.

8

D.      Mediatrix Capital, Young, Stewart, and Sewall, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 206(4) of the Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8)], by the use of the mails or by any means or instrumentality of interstate commerce:

(1) making any untrue statement of a material fact or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

E.      Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e], in the absence of any applicable exemption:

(1) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IV.**

**IT IS FURTHER ORDERED** that, pending trial on the merits or further order of the Court:

Defendants and Relief Defendants shall, in conjunction with the ordered asset freeze, repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of Defendants or Relief Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

A.  Held in foreign bank, brokerage, or other financial accounts; or

B.  Transferred out of the United States from any account within the territory of the United States at any point from February 2016 to the present.

To effectuate this repatriation, Defendants shall work with the SEC and the parties shall submit to this Court a proposed order to unfreeze assets to allow for their repatriation.

**V.**

**IT IS FURTHER ORDERED** that, pending trial on the merits or further order of the Court:

Defendants, Relief Defendants, and relief defendants Michael C. Baker, Walter C. Young III and Arual LP, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody or control of the Defendants or Relief Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to Defendants' or Relief Defendants' assets, finances or business operations.

**VI.**

**IT IS FURTHER ORDERED** that the preliminary injunction hearing that was previously set for October 15, 2019 is vacated.

**VII.**

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

DATED October 22, 2019

| | |
|---|---|
| _s/ Stephen C. McKenna_<br>Stephen C. McKenna<br>Mark L. Williams<br>U.S. Securities and Exchange Commission<br>1961 Stout Street, Suite 1700<br>Denver, CO 80294-1961<br>(303) 844-1036<br>McKennaS@sec.gov<br>WilliamsML@sec.gov | _s/ Jeffrey R. Thomas_<br>Jeffrey R. Thomas<br>Thomas Law LLC<br>3773 Cherry Creek North Dr., Suite 600<br>Denver, CO 80209<br>(720) 330-2805<br>jthomas@thomaslawllc.com<br>Attorneys for Defendants Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Young, Michael S. Stewart, and Bryant Sewall and Relief Defendants Victoria M. Stewart, Maria C. Young, and Hanna Ohonkova<br>And, for the purposes of this Stipulation only, Mediatrix Capital Fund Ltd., Island Technologies LLC, West Beach LLC, Salve Regina Trust, TF Alliance, LLC, Casa Canejo LLC, Hase Haus, LLC, DCC Islands Foundation, Keystone Business Trust, Weinzel, LLC, The 1989 Foundation, Mediatrix Capital PR LLC, Mediatrix Capital, LLC, and Blue Isle Markets Inc. (Cayman Islands) |
| _s/ Thomas J. Krysa_<br>Thomas J. Krysa<br>David B. Meschke<br>Brownstein Hyatt Farber Schreck, LLP<br>410 17th Street, Suite 2200<br>(303) 223-1100<br>tkrysa@bhfs.com<br>Attorneys for Relief Defendant Arual LP | _s/ Tamera D. Westerberg_<br>Tamera D. Westerberg<br>Wheeler Trigg O'Donnell LLP<br>370 17th Street, Suite 4500<br>Denver, CO  80202<br>(303)244-1963<br>westerberg@wtotrial.com<br>Attorneys for Relief Defendant Walter C. Young III |
| _s/ Michael C. Baker_<br>by Stephen McKenna, with permission | |

DATED this 23rd day of October, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge