# Henkin, Douglas W.

| | |
|---|---|
| **From:** | Henkin, Douglas W. |
| **Sent:** | Friday, October 18, 2019 2:56 PM |
| **To:** | McKenna, Stephen C.; Felder, Jeffrey D |
| **Cc:** | Williams, Mark L; 'Mario Camara'; Vivian R. Drohan; Krigsten, Lisa M. |
| **Subject:** | RE: Mediatrix PI Hearing is vacated |
| **Attachments:** | Blue Isle Markets Inc.  trading accounts Equiti; RE: Mediatrix Positions |

Dear Steve,

After your below email to me, I received an email from Vivian Drohan to which I responded with several questions; a copy of that email chain is attached hereto.  As of the time of this email to you I have not received a response to the email or any of the questions therein.  After I responded to Ms. Drohan's email, Equiti US received an email from Mr. Sewall to which Equiti UK and AM responded; a copy of that email chain is also attached hereto.  As of the time of this email to you Equiti UK and AM have not received a response to their email or any questions or statements therein.

Equiti UK and AM were comfortable engaging in discussions with the SEC when those discussions seemed to be progressing in good faith toward a reasonable goal.  Because that no longer seems to be the case, Equiti UK and AM are withdrawing from discussions with the SEC and will leave all Blue Isle positions open, which they are expressly permitted to do by the original account-opening documents signed by Blue Isle.  *See* Equiti UK Terms & Conditions Clauses 5.1, 5.1.2, and 10.5; Equiti AM Terms & Conditions Clauses 4.1, 4.1.2, and 9.5; Electronic Trading Supplement Paragraph 5.

Equiti has explained that it believes its setoff rights are provided by the above-referenced documents and the separate July 2019 Setoff Agreement between Equiti UK, Equiti AM, and Blue Isle.  Neither the SEC, Ms. Drohan, nor Mr. Sewall have provided any support for a claim that any of those documents are invalid or ineffective.  Despite this, the SEC has refused to enter into a stipulation proposed by Equiti UK and Equiti AM that would have allowed all open Blue Isle positions to be closed with no regulatory risk to Equiti UK and Equiti AM and would have reserved all rights to argue for or against the setoff of the Equiti AM negative position against the Equiti UK positive position.  The SEC has thus knowingly chosen to take the following risks:  (1) that the positive balance in the Equiti UK accounts will decrease, (2) that the negative balance in the Equiti AM account will increase, and (3) that Equiti UK and Equiti AM are correct about the enforceability of their setoff rights under the Terms & Conditions, the Setoff Agreement, and Armenian law.  The net effect of those choices is that the SEC has knowingly chosen to take the risk that, if and when any funds are repatriated from Blue Isle's Equiti accounts, they will be less than would have been available had the SEC accepted the stipulation proposed by Equiti; the SEC took that risk with full knowledge that it could have been avoided in its entirety.

Despite the foregoing, Equiti stands by its offer to enter into the stipulation it proposed, and should the SEC wish to re-engage on that issue please let us know.

Best regards,

Doug Henkin

**大成 DENTONS**   Douglas W. Henkin

D +1 212 768 6832   |   US Internal 16832
douglas.henkin@dentons.com
Bio   |   Website

Dentons US LLP

1

Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > Maclay Murray & Spens > Gallo Barrios Pickmann > Muñoz > Cardenas & Cardenas > Lopez Velarde > Rodyk > Boekel > OPF Partners

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** McKenna, Stephen C. <McKennaS@SEC.GOV>
**Sent:** Tuesday, October 15, 2019 10:56 PM
**To:** Henkin, Douglas W. <douglas.henkin@dentons.com>; Felder, Jeffrey D <felderj@SEC.GOV>
**Cc:** Williams, Mark L <williamsml@SEC.GOV>; 'Mario Camara' <Mario.Camara@equiti.com>; Vivian R. Drohan <vdrohan@dlkny.com>
**Subject:** RE: Mediatrix PI Hearing is vacated

Doug,

We continue to evaluate Equiti's set-off argument but have concerns. For one thing, we do not understand why a frozen cash position in Equiti UK cannot serve as collateral for the AM account but a frozen Equiti UK account with open positions can.

In any event, we appreciate you copying Blue Isle's counsel because we continue to believe that Blue Isle's position on the set-off is important. We understand from speaking with Blue Isle's counsel that they have asked that all open positions be closed and that Blue Isle does not agree to a set off. We agree with you that this is a dispute that needs to be resolved.

We seem to be at an impasse, however, and the open positions in both Equiti UK and Equiti AM are exposed to future losses as well as swap charges, etc. while they remain open. To protect funds for a potential investor recovery we believe those open positions need to be closed, a position we understand Blue Isle shares. In our view a Motion by Blue Isle to have the Court order Equiti to close open positions and then repatriate, as ordered in both the TRO and the preliminary injunction orders, is the appropriate way to bring this to the Court's attention. Vivian – does this sound like an appropriate course of action for Blue Isle? In addition, do we understand correctly that Defendants have directed the positions be closed but Equiti has refused to close the positions?

Our desire remains to protect the Blue Isle assets for investor-victims, and we reserve our rights to seek recovery of any money that is lost or expenses that are incurred as a result of keeping Blue Isle trades open.

We are happy to discuss any alternatives that may move this issue forward.

Thank you,
Steve

**From:** Henkin, Douglas W. [mailto:douglas.henkin@dentons.com]
**Sent:** Tuesday, October 15, 2019 10:26 AM
**To:** Felder, Jeffrey D; McKenna, Stephen C.
**Cc:** Williams, Mark L; 'Mario Camara'; Vivian R. Drohan
**Subject:** RE: Mediatrix PI Hearing is vacated

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jeff,

Try this. I'm not sure why they got stripped out, but hopefully this will work better.

Doug

**Douglas W. Henkin**

D +1 212 768 6832   |   US Internal 16832
douglas.henkin@dentons.com
Bio   |   Website

Dentons US LLP

Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > Maclay Murray & Spens > Gallo Barrios Pickmann > Muñoz > Cardenas & Cardenas > Lopez Velarde > Rodyk > Boekel > OPF Partners

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** Felder, Jeffrey D <felderj@SEC.GOV>
**Sent:** Tuesday, October 15, 2019 12:24 PM
**To:** Henkin, Douglas W. <douglas.henkin@dentons.com>; McKenna, Stephen C. <McKennaS@SEC.GOV>
**Cc:** Williams, Mark L <williamsml@SEC.GOV>; 'Mario Camara' <Mario.Camara@equiti.com>; Vivian R. Drohan <vdrohan@dlkny.com>
**Subject:** RE: Mediatrix PI Hearing is vacated

Doug,

The images that you embedded in the email are not viewable on our end. Can you put those items in an attachment so we can view them.

Thanks,
Jeff

**Jeffrey D. Felder**
Senior Counsel, Division of Enforcement
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout Street, Suite 1700
Denver, CO  80294-1961
tel: 303.844.1107
felderj@sec.gov

**From:** Henkin, Douglas W. <douglas.henkin@dentons.com>
**Sent:** Tuesday, October 15, 2019 10:00 AM
**To:** McKenna, Stephen C. <McKennaS@SEC.GOV>
**Cc:** Williams, Mark L <williamsml@SEC.GOV>; Felder, Jeffrey D <felderj@SEC.GOV>; 'Mario Camara'

3

<Mario.Camara@equiti.com>; Vivian R. Drohan <vdrohan@dlkny.com>
**Subject:** RE: Mediatrix PI Hearing is vacated

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Steve,

The setoff issue we discussed last week needs to come to a resolution.  As you noted on the Thursday call, Equiti has gone to great lengths to help the SEC in this matter.  Equiti would prefer not to be in an adversarial position with the SEC.  Unfortunately, the way the SEC is addressing the setoff issue so far may make that impossible.  If Equiti needs to, it stands ready to litigate these issues.  Equiti believes, though, that the simple and fair stipulation Equiti has proposed — which it stands by and remains ready to submit to the Court — would allow us to avoid seeking court intervention.   After all, Equiti has offered a reservation of all rights to the SEC, so the SEC is not precluded from advancing arguments in the future other than for alleged violations of the freeze order.

To ensure we have a common factual understanding, whether an attempt to initiate a closing were done by Blue Isle or Equiti, closing any positions in Armenia requires a setoff between the UK and AM accounts.  Moreover, closing any positions in the UK would crystalize the cash in the accounts; because of the freeze order, under Armenian law that cash would no longer be deemed collateral for the AM account.  That would result in an immediate breach of CBA rules.  Thus, regardless whether an order to close a position were to come through Blue Isle via a login or through a request to the desk at Equiti UK, it would not be executed.  Equiti AM has received two legal opinions stating that it cannot execute transactions that would put it in breach of CBA rules.  Equiti UK and AM are not going to execute transactions that would put any entity in violation of CBA rules.  Under the relevant rules and laws, the solution you propose is thus not possible and for that reason is not acceptable to Equiti.  For the same reasons, Equiti does not believe that your proposed solution is "more equitable" — were positions to be closed Equiti AM would be in violation of CBA rules for no reason other than the SEC's insistence that things be done a certain way, and Equiti strongly doubts that any court would find that equitable at all, let alone "more equitable" than the solution Equiti has proposed.

With respect to Blue Isle's view regarding setoff, Equiti's position is that Blue Isle has expressed its view by signing the most recent setoff agreement, the original account opening documents, and through a multi-year course of dealing in which it has not objected to similar setoffs.  Blue Isle itself has thus (a) spoken to this issue and (b) should not have any basis for objecting.  It may be that some of the individual defendants, for their own personal exposure reasons, would not want the setoff to occur, but their views cannot be binding on Blue Isle for these purposes (indeed, as you noted in one of our first conversations the defendants have recognized that they all need separate counsel), and in any event they have no standing to interfere in Equiti UK and AM's operations under the relevant law that applies to these accounts.

Because what you've proposed simply isn't possible, there is no need to address the idea of an escrow or the repatriation aspect of the Order, as there is nothing to repatriate at this time.  In any event, for the avoidance of doubt, Equiti UK and AM reserve all rights with respect to those issues.

In addition, this email will serve as notice that, in order to avoid any possibility of triggering the Armenian regulatory issues discussed above and as permitted by (a) Clauses 5.1, 5.1.2, and 10.5 of the original Terms and Conditions of Blue Isle's UK accounts and Clauses 4.1, 4.1.2, and 9.5 of the original Terms and Conditions of Blue Isle's Armenian accounts and (b) paragraph 5 of the Electronic Trading Supplement to both sets of Terms and Conditions, Equiti has set all of Blue Isle's accounts to read-only status, which will prevent any open transactions from being closed until this issue can be resolved.  We have also copied Blue Isle's counsel on this email.

Here are the most recent positions from the close of business on Friday October 11:

1.	EOD Equity

2.      EOD Swap charges

3.      EOD Net Open Positions

Best regards,

Doug

**Dentons**  Douglas W. Henkin

D +1 212 768 6832   |   US Internal 16832
douglas.henkin@dentons.com
Bio   |   Website

Dentons US LLP

Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > Maclay Murray & Spens > Gallo Barrios Pickmann > Muñoz > Cardenas & Cardenas > Lopez Velarde > Rodyk > Boekel > OPF Partners

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** McKenna, Stephen C. <McKennaS@SEC.GOV>
**Sent:** Friday, October 11, 2019 5:59 PM
**To:** Henkin, Douglas W. <douglas.henkin@dentons.com>
**Cc:** Williams, Mark L <williamsml@SEC.GOV>; Felder, Jeffrey D <felderj@SEC.GOV>; 'Mario Camara' <Mario.Camara@equiti.com>
**Subject:** RE: Mediatrix PI Hearing is vacated

Doug,

Thank you for preparing this.  An initial question is whether you've run this by counsel for the Defendants?  We, and likely the Court, would need their buy in before agreeing to something like this.  And after speaking with Defendants' counsel yesterday we understood that they were going to explicitly request that open positions be closed, and that they were unwilling to agree to an offset.

Second, our strong preference is to close out the positions and preserve the full amount of funds at Equiti UK, or perhaps escrow those funds in the U.S. per the repatriation ordered by the District Court, while also preserving Equiti's right to argue that the funds should be offset by the Equiti AM losses.  We realize that Equiti may have to cover the

5

losses in some way in the interim to appease the Armenian regulators, but believe that is a more equitable solution while we "kick the can" in order to resolve the offset issue.

Please let us know your understanding of Defendants' position, and whether a solution that preserves the entire approx. $12.7 million currently in Equiti UK to cover potential investor losses while we address potential offset would be acceptable to Equiti.

Thanks,
Steve

**From:** Henkin, Douglas W. [mailto:douglas.henkin@dentons.com]
**Sent:** Thursday, October 10, 2019 5:19 PM
**To:** McKenna, Stephen C.
**Cc:** Williams, Mark L; Felder, Jeffrey D; 'Mario Camara'
**Subject:** RE: Mediatrix PI Hearing is vacated

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks Steve.  Attached is a draft Stipulation and Proposed Order regarding the setoff issue as we discussed.

Doug

**Douglas W. Henkin**

D +1 212 768 6832   |   US Internal 16832
douglas.henkin@dentons.com
Bio   |   Website

Dentons US LLP

Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > Maclay Murray & Spens > Gallo Barrios Pickmann > Muñoz > Cardenas & Cardenas > Lopez Velarde > Rodyk > Boekel > OPF Partners

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** McKenna, Stephen C. <McKennaS@SEC.GOV>
**Sent:** Thursday, October 10, 2019 5:55 PM
**To:** Henkin, Douglas W. <douglas.henkin@dentons.com>
**Cc:** Williams, Mark L <williamsml@SEC.GOV>; Felder, Jeffrey D <felderj@SEC.GOV>
**Subject:** Mediatrix PI Hearing is vacated

Doug,

Judge Moore granted the PI this afternoon and vacated the hearing.  Therefore we will not need anyone in Denver on October 14 or 15.  We will also not be sending you the abbreviated declaration we discussed this morning, but will work on a more comprehensive declaration along the lines we have been discussing for the past couple of weeks in hopes that we can get that finalized in the relatively near term.

Thanks and regards,

Steve

Stephen C. McKenna
Trial Attorney
       U.S. Securities and Exchange Commission
       Denver Regional Office
       1961 Stout St., Suite 1700, Denver CO  80294
       tel: 303.844.1036   email: McKennaS@sec.gov