**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02594-RM

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                Plaintiff,

     v.

MEDIATRIX CAPITAL INC., BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines), BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG, MICHAEL S. STEWART and BRYANT E. SEWALL,

                Defendants,

and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M. STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER, WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989 FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE ISLE MARKETS INC. (Cayman Islands),

                Relief Defendants.

---

**MOTION BY NON-PARTIES UBS FINANCIAL SERVICES INC. AND UBS BANK USA FOR AN ORDER AUTHORIZING THE USE OF FROZEN ACCOUNT ASSETS TO REPAY A SECURED LOAN OWED BY RELIEF DEFENDANT SALVE REGINA TRUST**

---

Non-Parties UBS Financial Services Inc. and UBS Bank USA (collectively, "UBS") respectfully bring this motion for an Order authorizing the use of frozen UBS account assets to satisfy and repay an outstanding secured loan that is due and owing from Relief Defendant Salve Regina Trust.

## CERTIFICATE OF CONFERRAL

Plaintiff United States Securities and Exchange Commission ("SEC") has no objection to the relief requested in this motion.

## INTRODUCTION

In the instant SEC enforcement action, this Court previously entered a temporary restraining order [ECF No. 10] and a preliminary injunction [ECF No. 35], which, among other things, froze certain financial accounts maintained by the Defendants and the Relief Defendants. One of these frozen accounts – UBS Account No. DK XXX22 held by Relief Defendant Salve Regina Trust – serves as collateral for an outstanding loan that UBS Bank USA previously extended to the Salve Regina Trust. That loan is in default and has an outstanding balance of $127,286.36 (as of December 31, 2019) that is due and payable in full at this time. Interest, fees and other expenses continue to accrue on this outstanding loan to the Salve Regina Trust in accordance with the terms of the parties' loan documents.

Under applicable law, UBS Bank USA's first priority lien and security interest in the Salve Regina Trust's UBS Account No. DK XXX22 is senior to and has priority over the SEC's claim to such funds. In addition, UBS has the clear and express right under its loan documents to "demand full or partial payment of the [loan] obligations, at its sole discretion and without cause, at any time" and, without demand, to "liquidate, withdraw or sell all or any part of the Collateral

and apply the same, as swell as the proceeds of any liquidation or sale, to any amounts owed to the Bank…"

In light of the foregoing, and to prevent the accrual of additional interest, fees and other expenses (including attorneys' fees) on the loan in accordance with the terms of the loan documents, UBS brings this motion for an Order authorizing UBS to use assets in the Salve Regina Trust's UBS Account No. DK XXX22 to repay in full at this time the outstanding loan that is due and owing to UBS Bank USA. <u>The SEC has advised UBS that it has no objection to this motion</u>. Moreover, following the satisfaction in full of UBS Bank USA's outstanding loan, the remaining assets in the Salve Regina Trust's UBS Account No. DK XXX22 totaling over $2 million would remain frozen at UBS pursuant to the Court's preliminary injunction and pending further Order of this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.     UBS Bank USA's Outstanding Loan to the Salve Regina Trust**

On or about May 17, 2018, the Salve Regina Trust, through its trustee, Michael Baker, entered into a Credit Line Agreement with UBS Bank USA. (Affidavit of Steve Stewart, dated January 6, 2020 ("Stewart Aff.") at Exh. A (Credit Line Agreement), at ¶2.) Under the terms of the Credit Line Agreement, the Salve Regina Trust borrowed money from UBS Bank USA at certain times and in certain amounts that the Salve Regina Trust requested and that UBS Bank USA approved (the "Loan"). The Loan is a "demand revolving line of credit" for no specific term or duration under which "**THE BANK MAY DEMAND FULL OR PARTIAL PAYMENT OF THE CREDIT LINE OBLIGATIONS, AT ITS SOLE DISCRETION AND**

**WITHOUT CAUSE, AT ANY TIME**…"  (Stewart Aff. at Exh A. (Credit Line Agreement), at ¶2.)  (emphasis in original.)

As the result of credit that UBS Bank USA has advanced to the Salve Regina Trust under the Credit Line Agreement, there is an outstanding Loan balance of $127,286.36 (as of December 31, 2019) that is due and owing to UBS Bank USA.  (Stewart Aff., Exh. B (December 2019 Loan Account Statement.)  Interest, fees and other expenses continue to accrue on this outstanding Loan in accordance with the terms of the Credit Line Agreement.

**B.     UBS Bank USA's First Priority Security Interest and Lien in the Salve Regina Trust's UBS Account No. DK XXX22**

To secure repayment of the Loan, the Salve Regina Trust granted UBS Bank USA a "first priority lien and security interest" in, among other things, all of the assets in any and all brokerage accounts that the Salve Regina Trust maintains at UBS Financial Services Inc., which includes UBS Account No. DK XXX22.  (Stewart Aff., Exh. A (Credit Line Agreement), at ¶8.)  UBS Bank perfected its first priority lien by virtue of its control over the Salve Regina Trust's UBS Account No. DK XXX22, as provided for in the Credit Line Agreement and the Master Account Control Agreement between UBS Bank and UBS Financial Services.  (See Stewart Aff., Exh. A (Credit Line Agreement), at ¶9 and Exh. C (Master Account Control Agreement.))  As of December 31, 2019, the Salve Regina Trust's UBS Account No. DK XXX22 had a fair market value of $2,192,620.07.[1]  (Stewart Aff., Exh. D (December 2019 Statement for Account DK XXX22), at p. 1.)

---

[1] The Salve Regina Trust's UBS Account No. DK XXX22 is invested in, among other things, positions that remain subject to market fluctuation.

{00771367.DOC / 1 }                              - 4 -

Paragraph 10 of the Credit Line Agreement provides that, in the event that, among other things, any portion of a collateral account is "attached" or "the Bank in its sole discretion otherwise deems itself or its security interest in the Collateral insecure or the Bank believes in good faith that the prospect of payment or other performance by any Loan Party is impaired", the entire outstanding Loan balance "will become immediately due and payable (without demand) and the Bank may, in its sole and absolute discretion, liquidate, withdraw or sell all or any part of the Collateral and apply the same, as swell as the proceeds of any liquidation or sale, to any amounts owed to the Bank…" (Stewart Aff., Exh. A (Credit Line Agreement), at ¶10.)

**C.      The Instant Action**

On or about September 12, 2019, the SEC commenced this enforcement action against the Defendants and the Relief Defendants, which includes the Salve Regina Trust. The SEC's Complaint alleges, among other things, that the Defendants have engaged in "a fraudulent, ongoing international trading program that has placed at risk more than $125 million of investors' funds" in violation of various securities laws, and that the Relief Defendants "received illicit proceeds from Defendants' fraud to which they have no legitimate claim." [ECF No. 1.]

**D.      This Court's Temporary Restraining Order**

On or about September 13, 2019, this Court entered an Order Granting Plaintiff's Emergency Motion For An *Ex Parte* Asset Freeze, Temporary Restraining Order, Order to Show Cause, And Other Emergency Relief [ECF No. 10] (the "TRO"). Among other things, the TRO required "any bank, financial or brokerage institution" that is holding funds belonging to the Defendants or Relief Defendants, including the Salve Regina Trust, to "hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or

other assets" pending "the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein." [ECF No. 10.] Further, Schedule A to the TRO specifically identified the Salve Regina Trust's UBS Account No. DK XXX22 as an account that subject to the asset freeze in this matter. [ECF No. 10.]

Pursuant to the TRO, UBS restricted, among other accounts, the Salve Regina Trust's UBS Account No. DK XXX22, pending further Order of this Court.

### E.     This Court's Preliminary Injunction Order

By way of a Stipulation and Order Granting An Asset Freeze, Preliminary Injunction and Other Relief [ECF No. 35] (the "Preliminary Injunction Order"), the SEC, the Defendants and the Relief Defendants, including the Salve Regina Trust, each stipulated and agreed, and the Court ordered, that, pending the trial on the merits or further Order of the Court, "any bank, financial or brokerage institution" that is holding funds belonging to the Defendants or Relief Defendants, including the Salve Regina Trust, shall "hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other asserts, including but not limited to assets held listed in Schedules A and B" to the TRO. The Preliminary Injunction Order also prohibits any "any creditor or claimant against the Defendants or Relief Defendants" from taking "any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing." [ECF No. 35.]

Pursuant to the Preliminary Injunction Order, the Salve Regina Trust's UBS Account No. DK XXX22 remains restricted at UBS pending further Order of this Court.

**F.  The Instant Motion By UBS**

Under applicable law, UBS Bank USA's first priority lien and security interest in the Salve Regina Trust's UBS Account No. DK XXX22 is senior to and has priority over the SEC's claim to such funds. Further, UBS has the clear and express right under the Credit Line Agreement to use its collateral in the Salve Regina Trust's UBS Account No. DK XXX22 to satisfy in full at this time the outstanding Loan that is due and owing to UBS Bank USA.

In light of the foregoing, and to prevent the accrual of additional interest, fees and other expenses (including attorneys' fees) on the Loan in accordance with the terms of the Credit Line Agreement, UBS brings the instant motion for an Order authorizing UBS to use the assets in the Salve Regina Trust's UBS Account No. DK XXX22 to satisfy in full the outstanding Loan at this time. <u>The SEC has advised UBS that it has no objection to this motion</u>.

## LEGAL ARGUMENT

**A.  UBS Bank USA Holds A Valid Security Interest In The Salve Regina Trust's UBS Account No. DK XXX22**

A "security interest" is "an interest in personal property or fixtures which secures payment or performance of an obligation." Col. Rev. Stat. §4-1-201(35). Under the UCC, both in Colorado and Utah (whose law governs the relationship between UBS Bank USA and the Salve Regina Trust under their Credit Line Agreement), a security agreement attaches and is enforceable against the debtor when: (i) value has been given; (ii) the debtor has rights in the collateral; and (iii) either the debtor has signed a security agreement that describes the collateral or, where the collateral includes things like investment property, the debtor has control over the collateral. <u>See</u> Col. Rev. Stat. §4-9-203 and Utah Code 70A-9a-203.

Here, UBS Bank USA acquired a valid and enforceable security interest in the Salve Regina Trust's UBS Account No. DK XXX22 when UBS Bank USA extended a revolving line of credit to the Salve Regina Trust and, in turn, the Salve Regina Trust pledged to UBS Bank USA as collateral <u>all</u> of the assets in its UBS Account No. DK XXX22.  Specifically, Paragraph 8 of the Credit Line Agreement, entitled "Collateral; Grant of Security Interest; Set-off," provides, in relevant part:

> To secure payment or performance of the Credit Line Obligations, [the Salve Regina Trust] and each other Pledgor assigns, transfers and pledges to the Bank, and grants to the Bank a **<u>first priority lien and security interest</u>** in the following assets and rights of [the Salve Regina Trust] and each other Pledgor, whenever located and whether owned now or acquired or arising in the future:
>
> (i) the Collateral Account;
>
> (ii) any and all money, credit balances, certificated and uncertificated securities, security entitlements, commodity contracts, certificates of deposit, instruments, documents, partnership interests, general intangibles, financial assets and other investment property now or in the future credited to or carried, held or maintained in the Collateral Account…[and];
>
> (iv) any and all accounts of [the Salve Regina Trust] and each other Pledgor at the Bank or any of its affiliates.

(Stewart Aff., Exh. A (Credit Line Agreement), at ¶8.) (emphasis added).

The Salve Regina Trust went on to specifically identify its UBS Account No. DK XXX22 as a "Collateral Account" under the Credit Line Agreement.  (Stewart Aff., Exh. A (Credit Line Agreement), at p. 1.)  That is why each monthly statement for the Salve Regina Trust's UBS Account No. DK XXX22 states that the account is a "Pleg'd Coll Accout-FBO UBS Bank USA."  (Stewart Aff., Exh. C (December 2019 Statement for Account DK XXX22), at p. 1.)

By virtue of the foregoing, UBS Bank USA clearly acquired a valid and enforceable security interest in UBS Account No. DK XXX22. See Col. Rev. Stat. §4-9-203.

**B.     UBS Bank USA Perfected Its Security Interest In The Salve Regina Trust's UBS Account No. DK XXX22**

Following the creation of a security interest, "perfection" is the step that makes the security interest effective against third parties. See Corpus Juris Secundum, Secured Transactions, §48 (2008). "The purpose of perfection of a security interest is to secure priority of the holder of a perfected interest against subsequent purchasers and lienholders." Id. Indeed, "when a security interest is perfected, it becomes a 'first lien' on the collateral unless there is already an interest or lien against the property." See American Jurisprudence, 2nd Ed., Secured Transactions, §259 (2008).

When the collateral consists of "investment property," perfection can be accomplished only by the secured creditor's "control" over the collateral. See Col. Rev. Stat. §4-9-314 and Utah Code 70A-9a-314 ("a security interest in investment property, deposit accounts, letter-of-credit rights, or electronic chattel papers, or electronic documents may be perfected by control…"). Such control is established under the UCC where: (i) the secured party is the securities intermediary with whom the investment property is held; or (ii) the investment property account holder, the secured party and the securities intermediary have agreed that the securities intermediary will apply any value as directed by the secured party without further consent of the account holder. See Col. Rev. Stat. §4-9-106 and Utah Code 70A-9a-106.

Here, UBS Bank USA perfected its security interest in the Salve Regina Trust's UBS Account No. DK XXX22 by virtue of its control over it, as provided for in the Credit Line

Agreement and the Master Account Control Agreement between UBS Bank USA and UBS Financial Services Inc.

Paragraph 9 of the Credit Line Agreement, entitled "Control," provides, in relevant part:

> For the purpose of giving the Bank control over the Collateral Account and in order to perfect the Bank's security interest in the Collateral…
>
> (a) The Securities Intermediary[2] will comply with entitlement orders originated by the Bank regarding any Collateral Account without further consent from [the Salve Regina Trust] or any other Pledgor…[and]
>
> (b) The Securities Intermediary may comply with entitlement orders originated by [the Salve Regina Trust]…but only until the time that the Bank notifies the Securities Intermediary that the Bank is asserting exclusive control over the Collateral Account.  After the Securities Intermediary has received a notice of exclusive control and has had a reasonable opportunity to comply with such notice, the Securities Intermediary shall no longer comply with entitlement orders originated by [the Salve Regina Trust] or any other Pledgor…

(Stewart Aff., Exh. A (Credit Line Agreement) at ¶9.)

The Master Account Control Agreement between UBS Bank USA and UBS Financial Services Inc. similarly provides, in relevant part:

> Until such time as UBS Bank USA notifies UBS Financial Services Inc. that UBS Bank USA is thereby asserting exclusive control over an Identified Collateral Account, UBS Financial Services Inc. may comply with entitlement orders originated by Client…with respect to that Identified Collateral Account.  After UBS Financial Services Inc. has received such a notice of exclusive control and has had a reasonable opportunity to comply, it will no longer comply with entitlement orders originated by Client…concerning the Identified Collateral Account.  Notwithstanding the foregoing, however, and

---

[2] The Securities Intermediary referenced in the Credit Line Agreement is UBS Financial Services Inc.

{00771367.DOC / 1 }                               - 10 -

> irrespective or whether it has received an notice of exclusive control, UBS Financial Services Inc. will not comply with any entitlement order originated by Client…to withdraw any financial assets from an Identified Collateral Account…without prior written consent of UBS Bank USA.

(Stewart Aff., Exh. C (Master Account Control Agreement) at p. 2.)

Under the UCC, these contractual control provisions give UBS Bank USA a validly perfected security interest and lien in the Salve Regina Trust's UBS Account No. DK XXX22, which, as set forth more fully below, has priority over and trumps all other claimants. See Col. Rev. Stat. §4-9-106 and Utah Code 70A-9a-106.

**C.  Because UBS Bank USA Holds A Valid And Perfected Security Interest In The Salve Regina Trust's UBS Account No. DK XXX22, UBS Bank USA Has Priority Over All Other Claimants**

"The purpose and effect of perfection under the UCC is to secure the priority of the holder of a perfected security interest in particular collateral." See American Jurisprudence at §259. Accordingly, a creditor with a perfected security interest has priority to the collateral over, among others, all of the debtor's unsecured creditors. See id. at §262. The law on this point is incredibly well settled. See, e.g., Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 473 (1974) ("secured creditors have by law a priority in the hierarchy").

Here, UBS Bank USA's prior, perfected, first priority lien and security interest in the Salve Regina Trust's UBS Account No. DK XXX22 is senior to and has priority over all other claims to such account funds. Further, UBS has the clear and express right under the Credit Line Agreement to use its collateral in the Salve Regina Trust's UBS Account No. DK XXX22 to satisfy in full at this time the outstanding Loan that is due and owing to UBS Bank USA.

In light of the foregoing, and to prevent the accrual of additional interest, fees and other expenses (including attorneys' fees) in accordance with the terms of the parties' Credit Line Agreement, UBS is requesting, without any objection by the SEC, that the Court approve and authorize UBS to satisfy the outstanding Loan that is due and owing to UBS Bank USA out of the assets in UBS Account No. DK XXX22 at this time.[3]

## **CONCLUSION**

For the foregoing reasons, UBS respectfully requests that the Court grant the instant motion and enter an Order authorizing UBS to use assets in the Salve Regina Trust's UBS Account No. DK XXX22 to repay in full at this time the outstanding Loan that is due and owing from the Salve Regina Trust to UBS Bank USA.

---

[3] To date, UBS Bank USA has not charged any default interest on the Loan, as it is expressly entitled to do under the Credit Line Agreement.  Nor is UBS Bank USA seeking at this time reimbursement of its attorneys' fees and costs under the Credit Line Agreement.  However, UBS Bank USA is expressly reserving all of its rights on these issues in the event that the Loan is not repaid in full at this time.

{00771367.DOC / 1 }                                     - 12 -

Dated: January 9, 2020

Respectfully submitted,

/s/ John Chanin
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, Suite 600
Denver, CO 80209
(303) 333-9810 (phone)
(303) 333-9786 (fax)
jchanin@fostergraham.com

Of Counsel:
Julian W. Wells, Esq.
Joshua S. Bratspies, Esq.
Sherman Wells Sylvester & Stamelman LLP
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932
(973) 302-9700 (phone)
(973) 845-2546 (fax)
jwells@shermanwells.com
jbratspies@shermanwells.com
(Seeking Admission *Pro Hac Vice*)

Attorneys for Non-Parties UBS Financial Services Inc. and UBS Bank USA

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th Day of January, 2020, I electronically filed the foregoing **MOTION BY NON-PARTIES UBS FINANCIAL SERVICES INC. AND UBS BANK USA FOR AN ORDER AUTHORIZING THE USE OF FROZEN ACCOUNT ASSETS TO REPAY A SECURED LOAN OWED BY RELIEF DEFENDANT SALVE REGINA TRUST** with the Clerk of the Court using the ECF system, and served via ECF to all counsel of record:

                                                */s/     Lucas Wiggins*
                                                Lucas Wiggins