**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02594-RPM

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC., BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines), BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG, MICHAEL S. STEWART, and BRYANT E. SEWALL,

Defendants,

and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M. STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER, WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989 FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE ISLE MARKETS INC. (Cayman Islands),

Relief Defendants.

---

**MOTION TO PERMIT THE UNFREEZING OF CERTAIN ASSETS
FOR THE PAYMENT OF ATTORNEYS FEES AND EXPENSES OF
THE INDIVIDUAL DEFENDANTS**

---

Drohan Lee LLP
Vivian R. Drohan
680 Fifth Avenue
New York, NY 10019
Telephone: 202-710-0000
E-Mail: vdrohan@dlkny.com

*Attorneys for Defendants Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Young, Michael S. Stewart, and Bryant E. Sewall.*

i

## Table of Contents

**CERTIFICATE OF CONFERRAL** ............................................................................................. 1

**INTRODUCTION AND PROCEDURAL BACKGROUND** ................................................... 1

**LEGAL STANDARDS** ............................................................................................................ 4

**ARGUMENT** ............................................................................................................................ 5

    I. It is requested that this Court Exercise Discretion in Releasing Frozen Assets to Provide for Reasonable Attorney Fees and Defense Costs ................................................................................ 5

    II.  Defendants Should Be Able to Support Their Families and Continue Living Without Government Assistance or Continued Support from Families and Friends. ..................................... 7

**CONCLUSION** ......................................................................................................................... 8

## Table of Authorities

**Cases**

*CFTC v. Gramalegui*, 2016 U.S. Dist. LEXIS 19001 at 5-6 (D. Colo. Feb. 17, 2016) .................. 7

*Connecticut v. Doehr*, 501 U.S. 1, 19, 111 S. Ct. 2105, 2116 (1991) ........................................... 8

*Dowdell*, 175 F. Supp. 2d at 854 (USDC Virginia 2001) ................................................................ 8

*Duclaud Gonzales de Castilla*, 170 F.Supp.2d 427 (SD 2001) ...................................................... 5

*SEC v. Am. Bd. Of Trade, Inc.*, 830 F.2d 431 (2d Cir. 1987) ......................................................... 5

*SEC v. Dowdell*, 175 F. Supp. 2d 850, 855–56 (W.D. Va. 2001) .................................................... 5

*SEC v. Duclaud Gonzales de Castilla*, 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) ....................... 5

*SEC v. Int'l Loan Network, Inc.*, 770 F. Supp. 678, 680 (D.D.C. 1991) ........................................ 5

*SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082 (2d Cir. 1972) .................................................. 5

*SEC v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993) .......................................................................... 5

*SEC v. Unifund SAL*, 917 F.2d 98 (2d Cir. 1990) .......................................................................... 5

**Statutes**

F.R.C.P. 65 ...................................................................................................................................... iv

Defendants Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Young, Michael Stewart and Bryant Sewall (collectively "Defendants"), by and through undersigned counsel, hereby submit this Motion for Order permitting the unfreezing of certain assets for certain living expenses and attorney's fees, and in support thereof, state as follows:

### CERTIFICATE OF CONFERRAL

1. Pursuant to D.C.COLO.LCiv R 7.1, counsel for Defendants and Relief Defendants has conferred with counsel for Plaintiff, the US Securities and Exchange Commission (the "SEC"), who opposes the requested relief.

### INTRODUCTION AND PROCEDURAL BACKGROUND

2. Pursuant to F.R.C.P. 65, defendants move this Court for an order modifying preliminary injunctive relief to release frozen assets. Plaintiff filed this emergency action under seal on September 12, 2019, alleging that Defendants operated a fraudulent currency and precious metals trading program. At the same time, Plaintiff filed an emergency motion for an *ex parte* asset freeze, a temporary restraining order, expedited discovery, and other emergency relief, which this Court granted. On October 23, 2019 the Court "So Ordered" the Stipulation between the parties permitting the asset freeze and agreeing to a preliminary injunction. Dkt #34 and 38.

3. The Individual Defendants, Michael Young ("Young") and Bryant Sewall ("Sewall"), seek modification of injunctive relief freezing assets so that they can (1) living expenses for a

limited period so that each can attempt to locate temporary positions to support their family and (2) either formally retain and/or pay their current criminal counsel, in addition to compensate and retain the undersigned as counsel. The Corporate Defendants seek payment for the continued representation of Drohan Lee.

4. It is clear from the procedural history that Defendants need representation and that the present legal action cannot be legitimately tried or resolved without the assistance of both civil and criminal defense counsel. At this time, the individual defendants are attempting to maintain their families with short term employment positions, they have exhausted their means to timely pay for the legal representation without the unfreezing of certain funds, and Defendants do not have other means to continue to pay for a defense. The allegations herein involve complex law and facts—Defendants do not have the training or expertise to go to trial nor are they even in a position to understand how to resolve this matter short of trial. And, as explained more fully below, to force the individual defendants to litigate *pro se* against the massive litigation machine of the federal government is patently unfair and disregards the presumptions of innocence intrinsic in our judicial system. Without funds to defend themselves, Defendants will be denied due process, including their right to counsel.

5. Michael Young is the father of five and was dependent completely on income received from the corporate defendant Mediatrix. He is in the process of trying to find employment but has depended for the last six months on the generosity of family and friends who have contributed to his living expenses. This cannot continue. In order to keep his family protected during this action, Mr. Young will need a distribution of $13,078. This will allow for support for two months. Attached as Exhibit 1 is Young's monthly budget for living expenses. Mr. Young has not been able to formerly retain Fred Winocur of Ridley McGreey

& Winocur P.C. and needs the release of $75,000 to retain Mr. Winocur.

6. Bryant Sewall is married to a non-US resident whose visa has not yet been granted to live in the United States, and he is the father of a new-born child. He has no way of earning income and was receiving veteran's benefits prior to their being frozen. It is believed that his veteran's benefits should not have been frozen in the first place. USAA is currently holding One Thousand Five Hundred Two Dollars ($1,502.00) in frozen assets. He has requested a release of $14,700.00 plus the release of the aforementioned USAA account. Annexed as Exhibit 2 is Sewall's monthly budget. As with Young, he has had, in the form of support from his family, but this cannot last. This amount requested is minimal. The release will allow for two months of support. In addition, Mr. Sewall will need to maintain his retention of Ken Harmon of Springer & Spielberg. With the help of family Mr. Sewall was able to temporary retain Mr. Harmon with a small retainer but this needs to be replenished at the amount of $75,000.

7. With respect to the undersigned, Drohan Lee was formerly retained at the commencement of this action but has current outstanding invoices in the amount of $39, 553.00. Drohan Lee requests that $70,000 to replenish the original retainer. Currently there is a motion to dismiss pending on behalf of the Defendants which requests in the alternative a stay of this civil action pending completion of the criminal investigation. Defendants have been aware that a criminal investigation is ongoing and has been ongoing since commencement of this action. The Department of Justice has executed search warrants through the Federal Bureau of Investigation and Investors have been contacted. (Annexed as Exhibit 3 is a copy of the letter). In addition, the DOJ has also made motions for the freezing of assets in the Bahamas and Cayman Islands. The Bahamas Order specifically states: "it appearing the evidence

requested, is to be used in the continuing investigations being conducted by the U.S. Attorney's Office for the District of Colorado and the Federal Bureau of Investigation, United States of America." (Annexed as Exhibit 4 are copies of the Orders). As the SEC commenced this civil action prior to any indictments or completion of an investigation, the defendants have been in the precarious position of defending an action that may allow for substantial discovery prior to any indictment. The undersigned has represented all primary defendants; however, each individual defendant has been advised to retain criminal counsel to ensure they are properly protected during this civil action. It is also clear at this point that the criminal investigation continues and intensifies. While Michael Stewart and Bryant Sewall have currently retained criminal counsel, the relevant retainer deposit for Bryant Sewall will be exhausted shortly. Although Michael Young has been provided some limited counsel, he has not yet been able to pay the necessary retainer to formerly retain criminal counsel.

8. With respect to the undersigned, DL is not only representing defendants, but involved in the asset freeze until such time as the motion to dismiss is decided or a stay is decided. This has included holding frozen assets in the amount of $300,986.76 and arranging for homes in Puerto Rico and the Bahamas to be placed for sale. DL has also engaged with criminal counsel in an attempt to ensure that the defendants due process rights are not violated or impinged.

## LEGAL STANDARDS

9. The decision to freeze or unfreeze assets is a discretionary matter. "It is well settled that this Court has authority to freeze personal assets temporarily and the corollary authority to

release frozen personal assets or lower the amount frozen." *SEC v. Duclaud Gonzales de Castilla*, 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) (citing *SEC v. Unifund SAL*, 917 F.2d 98 (2d Cir. 1990); *SEC v. Am. Bd. Of Trade, Inc.*, 830 F.2d 431 (2d Cir. 1987); and *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082 (2d Cir. 1972). While the primary purpose of freezing assets is to facilitate compensation of investors in the event a violation is established at trial, "the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief." *Id*. Here, the considerations weigh in favor of releasing limited assets to provide for living expenses and to pay for a reasonable representation in a complex and complicated case where the assistance of defense counsel is needed.

## ARGUMENT

### I. It is requested that this Court Exercise Discretion in Releasing Frozen Assets to Provide for Reasonable Attorney Fees and Defense Costs

10. There is ample precedent of federal district courts releasing frozen assets for the purpose of paying for attorney fees. *See SEC v. Dowdell*, 175 F. Supp. 2d 850, 855–56 (W.D. Va. 2001); *SEC v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993); In *SEC v. Int'l Loan Network, Inc.*, 770 F. Supp. 678, 680 (D.D.C. 1991), a district court indicated, notwithstanding Ponzi scheme allegations and a prior asset freeze, that it had granted a "modification of the asset freeze to permit defendants to retain counsel on their behalf." See also, *Duclaud Gonzales de Castilla*, 170 F.Supp.2d 427 (SD 2001).

11. What is clear from these cases is that where assets are frozen and means for legal counsel do not exist, federal courts are properly concerned with the fairness of the proceedings.

    Despite the SEC's consistent representations and accusations of malfeasance in this case, there are significant issues regarding jurisdiction and protection of individual rights. This is a complex legal matter, and lawyers are essential to the presentation of issues related to it. A motion to dismiss currently exists as well as a motion to liquidate overseas accounts.

12. It is clear that there is a current criminal investigation over which the individual defendants need to keep constant vigilance. An asset freeze—prior to any adjudication of wrongdoing—implicates the procedural protections mandated by the Due Process Clause of the Fifth Amendment. *See, e.g.*, *Connecticut v. Doehr*, 501 U.S. 11 (1991) at 11–12, (where the Court noted that due process protection is merited when there is deprivation of property and deprivation need not be "complete, physical, or permanent" to merit protection but that "even the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protections."). The reputation and resumes of the defense criminal counsel the individual defendants seek to pay are well established. [1]

13. While true that the SEC has an interest in preserving funds for disgorgement—if fraud or other wrongdoing is proved—and that any funds released to the individual defendants to pay for their defense will diminish available assets, that interest cannot be found to be so compelling that it undermines the fundamental fairness of the proceeding. Due Process is critical here as it should provide a meaningful opportunity to be heard before "grievous loss" is inflicted. There can hardly be a more grievous a loss, at least in a civil case, than that

---

[1] Fred Winocur, Esq. of Ridley, McGreevy & Winocur P.C. can be seen at https://www.ridleylaw.com/fredric-m-winocur-criminal-defense-attorney-denver-co.html
Ken Harmon of Springer & Steinberg can be seen at https://www.springersteinberg.com/firm-overview/attorneys/kenneth-m-harmon/

which the individual defendants are facing. To deprive them of virtually any real opportunity to continue to present a defense and to force them to proceed on such unequal footing with the SEC and possible the DOJ is to deprive them of their opportunity to be heard.

## II. Defendants Should Be Able to Support Their Families and Continue Living Without Government Assistance or Continued Support from Families and Friends.

14. Each of Sewall and Young have families that require some support. As a father of five, Ms. Young has not been a part of the workforce since this action commenced and has been a homemaker. Sewall has a newborn and has not been able to work continuously since the asset freeze. The expenses included in this motion are those needed solely for survival during these times. Defendants have not included expenses which are required for the preservation of assets as Defendants counsel are consulting with the SEC with respect to those particular expenses in an attempt to reach an agreed upon amount.

15. The amounts sought in attorney's fees are reasonable in amount and purpose and allow for an extended period of support for food and basic necessities. Federal Courts will release previously frozen assets after balancing "[t]he defendant's interest in having access to funds needed to pay ordinary and necessary living expenses… against the government's interest in preventing the depletion of potentially forfeitable assets." (citations omitted) *CFTC v. Gramalegui*, 2016 U.S. Dist. LEXIS 19001 at 5-6 (D. Colo. Feb. 17, 2016).

16. When considering a request to release frozen assets, the courts may look at evidence of the defendants' overall assets, and at whether the request by the defendants is for necessary living expenses and not luxuries. "Courts will not approve the release of funds for living expenses that are found to be unnecessary or which, though necessary, are determined to be

excessive. (citations omitted) *Id*. at 6. *See also Duclaud*, 170 F.Supp.2d at 430. Courts have also refused to release assets when defendants have other sources of income. *See Dowdell*, 175 F. Supp. 2d at 854 (DC Virginia 2001).

17. A request to release frozen assets was granted in *Gramalegui*. The Court considered evidence and testimony and stated that an ongoing total freeze of defendant's assets would be disproportionate to the scope of the potential disgorgement. The Court noted that defendants current income would be inadequate to finance expenses such as credit card debt or needed repairs to their home, and further noted that allowing their home to be "repossessed and disposed of at a forced sale may not be the best way to preserve assets." *See Gramalegui*, 2016 U.S. Dist. LEXIS 19001, at 7. The US Supreme Court recognizes that impairments to property rights can have severe consequences "such as the default of a homeowner's mortgage." *Connecticut v. Doehr*, 501 U.S. 1, 19, 111 S. Ct. 2105, 2116 (1991)

18. Here, denying the requested release of funds would ignore the need to protect the value of the underlying assets, the health and safety of the Defendants and their right to counsel.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Defendants' motion to unfreeze limited assets pay attorney fees and allow for personal financial support.

Respectfully submitted this 15th day of April 2020.

/Vivian Rivera Drohan/
Drohan Lee LLP
680 Fifth Avenue
New York, New York 10019
Telephone: (212) 710-0004
Fax: (212) 710-0003
E-Mail:  vdrohan@dlkny.com


/s/ Jeffrey R. Thomas
Jeffrey R. Thomas
Thomas Law LLC
3773 Cherry Creek North Dr, Suite 600
Denver, CO 80209
Telephone: 720-330-2805
E-Mail: jthomas@thomaslawllc.com
*Attorneys for Defendants Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Young, Michael S. Stewart, and Bryant Sewall and Relief Defendants Victoria M. Stewart, Maria C. Young, and Hanna Ohonkova*