IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-02594-RPM-SKC

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC., BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines), BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG, MICHAEL S. STEWART, and BRYANT E. SEWALL,

Defendants,
and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M. STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER, WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989 FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE ISLE MARKETS INC. (Cayman Islands),

Relief Defendants.

**REPLY IN FURTHER SUPPORT OF MOTION BY EQUITI CAPITAL UK LIMITED AND EQUITI ARMENIA CJSC TO EXPEDITE RESOLUTION OF ISSUES RAISED IN ECF 41, 44, 48, 50, 51, 53, 79, 93, AND 96 (WITHOUT CONSENT TO PERSONAL JURISDICTION)**

Non-parties Equiti UK and Equiti AM respectfully submit this reply in further support of their motion for the Court to expedite the resolution of the issues raised by ECF Nos. 41, 44, 48, 50, 51, 53, 79, 93, and 96.[1]  Although the Defendants stated that they would determine their

---

[1]   Capitalized terms not defined herein have the meanings set forth in ECF No. 44. **EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE.  EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**

position after seeing Equiti's motion, they submitted no response, meaning that Defendants do not oppose Equiti's motion. The SEC submitted a partial opposition ("Plaintiff's [sic] United States Securities and Exchange Commission's Response to Equiti Capital UK Limited and Equiti Armenia CJSC's Motion to Expedite Resolution of Issues Raised in ECF 41, 44, 48, 50, 51, 53, 79, 93, and 96" (ECF 127)), which Equiti addresses here.

## ARGUMENT

The SEC does not dispute that Equiti UK procured the lifting of UK regulatory restrictions on undertaking the actions requested herein prior to filing this motion, and thus does not dispute that only this Court's approval is necessary to liquidate Blue Isle's positions. The SEC also does not dispute the volatility estimates submitted by Equiti UK and AM or that Blue Isle's positions are subject to continued downside risk.

Indeed, the SEC's positions with respect to Equiti UK and Equiti AM (which it does not dispute cooperated with it for months prior to the filing of this case and offered, in October 2019, to stipulate to a resolution of the issues before the Court that preserved any rights the SEC might have had *in full*) is inconsistent with the SEC's positions with respect to other assets subject to (and some arguably not subject to) the Freeze Order. Just considering filings made *after* Equiti UK and AM filed this motion and *before* the SEC filed ECF 127, the SEC:

- Jointly moved with Defendants to allow repayment of a mortgage note out of frozen funds at a premium to the amortization schedule in the note to "preserve this valuable asset and to prevent it from accruing additional interest and penalties" (ECF 118 ¶¶ 4-7). The note (ECF 118-1) provided for a total interest payment of $86,980.90. According to the joint filing, $56,061.77 in interest was paid prior to entry of the Freeze Order (ECF 118 ¶ 4, ECF 118-1). The deal agreed to by the SEC allows for the payment

**EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE. EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**

of a total of $115,532.17 in interest and penalties, 33% more than the interest provided for in the note, *out of frozen funds*.

- Did not oppose a motion to (1) sell a house subject to the Freeze Order because, *inter alia*, "there is a possibility of a further economic downturn and considering the effects of the pandemic buyers may become scarce for … luxury homes …" and (2) pay insurance premiums from frozen funds to facilitate that sale process. ECF 119 ¶¶ 5 & 7-9.

- Did not oppose a motion to sell another house subject to the Freeze Order, that one of the defendants paid more than its fair value for, to avoid the possibility that foreclosures would result in the relevant properties being sold for substantially less than the remaining loan amount, in which case "there would be no remaining asset" subject to the Freeze Order. ECF 120 ¶¶ 5-6.

- Made a filing with this Court regarding the direct payment by an insurer for repairs to a boat subject to the Freeze Order (*i.e.,* a payment of funds not subject to the Freeze Order to an entity not subject to the Freeze Order) to "provide comfort to the insurance company … which is understandably cautious in paying out the claim given" the Freeze Order. ECF 124 at 1 & ¶¶ 3-6.

The positions the SEC took in ECF 118, 119, 120, and 124 cannot be reconciled with its treatment of Equiti UK and Equiti AM and Equiti UK and AM's proposal for addressing the liquidation of Blue Isle's positions to maximize the net value of Blue Isle's accounts. Indeed, the SEC has never provided any reasoned explanation for why Equiti UK and AM's desire to avoid regulatory uncertainty in closing out Blue Isle's positions is any different from the concerns of the insurer it acknowledged was "understandably cautious" in ECF 124. Logic requires the conclusion that Equiti UK and AM's concerns are stronger than those of that insurer.

Instead, the SEC uses its response to this motion to rehash old issues and try to raise entirely new ones. Equiti UK and AM stand on their previous responses filed with this Court and will not repeat them here. However, the SEC does try to call into question Equiti's prior demonstration

**EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE. EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**

(ECF 96 at 5-6) that the SEC's arguments about the CBA were hearsay, but does not respond to, contradict, or dispute Equiti UK and AM's arguments at all. Instead, it tries to imply that Equiti UK and AM somehow acted inappropriately in objecting to the SEC's reliance on hearsay (ECF 127 at 4), and then makes the situation worse by re-asserting its prior hearsay statements as fact (thus proving Equiti UK and AM correct) and doubling down with new hearsay assertions (ECF 127 at 5 & n.2). The SEC offers no explanation for this aimless conduct that, as demonstrated above, is directed solely at Equiti UK and AM and is inconsistent with positions the SEC has taken in other contexts. *Accord New York Stock Exchange LL et al. v. SEC*, Nos. 19-1042 *et al.*, Slip Op. at 4 (D.C. Cir. June 16, 2020) (vacating SEC rulemaking that emanated from an "aimless 'one-off' regulation").

The SEC spills a lot of ink in an effort to lay blame for the fluctuations in the values of the Blue Isle positions everywhere except at its own feet (ECF 127 at 4-7), but it cannot avoid the undisputed facts that (a) the SEC has known about and simply refused to engage with Equiti UK and AM about these issues since October 2019 (*e.g*., ECF 44-6) and (b) all issues regarding the relationship between Blue Isle and Equiti UK and AM are governed by contracts with strict UK and Armenian choice of law and choice of venue provisions (*e.g.,* ECF 44-2). The positions at issue were initiated by Blue Isle, not Equiti UK or AM, and the relevant contracts make clear that all risk relating to those positions is Blue Isle's, not Equiti UK or AM's. The SEC has no response to these points other than to try to sling mud.

Moreover, the current record makes the SEC's position here completely untenable: Despite its bluster, it is now clear that the SEC's entire position is based on "the ***apparent*** contractual

**EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE. EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**

dispute between Defendants and Equiti." (ECF 127 at 4, emphasis added). That dooms the SEC's arguments: *First*, *if* there was such a dispute, it would have to be decided in a UK or Armenian court; neither the SEC nor the Defendants have ever disputed that. *Second*, there is no such dispute: The prior filings prove that (*e.g.,* ECF 44 at 6-7), and the Defendants' failure to respond at all to this motion closes the issue. This makes clear that the SEC has never had a legitimate basis for its failure to address this issue as Equiti UK and AM suggested in October 2019.

Finally, the SEC makes a weak and bizarre attempt to assert, for the first time, that Equiti UK and AM are subject to jurisdiction in a US court (ECF 127 at 7-9).[2] *First*, the SEC has never made this argument before and has thus waived it. *Second*, the argument is inconsistent with the SEC's admission that Equiti UK and AM are not subject to US regulatory jurisdiction (ECF 127 at 2). *Third*, the argument ignores this Court's acknowledgement of Equiti UK and AM's special appearance (ECF 79). *Fourth*, it is inconsistent with the Freeze Order itself, which states that any non-party may seek relief from this Court and putting the obligation to address repatriation solely on the Defendants (ECF 38 at 5 (paragraph D) & 10-11).[3]

---

[2]  The fact that Equiti UK and AM filed a "motion" is irrelevant, as they simply sought expedited resolution of issues already pending before the Court.

[3]  The SEC's reliance on *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir.), *cert. denied*, 498 U.S. 926 (1990), *abrogated on other grounds*, *Johnson v. Baylor University*, 214 F.3d 630, 633 (5th Cir. 2000), is inapposite because the entities that specially appeared in that case had no prior connection to it. Here, however, Blue Isle's Equiti UK and AM accounts were named in the Freeze Order, Equiti voluntarily cooperated with the SEC prior to and after the entry of the Freeze Order, Equiti UK and AM only engaged with the SEC in this Court when it became apparent that the SEC was not dealing fairly with Equiti UK and AM, and this Court recognized Equiti UK and AM's special appearance. The SEC's insinuation that Equiti UK does business in the US based on allegations in a lawsuit by a Mediatrix customer in Florida (ECF 127 at 7-8) are

**EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE. EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**

There is no question that Blue Isle's positions should be liquidated as soon as possible. As of the close of business on June 18, 2020, the current values of the positions with Equiti UK are $12.95 million, the current value of the positions with Equiti AM are -$3.24 million, and the current net value is $9.71 million, up from $7.88 million when this motion was filed (ECF 117 at 2-3). In light of the fact that the SEC has now admitted that the only entity with standing to challenge Equiti UK and AM's setoff rights is Blue Isle and Blue Isle has not done so, Equiti UK and AM respectfully suggest that the Court should allow Equiti UK and AM to liquidate Blue Isle's positions as set forth in the accompanying proposed order, following which Equiti UK will hold the net cash pending further direction from this Court.[4]

---

frivolous: Equiti UK has moved to dismiss that lawsuit for, *inter alia*, lack of personal jurisdiction. *See Motes v. Equiti US LLC, and Equiti Capital UK Limited*, No. 20-cv-80599 (S.D. Fla.), ECF No. 22.

[4] Equiti UK and AM did not include a proposed order with ECF 117 because they did not then know what positions (and more importantly concessions) the SEC and Defendants would make in response to ECF 117. Now that those concessions are clear, Equiti UK and AM are including a proposed order that reflects those concessions.

**EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE. EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**

**Conclusion**

For the reasons set forth above as well as in Equiti's prior filings, the Court should enter the attached proposed order regarding the liquidation of the positions in Blue Isle's accounts on an expedited basis.

Respectfully submitted this 19th day of June, 2020.

*/s Douglas W. Henkin*
Douglas W. Henkin
Dentons US LLP
1221 Avenue of the Americas
New York, New York  10020
douglas.henkin@dentons.com
(212) 768-6832

Lisa M. Krigsten
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri  64111
lisa.krigsten@dentons.com
(816) 460-2554

**EQUITI UK AND EQUITI AM ARE NOT MAKING GENERAL APPEARANCES IN THIS COURT FOR ANY PURPOSE AND DO NOT INTEND TO WAIVE THEIR ARGUMENT THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THEM AND THE POWER TO DECIDE ANY DISPUTES RELATING TO OR ARISING FROM AGREEMENTS BETWEEN EQUITI UK, EQUITI AM, AND BLUE ISLE.  EQUITI UK AND EQUITI AM EXPRESSLY RESERVE ALL RIGHTS WITH RESPECT TO THOSE ISSUES.**