# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:19-cv-02594-RM

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MEDIATRIX CAPTIAL INC.,
BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines),
BLUE ISLE MARKETS LTD.,
MICHAEL S. YOUNG,
MICHAEL S. STEWART, and
BRYANT E. SEWALL,

    Defendants,

and

MEDIATRIX CAPITAL FUND LTD.,
ISLAND TECHNOLOGIES LLC,
VICTORIA M. STEWART,
MARIA C. YOUNG,
HANNA OHONKOVA SEWALL,
MICHAEL C. BAKER,
WALTER C. YOUNG, III,
ARUAL LP,
WEST BEACH LLC,
SALVE REGINA TRUST,
TF ALLIANCE, LLC,
CASA CONEJO LLC,
HASE HAUS, LLC,
DCC ISLANDS FOUNDATION,
KEYSTONE BUSINESS TRUST,
WEINZEL, LLC,
THE 1989 FOUNDATION,
MEDIATRIX CAPITAL PR LLC,
MEDIATRIX CAPITAL, LLC, and
BLUE ISLE MARKETS INC. (Cayman Islands),

    Relief Defendants.

# ORDER

This matter is before the Court on Defendants' Unopposed Motion Directing Brokers to Close Positions and Request for Expedited Ruling (ECF No. 41), Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction on the Part of the Securities and Exchange Commission or in the Alternative Motion to Stay Action (ECF Nos. 85, 86), and Defendants' Motion to Permit the Unfreezing of Certain Assets for the Payment of Attorneys Fees and Expenses of the Individual Defendants (ECF No. 111).

In this civil enforcement action, Plaintiff alleges Defendants raised over $125 million by operating a fraudulent investment scheme. In September 2019, the Court issued an Order (ECF No. 10) granting Plaintiff's Emergency Motion for an *Ex Parte* Asset Freeze, Temporary Restraining Order, Order to Show Cause, and Other Emergency Relief (ECF No. 4). Defendants subsequently consented to entry of an order extending the asset freeze until final adjudication of this case on the merits, subject to Defendants' and Relief Defendants' right to move the Court for relief from the asset freeze and Plaintiff's right to oppose any such motion. (ECF No. 38.)

### A.     Motion for Order Directing Brokers to Close Positions

Defendants used investor funds to open trading accounts at nonparty brokerage firms Equiti Capital UK Limited and Equiti Armenia CJSC (collectively, "Equiti") that are among the accounts restrained and frozen by the asset freeze. Because Equiti has refused to liquidate these accounts, Defendants have moved for an order compelling them to do so (ECF No. 41). Plaintiff does not oppose this relief. However, on the same day Defendants filed their motion, Equiti, without conceding that the Court has personal jurisdiction over it, filed a notice informing the Court that it opposes such an order (ECF No. 43).

Equiti argues the accounts at issue "cross-collateralize each other pursuant to Armenian law and an express contractual setoff agreement," and therefore closing the positions "would be contrary to a valid contract and cause Equiti to violate Armenian law." (ECF No. 44 at 2.) Equiti argues that it is obligated to set off the positions that are currently negative with funds from the positions that are currently positive, and it has submitted a proposed order that would preclude any party to this case from challenging its entitlement to this setoff.[1]  However, the Court sees no reason why the positions should not be closed first and Equiti's entitlement to a setoff cannot be litigated further down the road if necessary.  Indeed, Equiti contends that this is not the proper forum to determining the validity or enforceability of its setoff agreement. (*See* ECF No. 44 at 10.)  At this point, the Court finds there is no good reason for putting the cart before the horse.  The primary purpose of freezing assets is to facilitate compensation of defrauded investors in the event Plaintiff establishes a violation of federal securities law. *See SEC v. End of the Rainbow Partners, LLC*, No. 17-cv-02670-MSK-NYW, 2019 WL 8348323, at *4 (D. Colo. Nov. 25, 2019).  Equiti has not shown that the disadvantages and possible deleterious effects of liquidating the accounts and freezing the assets outweigh the need to compensate defrauded investors.  *See id.*

At the Court's direction, Plaintiff and Defendants have filed a joint proposed order directing Equiti to liquidate the open positions, convert the funds to U.S. currency, and preserve the balances of the respective accounts.  (ECF No. 93-2 at 2.)  The Court finds this approach is sensible and enters the joint proposed order concurrently with this Order.

---

[1] Equiti's additional argument that the Court should rule on the pending motion to dismiss before reaching this issue is mooted by the Court's concurrent ruling that it has subject matter jurisdiction.

**B.     Motion to Dismiss**

The Defendants have moved for dismissal of the claims against them due to lack of subject matter jurisdiction or, alternatively, a stay of this action due to a pending criminal investigation into their conduct by the Federal Bureau of Investigations.  (ECF Nos. 85, 86.) Defendants contend that their alleged conduct did not involve the sale of "securities" and therefore does not fall within Plaintiff's jurisdiction.  But where the jurisdictional issue is intertwined with the merits of the case, dismissal for lack of subject matter jurisdiction is not appropriate.  *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  "[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."  *Id.*; *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981).  The Court concludes Defendants' are not entitled to dismissal of the claims against them under either standard.

"Securities" subject to regulation under federal securities law include "investment contracts," which have three requirements: "(1) an investment, (2) in a common enterprise, (3) with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."  *SEC v. Scoville*, 913 F.3d 1204, 1220 (10th Cir. 2019) (quotation omitted). For present purposes, Defendants concede that the first and third requirements are satisfied.  As to the second requirement, Plaintiff alleges that Defendants commingled investor funds and "traded those funds in an undifferentiated fashion."  (ECF No. 1 at ¶ 73.)  The Court finds the allegations are sufficient withstand dismissal for failure to show a common enterprise.  Further, in this circuit, the existence of a "common enterprise" and a "security" depends on "the economic reality of the transaction that occurred."  *McGill v. Am. Land & Exploration Co.*,

776 F.2d 923, 925 (10th Cir. 1985). At this stage of the case, the Court is not required to accept Defendants' characterization of the transactions at issue.

In the alternative, Defendants request that the case be stayed due to the ongoing criminal investigation into the same conduct. But the Court declines to exercise its discretion to stay this matter now. Defendants have not yet been indicted, and it is unclear whether they will be or, if so, when. *See SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc) (stating that the case for a stay is far weaker when no indictment has been returned and no Fifth Amendment privilege is threatened). Defendants have not shown the circumstances of this case warrant a stay in the interests of justice. *See id.* at 1375.

### C.  Motion to Unfreeze Certain Assets

Defendants also request that the Court unfreeze some of Defendants' assets to pay attorney fees and for personal financial support. (ECF No. 111.) The Court declines to exercise its discretion to release frozen assets at this time. *See End of the Rainbow Partners*, 2019 WL 8348323, at *4. Defendants have not identified any assets that have not been obtained through or tainted by the alleged fraud that prompted this action. Nor do they argue that that the frozen assets are sufficient to satisfy any disgorgement remedy in this case. "Where there is no likelihood that surplus will exist from the frozen assets in the event the SEC prevails in the underlying action, courts have considered the investors, on whose behalf the assets were frozen, to have a heightened interest in having those assets maintained without further diminution pending the outcome of the action." *Id.* (quotation omitted). To the extent Defendants' request relies on their need for criminal counsel, it is inadequate. They have also not shown the absence of alternate sources of income, that the amounts they request are reasonable, or meaningfully addressed the other matters noted above. Defendants consented to the asset freeze and have yet

to formally contest the charges against them.  On this bare record, the Court is not persuaded that a release of assets for attorney fees and personal expenditures is warranted.

THEREFORE, the Court

(1) GRANTS Defendants' Unopposed Motion Directing Brokers to Close Positions and Request for Expedited Ruling (ECF No. 41), ENTERS the joint proposed order submitted by the parties (ECF No. 93-2), and DENIES AS MOOT the motion to expedite (ECF No. 117);

(2) DENIES the motion to dismiss for lack of subject matter jurisdiction (ECF Nos. 85, 86); and

(3) DENIES the motion to unfreeze certain assets (ECF No. 111).

DATED this 25th day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge