**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No 19-cv-02594-RPM

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC., BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines), BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG, MICHAEL S. STEWART, and BRYANT E. SEWALL,

Defendants,

and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M. STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER, WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989 FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE ISLE MARKETS INC. (Cayman Islands),

Relief Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Stewart, Bryant E. Sewall, (Collectively the "Defendants"), Victoria Stewart and Hanna Ohonkova Sewall (collectively the "Relief Defendants") hereby answers the Complaint of the Securities and Exchange Commission ("SEC" or the "Commission") as follows and to the extent not expressly admitted, all allegations of the Complaint are denied.

## SUMMARY

First.       Denies the allegations contained in Paragraphs 1 – 9 of the Complaint.

## JURISDICTION

Second.       Denies the allegations contained in Paragraph 10-12 of the Complaint leaving all questions of law to the Court.

## DEFENDANTS

Third.       Denies the allegations contained in Paragraph 13 of the Complaint except admits that Mediatrix Capital Inc. was formed on or about January 8, 2015 as an International Business Company in Belize.  Admits Mediatrix Capital has never been registered as an investment advisor with the SEC.

Fourth.       Denies the allegations contained in Paragraph 14 of the Complaint except admits that Blue Isle was formed in Saint Vincent and the Grenadines as an International Business Company on or about December 2, 2015. Admits no securities issued by Blue Isle., Inc. have ever been the subject of any registration statement filed with the SEC.

Fifth.       Denies the allegations contained in Paragraph 15 of the Complaint except admits that Blue Isle, Ltd. is a New Zealand Limited Company registered with the New Zealand Companies Office. Admits no securities of Blue Isle, Ltd. have ever been the subject of any registration statement filed with the SEC.

Sixth.       Denies having sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

Seventh.       Denies the allegations contained in Paragraph 17 of the Complaint except admits that Stewart currently owns a residence in Scottsdale, Arizona.

Eighth.        Denies the allegations contained in Paragraph 18 of the Complaint except admits that Sewall is originally from Dallas, Texas.

**RELIEF DEFENDANTS**

Ninth.        Denies having sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 19-35 of the Complaint.

Tenth.        Denies the allegations contained in Paragraph 36 of the Complaint except admits that Victoria Stewart is Bryan Stewart's spouse.

Eleventh.        Denies having sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the complaint.

Twelfth.        Denies the allegations contained in Paragraph 38 of the Complaint except admits that Hanna Ohonkova Sewall is Sewall's spouse and she is currently a resident of Kiev.

**FACTS**

I.        **Background**

          **A.  The Individual Defendants Offered and Sold Securities and raised Investor Money through Mediatrix Capital and Blue Isle**

Thirteenth.        Denies the allegations contained in Paragraphs 39-55 of the Complaint.

          **B.  The Flow of Investor Monies**

Fourteenth.        Denies the allegations contained in Paragraphs 56-74 of the Complaint.

          **C.  Performance Fees, Commissions, and Management Fees.**

Fifteenth.        Denies the allegations contained in Paragraphs 75-81 of the Complaint.

          **D.  Defendants' Trading was Unprofitable**

Sixteenth.        Denies the allegations contained in Paragraphs 82-89 of the Complaint.

          **E.  Defendants' Misappropriated Investor Monies**

Seventeenth.        Denies the allegations contained in Paragraphs 90-94 of the Complaint.

II.    **Defendants Made Material Misrepresentations and Omissions in Connection with the MAFEF and Fund Offerings.**

Eighteenth.        Denies the allegations contained in Paragraph 95 of the Complaint.

A.  **Defendants Made False and Misleading Statements About Trading Profits**

Nineteenth.        Denies the allegations contained in Paragraphs 96-101 of the Complaint.

B.  **Defendants Made False and Misleading Statements About Assets Under Management**

Twentieth.        Denies the allegations contained in Paragraphs 102-108 of the Complaint.

C.  **Defendants Made False and Misleading Statements About Mediatrix Capital's Length of Trading History.**

Twenty – First.   Denies the allegations contained in Paragraphs 109-114 of the Complaint.

D.  **Defendants Made False and Misleading Statements About the Use of Investor Monies**

Twenty – Second. Denies the allegations contained in Paragraphs 115-133 of the Complaint.

E.  **Defendants Made False and Misleading Statements Regarding the Relationship between Mediatrix Capital and Blue Isle**

Twenty – Second. Denies the allegations contained in Paragraphs 134-141 of the Complaint.

F.  **Defendants Made Other False and Misleading Statements and Omissions in Effectuating their Fraud**

Twenty – Third.     Denies the allegations contained in Paragraphs 142-155 of the Complaint.

### III.   Defendants Engaged in Other Fraudulent Conduct

Twenty – Fourth.    Denies the allegations contained in Paragraphs 156-157 of the Complaint.

### IV.   Mediatrix and the Individual Defendants Violated Their Fiduciary Obligations as Investment Advisors

Twenty – Fifth.     Denies the allegations contained in Paragraphs 158-163 of the Complaint.

### V.   In the Alternative, Young, Stewart and Sewall aided and abetted Mediatrix Capital's Violations of Sections 206(1), 206(2) and 206(4) of the Advisors Act and Tule 206-4(8) thereunder.

Twenty-Fifth.     Denies the allegations contained in Paragraph 164 of the Complaint.

### VI.   The MAFEF and Fund Investments into the Blue Isle Brokerage Accounts are Securities

Twenty – Sixth.     Denies the allegations contained in Paragraphs 165-170 of the Complaint.

### VII.   Defendants Conducted Unregistered Securities Transactions

Twenty-Sixth. Denies the allegations contained in Paragraphs 171-175 of the Complaint.

### VIII.   Relief Defendants Received Proceeds from Defendants' Fraud to Which They Have No Legitimate Claim

Twenty – Seventh. Denies the allegations contained in Paragraph 176 of the Complaint.

## FIRST CLAIM FOR RELIEF

Twenty – Eighth. Repeat, realleges and reiterates each and every Answer as if more fully set forth herein. Denies the allegations contained in Paragraph 178-179 of the Complaint.

## SECOND CLAIM FOR RELIEF

Twenty - Ninth.  Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Thirtieth.        Denies the allegations contained in Paragraphs 181-182 of the Complaint.

## THIRD CLAIM FOR RELIEF

Thirty - First.   Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Thirty - Second. Denies the allegations contained in Paragraphs 184-185 of the Complaint.

## FOURTH CLAIM FOR RELIEF

Thirty - Third.   Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Thirty - Fourth. Denies the allegations contained in Paragraphs 187-188 of the Complaint.

## FIFTH CLAIM FOR RELIEF

Thirty – Fifth.   Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Thirty - Sixth.  Denies the allegations contained in Paragraphs 190-191 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

Thirty-Seventh. Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Thirty – Eighth. Denies the allegations contained in Paragraphs 193-194 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

Thirty-Ninth.    Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Fortieth.           Denies the allegations contained in Paragraphs 196-197 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**

Forty – First.     Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Forty – Second. Denies the allegations contained in Paragraphs 199-200 of the Complaint.

**NINTH CLAIM FOR RELIEF**

Forty – Third.   Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Forty – Fourth. Denies the allegations contained in Paragraphs 202-203 of the Complaint.

**TENTH CLAIM FOR RELIEF**

Forty-Fifth.      Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Forty-Sixth.     Denies the allegations contained in Paragraphs 205-206 of the Complaint.

### ELEVENTH CLAIM FOR RELIEF

Forty-Seventh.   Repeat, realleges and reiterates each and every Answer as if more fully set forth herein.

Forty – Eighth.  Denies the allegations contained in Paragraphs 208-209 of the

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof for such defenses that it would not otherwise have, Defendants, Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Stewart, Bryant E. Sewall, (Collectively the "Defendants"), Victoria Stewart and Hanna Ohonkova Sewall, assert the following affirmative defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction in this action. Defendants' activities neither constituted nor involved the offer or sale of "securities" nor "advice related to 'securities'" as defined in the federal statutes cited in the Complaint and upon which Plaintiff attempts to base subject matter jurisdiction.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with all applicable U.S. law or regulation.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Defendants neither knew nor acted in reckless disregard of whether their conduct was prohibited by U.S. law or regulation.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff may seek punitive damages, restitution and/or disgorgement, Plaintiff's recovery is limited by relevant case law, regulation and statute.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Defendants are not properly subject to punitive damages, restitution and/or disgorgement as Defendants did not act or fail to act in a manner sufficient to give rise to punitive damages, restitution and/or disgorgement liability.

**AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks damages not recoverable under relevant federal law, Plaintiff is barred from such recovery.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, and/or laches.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

All complained of alleged actions taken by Defendants were supported by legitimate business reasons, and/or were cured by disclosures subsequent to the complained of alleged representations and prior to the time of the complained of alleged actions.

**FURTHER AFFIRMATIVE DEFENSES**

Defendants reserve the right to assert further affirmative defenses as they become

evident through discovery and/or investigation.

## DEMAND FOR JURY TRIAL

Defendants, and each of them, requests a trial by jury for all issues so triable.


Dated: September 15, 2020
      New York, NY

/s/ Vivian R. Drohan
Drohan Lee LLP
680 Fifth Avenue
New York, New York 10019
Telephone:  212-710-0004
Fax:  212-710-0003
Email:  vdrohan@dlkny.com

Jeffrey R. Thomas
Thomas Law LLC
3773 Cherry Creek North Dr, Suite 600
Denver, CO 80209
Telephone: 720-330-2805
E-Mail: jthomas@thomaslawllc.com
*Attorneys for Defendants Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Stewart, and Bryant Sewall and Relief Defendants Victoria M. Stewart, , and Hanna Ohonkova*