**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02594-RPM

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC., BLUE ISLE MARKETS INC. (St. Vincent & the Grenadines), BLUE ISLE MARKETS LTD., MICHAEL S. YOUNG, MICHAEL S. STEWART, and BRYANT E. SEWALL,

Defendants,

and

MEDIATRIX CAPITAL FUND LTD., ISLAND TECHNOLOGIES LLC, VICTORIA M. STEWART, MARIA C. YOUNG, HANNA OHONKOVA SEWALL, MICHAEL C. BAKER, WALTER C. YOUNG III, ARUAL LP, WEST BEACH LLC, SALVE REGINA TRUST, TF ALLIANCE, LLC, CASA CONEJO LLC, HASE HAUS, LLC, DCC ISLANDS FOUNDATION, KEYSTONE BUSINESS TRUST, WEINZEL, LLC, THE 1989 FOUNDATION, MEDIATRIX CAPITAL PR LLC, MEDIATRIX CAPITAL, LLC, and BLUE ISLE MARKETS INC. (Cayman Islands),

Relief Defendants.

**JOINT RENEWED MOTION TO PERMIT THE UNFREEZING OF CERTAIN ASSETS FOR LIVING EXPENSES AND THE PAYMENT OF ATTORNEYS FEES AND MOTION FOR TEMPORARY STAY OF DISCOVERY PENDING THE RESOLUTION OF THIS MOTION**

Drohan Lee LLP
Vivian R. Drohan
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: 202-710-0004
E-Mail: vdrohan@dlkny.com

*Attorneys for Bryant E. Sewall and Hanna Ohonkova Sewall*

## TABLE OF CONTENTS

**CERTIFICATE OF CONFERRAL** ................................................................................................ 1
**INTRODUCTION AND PROCEDURAL BACKGROUND** ...................................................... 1
**LEGAL STANDARDS** ................................................................................................................ 5
**ARGUMENT** ................................................................................................................................ 5
**CONCLUSION** ............................................................................................................................ 8

## Table of Authorities

**Cases**

*CFTC v. Gramalegui*, 2016 U.S. Dist. LEXIS 19001 at 5-6 (D. Colo. Feb. 17, 2016).................. 6

*Dowdell*, 175 F. Supp. 2d at 854 (USDC Virginia 2001).................................................................. 6

*Duclaud Gonzales de Castilla*, 170 F.Supp.2d 427 (SD 2001) ........................................................ 7

*Gramalegui*, 2016 U.S. Dist. LEXIS 19001 at 5-6 (D. Colo. Feb. 17, 2016)................................. 6

*SEC v. Am. Bd. Of Trade, Inc*., 830 F.2d 431 (2d Cir. 1987) ........................................................... 5

*SEC v. Dowdell*, 175 F. Supp. 2d 850, 855–56 (W.D. Va. 2001)....................................................... 7

*SEC v. Duclaud Gonzales de Castilla*, 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001)........................ 5

*SEC v. Int'l Loan Network, Inc.*, 770 F. Supp. 678, 680 (D.D.C. 1991) ......................................... 7

*SEC v. Manor Nursing Ctrs., Inc*., 458 F.2d 1082 (2d Cir. 1972).................................................... 5

*SEC v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993).............................................................................. 7

*SEC v. Unifund SAL*, 917 F.2d 98 (2d Cir. 1990)............................................................................. 5

*United States v. Jones*, 160 F.3d 641 (10th Cir. 1998) ...................................................................... 6

*United States v. Kahn*, 890 F.3d 937, 940 (10th Cir. 2018).............................................................. 6

**Statutes**

F.R.C.P. 65........................................................................................................................................ iv

Defendant Bryant Sewall ("Sewall" or "Defendant"), by and through undersigned counsel, hereby submit this Renewed Motion for Order permitting the unfreezing of certain assets. Relief Defendant Hanna Ohonkova Sewall joins in this motion in so far as the assets stated below may be jointly owned. In support thereof, the following is stated:

## CERTIFICATE OF CONFERRAL

1. Pursuant to D.C.COLO.LCiv R 7.1, counsel for Defendant Sewall has conferred with counsel for Plaintiff, the US Securities and Exchange Commission (the "SEC") and Brick Kane from Robert Evans & Associates (the Receiver"), who are expected to oppose the requested relief.

## INTRODUCTION AND PROCEDURAL BACKGROUND

2. Pursuant to F.R.C.P. 65, Sewall moves this Court for an order modifying the Preliminary Injunctive Order to release certain frozen assets. Plaintiff filed this emergency action under seal on September 12, 2019, alleging that Defendants operated a fraudulent currency and precious metals trading program. At the same time, Plaintiff filed an emergency motion for an *ex parte* asset freeze, a temporary restraining order, expedited discovery, and other emergency relief, which this Court granted. On October 23, 2019 the Court "So Ordered" the Stipulation between the parties permitting the asset freeze and agreeing to a preliminary injunction (the "Asset Freeze") [Dkt #34 and 38]. On September 11, 2020, the Court issued an Order appointing a receiver [Dkt 153].

3. Defendant contends that his ownership of certain of the frozen assets predates his involvement as a beneficial owner of any of the entity defendants (the "Entity Defendants") and seeks to release those assets from the Asset Freeze. Additionally, it has become clear that Mr. Sewall is a target of a parallel criminal investigation being conducted by the Federal Bureau of Investigation, under the supervision of federal prosecutors at the U.S. Attorney's Office for the District of Colorado, and that these prosecutors seek to secure an indictment imminently: In

particular, Sewall, through his criminal defense counsel, Kenneth M. Harmon of Springer & Steinberg, initiated a dialogue with the Assistant U.S. Attorney assigned to the investigation, who confirmed that Sewall is indeed considered a target of the investigation, within the definition and meaning of the U.S. Department of Justice regulations,[1] and that she intended to seek an indictment of Sewall for the same subject matters and conduct at issue in the instant case. At the time of this dialogue, the prosecutor indicted that a proposed indictment would be drafted imminently and would be presented in short order.[2] Therefore, Sewall's concern about needing to defend against a parallel federal criminal prosecution is far from conjectural and his need to continue the engagement of criminal defense counsel familiar with this matter is critical for a proper and effective defense of the forthcoming prosecution. That the government's interest in pursuing this matter criminally is more than theoretical at this point is further underscored, moreover, by its initiation of a criminal prosecution against one of Sewall's co-defendant's in the instant case, Michael S. Young ("Young"). As noted in his recent similar motion to modify the restraining order here to unfreeze his assets, on or about October 29, 2020, Young appeared before this Court to waive indictment and to agree to prosecution by way of information on a single felony count of making a false statement during the SEC's pre-suit investigation of this case (See Case No. 20-cr-349, Docket Entries).[3] With respect to this civil enforcement action, complex security issues are present, discovery will be aggressively sought and similar to the statement in Young's renewed

---

[1] Citation to USAM re definition of "target"
[2] This dialogue took place over the course of August and September 2020, and, though, as far as Sewall and counsel know, an indictment has yet to issue, there has been no suggestion to date that the federal criminal authorities have abandoned their interest in prosecuting this matter or their focus on Sewall as a target of the federal criminal prosecution. Rather, it appears likely that any delays in the presentation and isssuane of an indictment to date relate to difficulties in convening a federal grand jury to consider such a presentation in light of the COVID19 Pandemic and health and safety issues relating to conducting such proceedings during the pandemic. See U.S. Dist. Ct., Dist. Of Colorado, General Order ___ (directing that use of federal grand juries be suspended through ___ ).
[3] Michael S. Young is no longer defended by Drohan Lee LLP.

motion to unfreeze, a motion for summary judgment will also be made on behalf of Sewall involving core legal issues.

4. In April, 2020, Sewall and Young made a motion to unfreeze certain assets [Dkt. 111]. This motion was denied by Order of this Court dated June 25, 2020 [Dkt. 133] on the basis that Defendants had not demonstrated that certain assets were obtained outside the alleged fraud or were untainted. In addition, there was no proof that funds could not be obtained through alternate means. The motion that is being currently made on behalf of Sewall is based on substantially changed circumstances, to wit, proof that certain frozen assets are in fact untainted and that without release of certain funds, Sewall will be materially harmed in his defense and will likely be a public charge when he returns to the United States.

5. Mediatrix Capital Fund Ltd. ("Mediatrix") was formed on September 14, 2016. Blue Isle Markets Limited ("Blue Isle Markets") was incorporated in New Zealand on September 11, 2017 as AMG Consultancy Limited. Its name was changed to Blue Isle Markets Limited on December 6, 2018. Blue Isle Markets Inc. was incorporated on December 5, 2015. Sewall was not an original beneficial or direct owner of any of the corporate defendants until sometime in mid-2016. Attached as Exhibit A are copies of corporate documents.

6. In January 2016, Sewall had a total balance of $30,670 in his bank accounts: $11,433 at a USAA bank account and $19,237 at Service CU. No portion of these funds was derived from any of the Entity Defendants. At around this time Sewall owned home furniture which were purchased primarily in February through April of 2016, before any amounts were received from the Entity Defendants. Attached as Exhibit B and C are copies of various bank statements dated from early 2016. Attached as Exhibit D is a furniture inventory list.

7. The following list sets forth assets that were acquired in 2016 without any contribution from funds received from the Entity Defendants:

- August 2016: 2014 Dodge Ram, $23,650, 100% financed, monthly payments of $400.53 per month, current value approximately $15,000.

- August 2016: 2012 Jeep, $30,900, 100% financed, monthly payments of $612.89, current value approximately $12,000.

- September 2016: 2012 jet boat, $13,500, current value approximately $10,000.

8. In 2017, Sewall had $46,349 of deposits that were not funds received from the Entity Defendants. The funds were in part from the sale of a 2010 Camaro for $18,000 and 2008 Suzuki for $8,300. Attached as Exhibit E are bank statements relating to the sale and purchase of these vehicles. Finally, it is our contention that his veteran's benefits should not have been frozen in the first place. USAA is currently holding $1,502.00 in frozen assets. These were received as part of his monthly benefits. Attached as Exhibit F is a copy of the USAA account.

9. Sewall had approximately $118,807 in total assets whether in cash or property prior to mid-2016. Currently, Sewall is married to a non-US resident whose visa to live in the United States has not yet been granted, and he is the father of a 10-month old daughter. He has no way of earning income and was receiving veteran's disability benefits prior to the Asset Freeze. It is requested that Sewall be permitted to unfreeze $60,000 in cash and permitted to retain the furniture he purchased prior to mid-2016.

10. Unfreezing the above amount would allow Sewall to support his family and allow for payment of counsel of his choice to defend against this complex securities action, as well as what is now an imminent criminal indictment. In total, Sewall seeks the release of a total of $260,000 to include payment for attorneys' fees. That includes Drohan Lee LLP, as well as Mr. Harmon and

his firm. With respect to legal fees, Mr. Harmon is currently billing Sewall at a discounted rate of $350.00. Drohan Lee is also billing Sewall at a discounted rate of $350.00. As the declaration of Sewall demonstrates, he has denied all allegations and intends to defend any criminal action. The amount of $175,000 sought in attorneys' fees are reasonable. Mr. Harmon will have to defend a criminal action from start to finish and will require a retainer of over $100,000, and Drohan Lee already has outstanding amounts owed by Sewall of over $30,000. Discovery has not yet begun but is being aggressively sought for by Plaintiffs and the expected summary judgment motion by both Plaintiff and Defendant Sewall will likely take over fifty hours of attorney time.

## LEGAL STANDARDS

11. The decision to freeze or unfreeze assets is a discretionary matter left up to the court. ("It is well settled that this Court has authority to freeze personal assets temporarily and the corollary authority to release frozen personal assets or lower the amount frozen." *SEC v. Duclaud Gonzales de Castilla*, 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) (citing *SEC v. Unifund SAL*, 917 F.2d 98 (2d Cir. 1990); *SEC v. Am. Bd. Of Trade, Inc*., 830 F.2d 431 (2d Cir. 1987); and *SEC v. Manor Nursing Ctrs., Inc*., 458 F.2d 1082 (2d Cir. 1972)). While the primary purpose of freezing assets is to facilitate compensation of investors in the event a violation is established at trial, "the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief." *Id*. Here, the considerations weigh in favor of releasing limited assets to provide for living expenses and to pay for competent legal representation in a complex and complicated case where the assistance of defense counsel is necessary.

## ARGUMENT

12. Federal Courts will release previously frozen assets after balancing "[t]he defendant's interest in having access to funds needed to pay ordinary and necessary living expenses… against

5

the government's interest in preventing the depletion of potentially forfeitable assets." (citations omitted) *CFTC v. Gramalegui*, 2016 U.S. Dist. LEXIS 19001 at 5-6 (D. Colo. Feb. 17, 2016).

13.     Sewall is seeking monies for basic living expenses in support of his family. He has denied all allegations and intends to defend the criminal action. He should not be forced to defend himself pro se or be forced to depend solely on a public defender, for what is clearly complex litigation, when he returns to the United States. As the Court noted in *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998), "to improperly impede this interest would likely work a permanent deprivation on a defendant-a defendant 'needs the attorney now if the attorney is to do him any good." (citations omitted) 160 F.3d at 647 (10th Cir. 1998). In *United States v. Kahn*, 890 F.3d 937, 940 (10th Cir. 2018), the Court noted that "a restraining order issued under section 853(e)(1)(A) deprives one of property even though the assets named in the indictment are only frozen and may eventually be returned." 890 F.3d at 940 (10th Cir. 2018) (citing *Jones*, 160 F.3d at 645). Such is the case here with the SEC restraining order issued. The Court in *Kahn* additionally noted "a restraining order that prevents a defendant from supporting herself and her family pending and during trial would likely work an injustice with constitutional implications." *Id.*

14.     When considering a request to release frozen assets, the courts may look at evidence of a defendant's overall assets, and at whether the request by a defendant is for necessary living expenses and not luxuries. ("Courts will not approve the release of funds for living expenses that are found to be unnecessary or which, though necessary, are determined to be excessive." (citations omitted) *Id*. at 6). *See also Duclaud*, 170 F.Supp.2d at 430. Courts have also refused to release assets when defendants have other sources of income. *See Dowdell*, 175 F. Supp. 2d at 854 (DC Virginia 2001). The US Supreme Court recognizes that impairments to property rights can have

6

severe consequences "such as the default of a homeowner's mortgage." *Connecticut v. Doehr*, 501 U.S. 1, 19, 111 S. Ct. 2105, 2116 (1991).

15. In addition, there is ample precedent of federal district courts releasing frozen assets for the purpose of paying for attorneys' fees. *See SEC v. Dowdell*, 175 F. Supp. 2d 850, 855–56 (W.D. Va. 2001); *SEC v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993). In *SEC v. Int'l Loan Network, Inc.*, 770 F. Supp. 678, 680 (D.D.C. 1991), a district court, against the background of an alleged Ponzi scheme and a prior asset freeze, granted a "modification of the asset freeze to permit defendants to retain counsel on their behalf." See also, *Duclaud Gonzales de Castilla*, 170 F.Supp.2d 427 (SD 2001). The reputation and resumes of the defense criminal counsel the individual defendants seek to pay are well established.[4]

16. Due Process is critical here as it should provide a meaningful opportunity to be heard before "grievous loss" is inflicted. There can hardly be more grievous a loss, at least in a civil case, than that which the individual defendants are facing. To deprive them of virtually any real opportunity to continue to present a defense and to force them to proceed on such unequal footing with the SEC, and possibly the DOJ, is to deprive them of their opportunity to be heard. *See Jones*, 160 F.3d at 641. Citing *Jones* again, the Court in *Kahn* stated "…the defendant had an essential interest in the Sixth Amendment's 'qualified right to counsel of choice.'" 890 F.3d at 941 (citing *Jones*, 160 F.3d at 647. The right to counsel of choice "stems from a defendant's right to decide what kind of defense he wishes to present, for the selection of one attorney over another can profoundly affect the course and outcome of trial." *Id.* (citation and internal quotation marks omitted).

---

[4] Ken Harmon of Springer & Steinberg can be seen at https://www.springersteinberg.com/firm-overview/attorneys/kenneth-m-harmon/

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Defendant's motion to unfreeze limited assets in the amount of $260,000 to pay attorney fees and allow for personal financial support, in addition to such further and other relief granted by this Court.

Respectfully submitted this 16th day of November 2020.

/s/ Vivian Rivera Drohan
Drohan Lee LLP
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (212) 710-0004
Fax: (212) 710-0003
E-Mail: vdrohan@dlkny.com

/s/ Jeffrey R. Thomas
Jeffrey R. Thomas
Thomas Law LLC
3773 Cherry Creek North Dr, Suite 600
Denver, CO 80209
Telephone: 720-330-2805
E-Mail: jthomas@thomaslawllc.com

*Attorneys for Defendants Mediatrix Capital Inc., Blue Isle Markets Inc. (St. Vincent & the Grenadines), Blue Isle Markets Ltd., Michael S. Stewart, and Bryant Sewall and Relief Defendants Victoria M. Stewart, and Hanna Ohonkova Sewall*