**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02594-RM-SKC

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MEDIATRIX CAPITAL INC., et al.,

    Defendants,

and

MEDIATRIX CAPITAL FUND LTD., et al.,

    Relief Defendants.

---

**ORDER**

---

    This matter is before the Court on three separate motions for limited relief from the asset freeze the Court initially imposed on September 13, 2019. (ECF Nos. 185, 187, 192.) Each individual Defendant in this case is joined by his Relief Defendant wife. The Youngs request $60,000 to retain and pay counsel as well as a hearing. The Sewalls and Stewarts request $260,000 and $500,000, respectively, for counsel and living expenses as well as a temporary stay. Both Plaintiff and the Receiver appointed in this matter have responded to the motions (ECF Nos. 190, 193, 197, 199, 203, 205), and replies for each motion have been filed. (ECF Nos. 206, 207, 209.) In addition, Plaintiff has filed a motion to file a sur-reply in response to the Youngs' reply (ECF No. 208), and the Youngs have responded to that motion (ECF No. 212). The Court grants Plaintiff's motion and denies the other motions for the reasons below.

**I.     LEGAL STANDARD**

The primary purpose of freezing assets is to facilitate compensation of defrauded investors in the event Plaintiff establishes a violation of federal securities law. *SEC v. End of the Rainbow Partners*, LLC, No. 17-cv-02670-MSK-NYW, 2019 WL 8348323, *4 (D. Colo. Nov. 25, 2019). Parties seeking to carve out assets from an asset freeze must establish that the funds they seek to release are untainted and that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at trial. *Id.* Investors on whose behalf the assets were frozen have a heightened interest in having those assets maintained where there is no likelihood that a surplus will exist in the event Plaintiff prevails. *Id.*

**II.    BACKGROUND**

In this civil enforcement action, Plaintiff alleges Defendants raised over $125 million by operating a fraudulent investment scheme. In September 2019, the Court issued an Order granting Plaintiff's Emergency Motion for an Ex Parte Asset Freeze, Temporary Restraining Order, Order to Show Cause, and Other Emergency Relief. (ECF No. 10.) Defendants subsequently consented to entry of an Order extending the asset freeze until final adjudication of this case on the merits, subject to Defendants' and Relief Defendants' right to move the Court for relief from the asset freeze and Plaintiff's right to oppose any such motion. (ECF No. 38.) The Receiver appointed in this case has declared that the value of the assets in his possession and control is about $22 million. (ECF No. 196 at ¶ 4.) This amount is less than one tenth of the $251 million in assets subject to the Court's Order, and significantly less than the more than $90 million potential disgorgement for which Plaintiff estimates Defendants may be held liable. (*See* ECF No. 208-1 at 6.)

### III.     ANALYSIS

None of the motions for relief refutes Plaintiff's contention that the assets currently available will be insufficient to compensate the defrauded investors in this case.  Defendants' motions are subject to denial on that basis alone.  Moreover, none of these motions shows that the funds requested are untainted by the alleged underlying fraud.  This, too, is an independent basis for denying the motions.  The fact that Defendants owned some assets before their alleged fraudulent activity does not mean they are entitled to deduct the value of those assets from the currently frozen assets which Defendants have not shown to be untainted.  In addition, the Court finds the following factors weigh against granting the relief requested.

The Youngs contend that Defendant Young was not aware of the fraudulent conduct of his former business partners, but he does not deny that such fraud occurred.  Again, protecting the victims of that fraud is the primary purpose of the asset freeze.  The Youngs' motion also recycles the argument that the trades at issue did not qualify as securities.  Although the Court does not reach the merits of Plaintiff's case at this stage, the Court is not required to accept as true Defendant Young's contention that he has strong factual and legal defenses.  Further, the motion does not specify what jewelry and furniture assets the Youngs have or explain why they should receive more than double the estimated value of those assets to pay for counsel.  Nor do the Youngs explain what additional evidence they would present at a hearing, so their request for one is denied.  Although the Youngs oppose Plaintiff's motion for leave to file a sur-reply (ECF No. 212), the Court finds that denying such leave would not affect the outcomes of this Order.

The Sewalls' motion describes various assets, including bank accounts, vehicles, and a jet boat, that the Sewalls acquired before Defendant Sewall became involved with the entity Defendants in mid-2016.  But the fact that such assets were previously acquired does not

establish the Sewalls' entitlement to $260,000 for attorney fees.  Nor does the motion explain what "basic living expenses" the Sewalls are unable to meet under their current circumstances. (ECF No. 187 at 6.)  To the extent the Sewalls request a stay of discovery in this case, they offer no meaningful grounds to support granting such a request.

The Stewarts' motion raises arguments about previously acquired assets that are substantially similar to the Sewalls' arguments, and the Court equally rejects them.  The Stewarts also argue that despite the notice of violation against Defendant Stewart, "the factual specifics support no intent to willfully evade the asset freeze or in reality any proof that the asset freeze applies to the transfer."  (ECF No. 192 at 3.)  But the Court finds it unnecessary to wade into the merits of the alleged violation at this stage.  The fact that Defendant Stewart has filed for disability benefits does not move the needle in his favor.  To the extent the Stewarts seek a stay of discovery, which has not yet begun, that request is denied as well.

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion to file a sur-reply (ECF No. 208) and DENIES WITHOUT PREJUDICE the other three motions at issue (ECF Nos. 185, 187, 192).

DATED this 25th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge