IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02594-RM-SKC

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff,

v.

MEDIATRIX CAPITAL INC., et al.,

 Defendants,

and

MEDIATRIX CAPITAL FUND LTD., et al.,

 Relief Defendants.

---

**ORDER GRANTING UNOPPOSED MOTION FOR ORDER APPROVING
AND CONFIRMING SALE OF REAL PROPERTIES COMMONLY KNOWN AS:
(1) 7349 E. CASITAS DEL RIO DRIVE, SCOTTSDALE, ARIZONA; AND
(2) 8221 E. SHERIDAN ST., SCOTTSDALE, ARIZONA**

---

 The Court, having read and considered the Unopposed Motion for Order Approving and Confirming Sale of Real Properties Commonly Known as: (1) 7349 E. Casitas Del Rio Drive, Scottsdale, Arizona; and (2) 8221 E. Sheridan St., Scottsdale, Arizona ("Motion") brought by Receiver, Brick Kane of Robb Evans & Associates LLC ("Receiver") and all pleadings and evidence filed in support thereof, there being no opposition to the Motion by any party, the Court finding that these are arm's length transactions and the purchase prices are fair and reasonable, and good cause appearing therefore, it is

 **ORDERED** that

  1. The Motion and all relief sought therein is granted in its entirety.

2.  The Receiver is authorized to sell the real property commonly known as 7439 E. Casitas Del Rio Drive, Scottsdale, Arizona ("Casitas Property"), Assessor's Parcel Id: 212-03-697, and legally described as:

> Lot 89, Silverstone Parcel F, according to Book 1314 of Maps,
>
> Page 14, records of Maricopa County, Arizona

and discharge the proceeds in accordance with applicable law and the orders of this Court, including without limitation this Order.  The sale of the Casitas Property is hereby confirmed under Title 28 U.S.C. §2001(b).

3.  The Receiver is authorized to complete the sale on an "as is" basis, as more fully described in the sale contract documents, by private sale to William P. Korbin Trustee of the Korbin Living Trust and Gayle S. Korbin Trustee of the Korbin Living Trust (collectively, "Casitas Buyer"), an arm's length buyer, at a purchase price of $540,000, pursuant to the Residential Resale Real Estate Purchase Contract, Counter Offer One, Seller's Addenda, Addendum No. 1a, Additional Terms, "AS-IS" Purchase, Counter Offer 2, and Addendum 3, (collectively, the "Casitas Sale Contract"), collectively attached as Exhibit 1 to the declaration of Brick Kane ("Kane Declaration") filed in support of this Motion.

4.  Pursuant to the Exclusive Right to Sell/Rent Listing Contract Legal Language ("Casitas Listing Agreement") dated December 24, 2020, attached as Exhibit 2 to the Kane Declaration, a sales commission in the amount of 5% of the purchase price paid by the Casitas Buyer shall be paid from the proceeds of the sale at close of escrow and no other sales commission shall be paid from the proceeds of the sale or shall be paid by or be the responsibility of the Receiver under any circumstances.

5.  The sale of the Casitas Property by private sale to the Casitas Buyer under the

Casitas Sale Contract shall be and is hereby approved and confirmed by this Order without further notice, hearing, or additional order.

6. The Receiver is authorized to sell and convey the Casitas Property and to execute all documents and instruments necessary or appropriate to complete, implement, effectuate, and close the sale of the Casitas Property to the Casitas Buyer, including but not limited to the deed conveying title to the Casitas Property.

7. The sale of the Casitas Property to the Casitas Buyer is being sold in an "as is" condition, without any warranties or representations, with all faults known and unknown, as more particularly set forth in the Casitas Sale Contract.

8. Any licensed title insurer and the Casitas Buyer may rely on this Order as authorizing the Receiver to transfer legal title to the Casitas Property free and clear of all liens and encumbrances.

9. The Receiver shall permit and/or cause to be paid from the proceeds of sale all ordinary and customary closing costs, all costs and expenses required to be paid pursuant to the terms of the Casitas Sale Contract by the Receiver from the proceeds of sale, the sales commission pursuant to the Casitas Listing Agreement, all real property tax liens and prorated real property taxes due up to the date of closing, any unpaid and delinquent homeowner's association dues and charges, and the balance due under the obligation secured by the deed of trust in favor of New Horizons 401(k) PSP, Brad A. Gilbertson, Trustee as to a 50% interest, and Arnold N. Hirsch PSP as to a 50% interest ("Casitas Encumbrance"), provided that the total of late fees, late charges and default interest to be paid at closing on the Casitas Encumbrance shall be limited to $12,121.10.

10. After payment of the sums set forth in the preceding paragraph, all net proceeds

from the sale of the Casitas Property shall be disbursed to the Receiver and be the sole and exclusive property of the receivership estate, free and clear of all other liens and encumbrances, if any exist.

11. The Receiver is authorized to sell the real property commonly known as 8221 East Sheridan Street, Scottsdale, Arizona ("Sheridan Property"), Assessor's Parcel Id: 131-33-078, and legally described as:

> Lot 455, Village Grove Eleven, according to the Plat recorded in
> Book 85 of Maps, Page 25, Records of Maricopa County, Arizona

and discharge the proceeds in accordance with applicable law and the orders of this Court, including without limitation this Order. The sale of the Sheridan Property is hereby confirmed under Title 28 U.S.C. §2001(b).

12. The Receiver is authorized to complete the sale on an "as is" basis, as more fully described in the sale contract documents, by private sale to Black Canyon Equity, LLC ("Sheridan Buyer"), an arm's length buyer, at a purchase price of $520,000, pursuant to the Residential Resale Real Estate Purchase Contract, Counter Offer One, Seller's Addenda, Addendum No. 1a, "AS-IS" Purchase, Compliance Notice, Additional Terms, and Addendum 2, (collectively, the "Sheridan Sale Contract"), collectively attached as Exhibit 3 to the Kane Declaration.

13. Pursuant to the Exclusive Right to Sell/Rent Listing Contract Legal Language ("Sheridan Listing Agreement") dated December 14, 2020, attached as Exhibit 4 to the Kane Declaration, a sales commission in the amount of 5% of the purchase price paid by the Sheridan Buyer shall be paid from the proceeds of the sale at close of escrow and no other sales commission shall be paid from the proceeds of the sale or shall be paid by or be the

responsibility of the Receiver under any circumstances.

14. The sale of the Sheridan Property by private sale to the Sheridan Buyer under the Sheridan Sale Contract shall be and is hereby approved and confirmed by this Order without further notice, hearing, or additional order.

15. The Receiver is authorized to sell and convey the Sheridan Property and to execute all documents and instruments necessary or appropriate to complete, implement, effectuate, and close the sale of the Sheridan Property to the Sheridan Buyer, including but not limited to the deed conveying title to the Sheridan Property.

16. The sale of the Sheridan Property to the Sheridan Buyer is being sold in an "as is" condition, without any warranties or representations, with all faults known and unknown, and without permits, as more particularly set forth in the Sheridan Sale Contract.

17. Any licensed title insurer and the Sheridan Buyer may rely on this Order as authorizing the Receiver to transfer legal title to the Sheridan Property free and clear of all liens and encumbrances.

18. The Receiver shall permit and/or cause to be paid from the proceeds of sale all ordinary and customary closing costs, all costs and expenses required to be paid pursuant to the terms of the Sheridan Sale Contract by the Receiver from the proceeds of sale, the sales commission pursuant to the Sheridan Listing Agreement, all real property tax liens and prorated real property taxes due up to the date of closing, and the balance due under the obligation secured by the deed of trust in favor of SWH Funding LLC.

19.     After payment of the sums set forth in the preceding paragraph, all net proceeds from the sale of the Sheridan Property shall be disbursed to the Receiver and be the sole and exclusive property of the receivership estate, free and clear of all other liens and encumbrances, if any exist.

DATED this 12th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge