IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02594-RM-SKC

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MEDIATRIX CAPITAL INC., et al.,

    Defendants,

And

MEDIATRIX CAPITAL FUND LTD., et al.,

    Relief Defendants.

## ORDER

This civil enforcement action is before the Court on the Renewed Motion for a Partial Stay of Discovery Against the Individual Defendants Michael S. Stewart and Bryant E. Sewall, Renewed Motion to Permit the Unfreezing of Certain Assets for the Payment of Attorney's Fees and Request for a Hearing (ECF No. 229). The Motion has been fully briefed (ECF Nos. 230, 252, 254, 258), and it is granted in part and denied in part for the reasons below.

**I.    BACKGROUND**

Plaintiff alleges Defendants raised over $125 million by operating a fraudulent investment scheme. In September 2019, the Court issued an Order granting Plaintiff's Emergency Motion for an Ex Parte Asset Freeze, Temporary Restraining Order, Order to Show

Cause, and Other Emergency Relief. (ECF No. 10.) Defendants subsequently consented to entry of an Order extending the asset freeze until final adjudication of this case on the merits, subject to Defendants' and Relief Defendants' right to move the Court for relief from the asset freeze and Plaintiff's right to oppose any such motion. (ECF No. 38.) The Receiver appointed in this case has declared that the value of the assets in his possession and control is about $12 million. (ECF No. 252 at 5.) This amount is far below the $251 million in assets subject to the Court's Order. Since the Court's denial of the Stewarts' and the Sewalls' previous requests for $760,000 for counsel and living expenses, Defendants Stewart and Sewall have been indicted.

**II.     STAY OF DISCOVERY**

The Court has discretion, in the interests of justice, to stay civil proceedings pending the outcome of criminal proceedings. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). But criminal defendants do not have a constitutional right to a stay, and, even if a stay is granted, it may be limited to a specific subject matter. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003). Courts consider the following six factors to determine whether a stay should be entered: (1) the extent to which issues in the criminal case overlap with those presented in the criminal case, (2) the status of the case, including whether the defendant has been indicted, (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay, (4) the private interests of, and burden on, the defendant, (5) the interest of the Court, and (6) the public's interest. *See id.* at 1237.

Plaintiff does not object to the request for a partial stay whereby no party may obtain written or oral testimony from Defendants Stewart and Sewall regarding the allegations of fraud

2

in this case, provided discovery or testimony from these Defendants concerning other topics, including their alleged violations of the Court's asset freeze, would still be permitted. (ECF No. 254 at 2.) Defendants seek a broader partial stay to include the prevention of *any* testimony of Defendants Stewart and Sewall in *any* form, including depositions, interrogatories, requests to admit, and trial testimony. (ECF No. 229 at 11.) The Court finds that while the factors above weigh in favor of a partial stay, the narrower partial stay proposed by Plaintiff is adequate to balance Defendants' rights and privileges under the Fifth Amendment with the interests of Plaintiff, the public, and the Court at this stage of the case. Additional issues regarding the scope of the partial stay may be addressed as they arise.

### III.   UNFREEZING OF ASSETS

The Court currently lacks the authority to unfreeze the assets at issue because various Defendants have appealed the Court's previous Order denying the same relief. (*See* ECF Nos. 213, 218, 224.) Nonetheless, the Court does have the authority to deny the requested relief, which it exercises now. *See* Fed. R. Civ. P. 61.1(a)(2). The Court declines the request to unfreeze certain assets for substantially the same reasons provided in its previous Order. (*See* ECF No. 213 at 3-4.) Defendants still have not shown that the assets currently available with be sufficient to compensate the allegedly defrauded investors in this case or that the assets they owned prior to their alleged fraud are untainted.

What has changed is that Defendants Stewart and Sewall have been indicted. These Defendants contend that their Sixth Amendment right to counsel of their choice "attaches more forcefully" under the circumstances. (ECF No. 229 at 15.) But to the extent that this moves the needle in their favor, the Court still finds the relief requested is not appropriate for the reasons

given in the previous Order.  Accordingly, the Court declines to grant the relief requested.

Defendants request for a hearing is also denied.  In light of Defendants' pending appeal, the Court finds that holding a hearing at this stage would not serve the interests of judicial efficiency.

## IV. CONCLUSION

Therefore, the Motion (ECF No. 229) is GRANTED IN PART to the extent these proceedings are partially stayed as set forth above and DENIED in all other respects.

DATED this 16th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge