**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02594-RM-SKC

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MEDIATRIX CAPITAL INC., et al.,

      Defendants,

And

MEDIATRIX CAPITAL FUND LTD., et al.,

      Relief Defendants.

---

**UNOPPOSED MOTION FOR ORDER APPROVING ORIGINAL RECEIVER'S LAST REPORT AND ACCOUNTING; REQUEST FOR APPROVAL AND PAYMENT OF ORIGINAL RECEIVER'S AND PROFESSIONAL'S FEES AND COSTS FROM JULY 1, 2021  THROUGH OCTOBER 20, 2021 AND FOR PAYMENT OF PREVIOUSLY APPROVED AMOUNTS SUBJECT TO 20% HOLDBACK; FOR DISCHARGE OF ORIGINAL RECEIVER AND RELATED RELIEF**

---

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      Robb Evans & Associates LLC ("Robb Evans"), acting for the original receiver, Brick Kane of Robb Evans & Associates LLC (sometimes referred to herein as the "Original Receiver"), hereby moves the Court for an order for the following relief:

      1.     Approving the Original Receiver's last report as receiver, covering the period from July 1, 2021 through October 20, 2021, the date the Court issued its Order substituting Marc Conlan ("Conlan") of Gibbons P.C. as receiver in this case (Doc. 284), which is Section II to the Memorandum of Points and Authorities submitted in support of this Motion, and

approving the Original Receiver's last accounting as receiver, which is attached hereto as Exhibit A;

2.      Approving and confirming all actions and activities taken by or on behalf of the Original Receiver and Robb Evans, and all proposed actions to be taken and all payments made by the Original Receiver and Robb Evans in connection with the administration of the receivership estate;

3.      Approving and authorizing for payment the receivership fees and costs incurred from July 1, 2021 through October 20, 2021 ("Fourth Expense Period") and authorizing for payment the receivership fees incurred in prior expense periods which were previously approved, but were the subject of a 20% holdback for fees ("Holdback").  The Original Receiver specifically moves the Court for an order: (1) approving and authorizing for payment the fees of the Original Receiver and his deputies, and reimbursement of costs, comprised of the Original Receiver's fees, including the Original Receiver's deputies, of $43,457.85 and the Original Receiver's costs of $5,153.98 for the Fourth Expense Period, and authorizing for payment the Holdback fees of the Original Receiver and his deputies of $19,746.09, **for a total of $68,357.92**; (2) approving and authorizing for payment the fees of Receiver's lead counsel Barnes & Thornburg LLP ("Barnes & Thornburg") and reimbursement of its costs, comprised of fees of $60,990.80 and costs of $1,349.11 for the Fourth Expense Period, and authorizing for payment the Holdback fees of Barnes & Thornburg of $25,603.08, **for a total of $87,942.99**; and (3) authorizing for payment the Holdback fees of the Original Receiver's Arizona counsel Engelman Berger, P.C. ("Engelman") of **$860.70**;

4.      Permitting Robb Evans and its counsel to submit to Conlan additional bills for services rendered and costs incurred after October 20, 2021 in connection with the wind up of its

services, the transition of the receivership from the Original Receiver to Conlan and Robb

Evans's and its counsel's assistance provided to Conlan in connection therewith, which bills

shall be submitted by Conlan to the Court for approval and payment in connection with Conlan's

future fee applications.

      5.      Providing that (a) the Original Receiver, Robb Evans, and the deputies, agents,

employees, members, officers, independent contractors, attorneys, accountants and

representatives of the Original Receiver and/or Robb Evans shall have no liability to any person

or entity for any action taken or not taken in connection with carrying out the Original Receiver's

administration of the receivership estate, and the exercise of any powers, duties and

responsibilities in connection therewith; and (b) directing that the Original Receiver, Robb

Evans, and the deputies, agents, employees, members, officers, independent contractors,

attorneys, accountants and representatives of the Original Receiver and/or Robb Evans are

discharged, released from all claims and liabilities arising out of and/or pertaining to the

receivership, and relieved of all duties and responsibilities pertaining to the receivership; and

      6.      Granting such additional relief as may be just and proper under the circumstances.

      This motion is based on the accompanying memorandum of points and authorities and

the Declarations of Anita Jen and Gary Owen Caris, filed concurrently herewith, upon the

pleadings, records and files of the Court in this case of which Robb Evans requests the Court to

take judicial notice, including without limitation the Report of Receiver's Activities From

September 11, 2020 Through December 31, 2020 (Doc. 215) ("Original Receiver's First

Report"), Second Quarterly Report of Receiver's Activities Covering the Period From January 1,

2021 Through March 31, 2021 (Doc. 257) ("Original Receiver's Second Report"), Third

Quarterly Report of Receiver's Activities Covering the Period From April 1, 2021 Through June

30, 2021 (Doc. 262) ("Original Receiver's Third Report") and such other and further evidence as may be provided by Robb Evans in support of the motion.

## STATEMENT REGARDING DUTY TO CONFER PURSUANT TO D.C. COLO. LCivR 7.1(a): THIS IS AN UNOPPOSED MOTION

Prior to the filing of this motion, the Robb Evans served upon counsel for the United States Securities and Exchange Commission ("SEC" or "Plaintiff") a complete copy of this motion, together with all exhibits and relevant billing information in a format approved by the SEC.  Plaintiff advised Robb Evans's counsel that the SEC had no objection to the relief sought in this motion.  Prior to the filing of this motion, Robb Evans conferred with the other parties to the motion with respect to the general relief sought herein, as set forth above.  Vivian Drohan, counsel for Defendants Michael Stewart, Bryant Sewall et al., advised Robb Evans's counsel on November 30, 2021 that they had no objection to the relief sought in this motion.  Tracy Ashmore, counsel for Defendant Michael Young and Relief Defendant Maria Young, advised Robb Evans's counsel on November 28, 2021 that they had no objection to the relief sought in this motion.  **Therefore, this is an unopposed motion**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND STATEMENT OF FACTS

On September 11, 2020, the Court entered the Order Appointing Receiver (Doc. 153)

("Receiver Order"), appointing Brick Kane of Robb Evans & Associates LLC as receiver over

the (1) Entity Defendants; (2) the Receivership Assets of the Individual Defendants; and (3) the

Recoverable Assets of the Receivership Relief Defendants, as those terms are defined therein.

(*Id.* at p. 2.)  The Receiver Order provides that "[t]he Receiver shall have all powers, authorities,

rights and privileges heretofore possessed by the officers, directors, managers and general and

limited partners of the Receivership Defendants and the Receivership Relief Defendants under

applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in

addition to all powers and authority of a receiver at equity, and all powers conferred upon a

receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil

Procedure 66." (*Id.* at ¶ 1.)

The Original Receiver's duties and responsibilities under the Receiver Order required

him to, among other things, identify, account for, and preserve and protect receivership assets.

To that end, the Receiver Order allowed him to "engage and employ persons in his discretion to

assist him in carrying out his duties and responsibilities [under the Receiver Order], including,

but not limited to … attorneys…" (*Id.* at ¶ 4.F.)

Given the Original Receiver's need for assistance of counsel, on September 23, 2020, the

Receiver filed a Motion for Order Authorizing Employment of Barnes & Thornburg LLP as

Counsel for Receiver, which was granted on September 24, 2020 (Docs. 160 and 163).

In addition, in order to discharge his duties under the Receiver Order, the need arose for

the Original Receiver to employ counsel in the State of Arizona.  In early October 2020, the

Original Receiver employed Engelman to assist in the preparation and recordation of two Notices of Lis Pendens in connection with two pieces of real property in Scottsdale, Arizona on an urgent basis and to prevent dissipation of these assets.  The Original Receiver also required the assistance of Engelman with respect to taking possession and control of these Arizona properties.  The Original Receiver filed a motion seeking an order permitting the Original Receiver to retain Engelman *nunc pro tunc* as of October 1, 2020, which was granted on November 6, 2020 (Docs. 183 and 186).

On October 7, 2021, the Statement by Robb Evans & Associates LLC Regarding Receiver's Status (Doc. 280) ("Statement") was filed.  In it, Robb Evans advised the Court that Brick Kane, the Original Receiver, the President of Robb Evans & Associates LLC and the leader of the Original Receiver's team in this receivership matter, passed away on October 2, 2021.  In the Statement, Robb Evans indicated that it was willing and able to serve as a short-term interim receiver for a period not exceeding 30 days, but that it could not serve beyond that interim period in a manner it believed would adequately protect the interests of investors and other parties in interest in light of Mr. Kane's passing, as well as the death of founding member Robb Evans in late August 2021 and other circumstances.  October 19, 2021, the SEC brought its unopposed motion for an order substituting Conlan as receiver for the Original Receiver (Doc. 283).  The Court granted the SEC's motion the next day.  However, the Court's Order was silent as to certain of the transitional matters that Robb Evans respectfully submits are appropriate to address and has brought the instant motion for this purpose.  Notably, the Receiver Order provides for Quarterly Status Reports (¶¶ 41-42), due to be filed within 30 days of the end of each calendar quarter. The Original Receiver previously filed three Quarterly Status Reports, but in light of the circumstances Robb Evans did not file a Quarterly Status Report for the quarter

ending September 30, 2021 which would have been due by October 30, 2021, after the Court appointed Conlan.  As part of this motion, at Section II, Robb Evans provides what is, in essence, its last Quarterly Status Report, covering the period from July 1, 2021 through October 20, 2021 when Conlan succeeded the Original Receiver.

Paragraphs 44-48 of the Receiver Order provide various provisions with respect to the Receiver's application for compensation and expense reimbursement.  Among other provisions, Paragraph 45 of the Receiver Order provides for the Receiver to apply for compensation and expense reimbursement on a quarterly basis from Receivership Funds within 75 days after the end of each calendar quarter.  Paragraph 45 of the Receiver Order further provides that 30 days prior to the filing of such motion, the Receiver is to serve upon counsel for the SEC a proposed fee motion in a format approved by the SEC.  Paragraph 46 of the Receiver Order provides that all Quarterly Fee Applications will be interim and subject to cost benefit and final reviews at the close of the receivership.  Paragraph 48 of the Receiver Order provides, among other things, that each Quarterly Fee Application comply with the terms of the Billing Instructions provided by the SEC to the Receiver and represent that the fees and expenses were incurred in the best interests of the receivership estate and, with the exception of the Billing Instructions, that the Receiver has not entered into any agreement concerning the amount of any compensation paid or to be paid from the receivership estate, or any sharing thereof.

This motion is intended to comply with these provisions of the Receiver Order to the extent applicable and practical.  Robb Evans has submitted this motion to the SEC for approval before filing it.  The requisite certifications are contained in the Declarations of Anita Jen ("Jen Declaration") and Gary Owen Caris ("Caris Declaration") which accompany this motion. However, in this request Robb Evans is including fees and costs for the period from July 1, 2021

through October 20, 2021, when Conlan became substitute receiver, in order to align with the last financial accounting to be provided by Robb Evans as part of its Quarterly Status Report and which is attached hereto as Exhibit A.  Additionally, Robb Evans requests final approval and authorization for payment of fees and costs, including the Holdback sums, for itself and its counsel, without waiting for the close of the receivership, since the Original Receiver has passed away, and neither Robb Evans nor Barnes & Thornburg will continue to serve in any capacity in this matter going forward. The services of the Original Receiver and his counsel are summarized separately below in Sections III and IV, to the extent not addressed in the Last Report at Section II, and described in the detailed billing records attached as exhibits to the Jen Declaration and Caris Declaration.

II.    **LAST REPORT OF THE ORIGINAL RECEIVER FOR THE PERIOD FROM JULY 1, 2021 THROUGH OCTOBER 20, 2021**

This section of the motion will constitute the last report of the Original Receiver and cover the period from July 1, 2021 through October 20, 2021.  It is organized in the manner generally provided at paragraph 41 of the Receiver Order:

A.    **Summary of Operations**

During this reporting period, the Original Receiver concentrated on completing the sale of the real property at 1201 Lloyds Road, Little Elm, Texas ("1201 Lloyds Road Property") and completing a partial forensic analysis and accounting reconstruction of assets and funds transferred in violation of the Court's asset freeze orders (Docs. 10 and 38), which is set out in the Original Receiver's Third Quarterly Report filed August 5, 2021 (Doc. 262).

**B.    Amount of Cash on Hand, the Amount and Nature of Accrued
Administrative Expenses and the Amount of Unencumbered Funds in the
Estate**

As of October 20, 2021, the Robb Evans was holding $12,637,618.23 net of $157,161.61

in accrued and unpaid fees and costs.  The breakdown of these accrued and unpaid fees and costs

is detailed and itemized on Exhibit A hereto and elsewhere in this motion.  On November 10,

2021, Robb Evans turned over to Conlan all funds held in the receivership estate as of that date,

in the amount of $12,795,507.76.  During this period, the Original Receiver collected

$4,091,752.17, primarily comprised of the net proceeds from the sale of the 1201 Lloyds Road

Property in the amount of $3,994,916.78 and $92,500 collected from three charitable

organizations that returned funds the Original Receiver had asserted, among other things,

constituted fraudulent transfers.

**C.    Schedule of Receipts and Disbursements**

Attached as Exhibit A hereto is the Receivership Administrative Report that details

receipts and disbursements by month.  The Receivership Administrative Report also details

receipts and disbursements by defendant and the Original Receiver's fees and costs by billing

codes as required by the SEC.

**D.    Status of Receivership Real and Personal Property**

The 1201 Lloyds Road Property was approved for sale at $3,550,000 pursuant to this

Court's Order entered August 6, 2021 (Doc. 264), subject to the Original Receiver conducting an

overbid session.  One other bidder besides the proposed buyer qualified to participate in the

overbid session, which was held on August 31, 2021. The overbid session resulted in a series of

overbids resulting in the eventual sale to Ralph Williams at a purchase price of $4,300,000, an

increase of 21.1% over the original contract price.  The sale closed on September 21, 2021, resulting in net proceeds to the receivership estate of $3,994,916.78.

The property at 1197 Lloyds Road, Little Elm, Texas, continued to be marketed for sale during this period.  The status of the lots in Port Charlotte, Florida has not changed since the Third Quarterly Report.  No other real estate was in the control of the Original Receiver or being marketed for sale.  There were no new developments with respect to any personal property.

### E.      Liquidated and Unliquidated Claims

Just before Conlan was appointed as successor Receiver, Robb Evans was advised of a potential resolution of a dispute between the SEC and Equiti Capital UK Limited ("Equiti") as it related to $12,939,858 being held by Equiti from the liquidation of open brokerage positions.  Of this sum, Equiti's set off claim of $3,513,447 is in dispute.  Equiti made a proposal to Robb Evans, but in light of the issues raised by the proposal and the impending appointment of Conlan, Robb Evans deferred from responding to the proposal.

During this period, through counsel, the Original Receiver sent eight demand letters to sales agents or brokers and 13 demand letters to charitable organizations.  The Original Receiver, through counsel, has had communications with several of these third parties and recovered $92,500 from three of the charitable organizations, two which paid the demand in full and one which settled by paying 86% of the amount of the demand.

### F.      Creditor List

There is no new information since the Original Receiver's First Report.

### III.    SUMMARY OF THE ORIGINAL RECEIVER'S SERVICES AND ACTIVITIES DURING THE FOURTH EXPENSE PERIOD

Robb Evans seeks approval and authorization for payment of the Original Receiver's fees and costs summarized in the Receivership Administrative Report attached hereto as Exhibit A,

together with the detailed billing records of the Original Receiver attached collectively to the Jen Declaration as Exhibit 1.[1]  During the Fourth Expense Period, the Original Receiver incurred fees for the Original Receiver and his deputies of $43,457.85.  The Original Receiver's costs during the Fourth Expense Period total $5,153.98 and are detailed in the Financial Summary. These costs are primarily comprised of the fees of the Original Receiver's tax accountants, Baker Tilly US, LLP for the preparation of tax returns.

During the Fourth Expense Period, the Original Receiver[2] spent the bulk of his time addressing the sale of the 1201 Lloyds Road Property and issues attendant to the sale of that property, and undertaking a partial forensic analysis and accounting reconstruction of assets and funds transferred in violation of the Court's asset freeze orders (Docs. 10 and 38).

As to the 1201 Lloyds Road Property, during the prior expense period, the Original Receiver negotiated modifications to a hay baling lease on the property through a side letter agreement, in order to preserve agricultural land tax exemptions.  During the Fourth Expense Period, the Original Receiver oversaw the revision, completion and execution of that amendment.  He addressed repair and equipment issues to facilitate the sale.  The Original Receiver assisted counsel in developing and finalizing the guidelines for an overbidding session and overbid procedures to be incorporated in a motion to approve the sale of the 1201 Lloyds Road Property, and assisted his counsel in preparation for the sale motion.  He prepared the text of the notice which was placed in the newspaper for the overbidding session.  The Original Receiver communicated with a potential overbidder and the funder for the potential overbidder,

---

[1] As explained in the Caris Declaration, the bills have been redacted, where appropriate, to preserve confidential, sensitive, tactical, strategic, attorney-client privileged and/or attorney work-product information.

[2] Where appropriate, "Original Receiver" means Brick Kane and his deputies at Robb Evans who assisted him in discharging his duties as Receiver.

paving the way for a uniquely successful overbidding session that saw the sale price go from $3,550,000 to $4,300,000.  He prepared for and telephonically conducted the overbidding session.  Once the competing overbidder was successful at the overbidding session, the Original Receiver prepared the new sale contract and monitored the timely deposit into escrow of an additional non-refundable deposit of $500,000 as provided by the Sale Order.  The Original Receiver reviewed and revised closing documents and communicated with the title company and his counsel regarding those closing documents so that they could be finalized and executed in order to complete the sale transaction.  The Original Receiver reviewed and approved the closing statement.  Throughout all stages, the Original Receiver conferred with his counsel, Barnes & Thornburg, his real estate broker and the title insurer directly and through counsel, regarding all aspects of the overbidding, sale and closing process.

During the Fourth Expense Period, the Original Receiver completed his partial forensic analysis and accounting reconstruction of assets and funds transferred in violation of the Court's asset freeze orders, in attempting to trace and claw back money obtained in violation of those orders.  This forensic analysis and reconstruction is set out in the Original Receiver's Third Report, identifying the diversion of at least $738,000 from the sale and refinance of two properties owned or controlled by Michael Stewart.  Approximately $87,000 went to acquire property at 8221 East Sheridan, Scottsdale, Arizona and was, in essence, recaptured when that property was sold by the Receiver prior to the Fourth Expense Period.  Another $100,000 had been previously recouped from Kaplan, Hecker and Fink LLP, a law firm.

During the Fourth Expense Period, the Original Receiver also prepared his Third Report and the financials attached to the Third Report.  The Original Receiver also assisted his counsel in the preparation of the third fee motion at no charge to the estate.  Finally, the Original

Receiver discharged all of the normal operational duties of a receiver, including maintaining and updating accurate accounting records for the receivership estate and processing and paying ongoing administrative expenses of the receivership.

As a result of the work undertaken by the Original Receiver and his counsel, the Original Receiver brought an additional $4,091,752.17 into the estate during the Fourth Expense Period, for a total of $13,345,945.30 collected and monetized since the inception of the receivership estate.

**IV.    SUMMARY OF THE SERVICES AND ACTIVITIES OF THE ORIGINAL RECEIVER'S COUNSEL DURING THE FOURTH EXPENSE PERIOD**

Robb Evans also seeks payment of his counsel's fees and expenses summarized in the Receivership Administrative Report, Exhibit A hereto, and set forth in the detailed billing records of Barnes & Thornburg, attached collectively as Exhibit 1.  During the Fourth Expense Period, the Original Receiver incurred fees to Barnes & Thornburg of $60,990.80 and costs of $1,349.11.

Throughout the Fourth Expense Period, Barnes & Thornburg worked closely with the Original Receiver in connection with all aspects of the 1201 Lloyds Road Property sale.  It revised the side letter amending the hay baling agreement.  Barnes & Thornburg prepared the motion to approve and confirm the sale of the 1201 Lloyds Road Property and to establish overbidding procedures, along with all supporting papers and the proposed order which was adopted by the Court.  As part of this preparation, counsel took the lead in preparing overbidding procedures to be proposed in the sale motion.  Barnes & Thornburg provided counsel to the Original Receiver on all aspects of the sale transaction, both before and after the Court granted the sale motion, including tactical advice concerning the overbidding session and the preparation and review of sale documentation.  Counsel telephonically attended the overbid session.

Counsel communicated with the Original Receiver about his forensic analysis and accounting reconstruction and analyzed documents related to the improper transfer of money and property in violation of the Court's asset freeze orders.  In conjunction with the Original Receiver, counsel continued to develop strategies with respect to potential actions to take to recover misappropriated funds.

During the Fourth Expense Period, Barnes & Thornburg drafted and sent eight demand letters to sales agents or brokers and 13 demand letters to charitable organizations to recover investor-victim funds for the benefit of the receivership estate.  Three of the charitable organizations returned to the Original Receiver a total of $92,500 pursuant to these demands.  Counsel drafted a settlement agreement to memorialize the agreement with one of the charities that agreed to pay back $62,500.  Barnes & Thornburg also prepared and filed opposition to Michael Young's and Maria Young's motion seeking to prevent the Original Receiver from recovering money paid out by them to various charitable organizations.  That motion has not yet been ruled upon.

After previously filing a notice of appearance in the 10th Circuit in connection with the defendants' appeal of orders denying their request for the release of funds, counsel continued to monitor pleadings and orders filed in connection with those appeals.

Finally, during the Fourth Expense Period, Barnes & Thornburg reviewed and made suggested revisions to the Original Receiver's Third Report.  At no charge to the receivership estate, it prepared the Original Receiver's successful third fee motion.

## V.   THE FEES AND COSTS OF THE ORIGINAL RECEIVER AND ITS COUNSEL ARE REASONABLE AND SHOULD BE ALLOWED FOR PAYMENT

It is a fundamental tenet of receivership law that expenses of administration incurred by the receiver, including those of the receiver, his counsel and others employed by him, constitute

priority expenses for which compensation should be paid from the assets of the receivership.  As explained in the leading treatise *Clark on Receivers:*

> The obligations and expenses which the court creates in its
> administration of the property are necessarily burdens on the
> property taken possession of, and this, irrespective of the question
> who may be the ultimate owner, or who may have the preferred
> lien, or who may invoke the receivership.  The appointing court
> pledges its good faith that all duly authorized obligations incurred
> during the receivership shall be paid.

2 Clark, Ralph Ewing, *A Treatise on the Law and Practice of Receivers* § 637, p. 1052 (3rd ed. Rev. 1992).

The Original Receiver was an officer of the Court charged with a myriad of duties under the Receiver Order.  Many of those duties do not lead to the direct and immediate recovery of assets or increase in the funds available for distribution to creditors.  Because of the nature of the administrative and other services required in receiverships, the benefit a receiver confers on receivership property cannot be determined based solely on the increase or decrease in the value of property in the receiver's possession.  As the Court explained in *Securities and Exchange Commission v. Elliott*, 953 F. 2d 1560, 1577 (11th Cir. 1992):

> [I]t is sometimes difficult to ascertain what type of benefits a
> receiver has bestowed on receivership property . . . . . [A] benefit
> to a secured party may take more subtle forms than a bare increase
> in monetary value.  Even though a receiver may not have
> increased, or prevented a decrease in, the value of the collateral, if

a receiver reasonably and diligently discharges his duties, he is

entitled to compensation. [Citations omitted.]

*Securities and Exchange Commission v. Elliott*, 953 F. 2d at 1577.

The Court has broad discretion in determining the reasonableness of fees to be awarded a

receiver. *See In re San Vicente Medical Partners Ltd.*, 962 F. 2d 1402, 1409-1410 (9th Cir.

1992).  The Court may evaluate the time and effort expended by the receiver with respect to

specific projects and aspects of the administration of the estate and may look to a number of

different factors under the case law in approving receiver's and counsel's fees. *In re San Vicente*

*Medical Partners Ltd.*, 962 F. 2d at 1409-1410.

This Motion establishes that during the Fourth Expense Period, the Original Receiver, his

deputies and professionals rendered reasonable, necessary and valuable services for the

receivership estate that were highly beneficial to the estate and the parties in interest.  As

demonstrated herein and in the supporting declarations and exhibits, the Original Receiver, his

deputies and professionals performed substantial and wide-ranging tasks that were beneficial to

the estate, including concluding the sale of the 1201 Lloyds Road Property and recovering

$4,091,752.17 for the benefit of the receivership estate.  The Original Receiver submits the fees

are reasonable in light of the services rendered and that the fees and expenses requested should

be approved and paid in their entirety.  *See Federal Trade Commission v. Capital Acquisitions &*

*Management Corp.*, 2005 U.S. Dist. LEXIS 18504 (N.D. Ill. August 26, 2005).

In light of the fact that the Original Receiver is no longer serving as receiver, it is

respectfully requested that in addition to approving and authorizing for payment the fees and

costs incurred by the Original Receiver and his counsel during the Fourth Expense Period, that

the Court also allow all previously approved fees subject to Holdback to be paid out.

Finally, Robb Evans and his counsel continue to expend a modest amount of time assisting Conlan with respect to the transition of the receivership to him.  Therefore, as part of the relief requested herein, Robb Evans respectfully requests that Robb Evans and its counsel be permitted to submit additional bills to Conlan for services rendered and costs incurred after October 20, 2021 in connection with the wind up of its services, the transition of the receivership from the Original Receiver to Conlan and Robb Evans's and its counsel's assistance provided to Conlan in connection therewith, which bills shall be submitted by Conlan to the Court for approval and payment in connection with Conlan's future fee applications.

## VI.   THE OMNIBUS RELIEF SOUGHT HEREIN IS APPROPRIATE AND SHOULD BE APPROVED AS REQUESTED

The Original Receiver and Robb Evans have diligently and efficiently fulfilled their fiduciary responsibilities during the thirteen-month period of the receivership until the Court appointed Conlan as successor Receiver.  On November 10, 2021, Robb Evans completed the turnover of all funds in the receivership estate to Conlan, in the sum of $12,795,507.76.  Robb Evans and its counsel continue to assist Conlan in order to make his transition as smooth and efficient as possible.  Robb Evans's request that it receive a discharge and release as proposed is an ordinary and customary request made by a receiver, typically at the end of the case.  It is appropriate here because Brick Kane and his company, Robb Evans, are no longer the receiver and should be afforded the protections and certainty typically afforded a receiver at the end of his engagement.  These requests are within the Court's broad supervisory authority over federal equity receiverships.  See *Securities and Exchange Commission v. Hardy,* 803 F. 2d 1034 (9th Cir. 1986).

- 17 -

VII.     **CONCLUSION**

Robb Evans respectfully requests that the Court grant this motion in its entirety.


DATED:  November 29, 2021

Gary Owen Caris, Calif. Bar No. 088918
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA  90067
Telephone: (310) 248-3880
Facsimile:  (310) 248-3894
Email: gcaris@btlaw.com

Attorneys for Robb Evans & Associates LLC

21360281v1

EXHIBIT A

**SEC v. Mediatrix Capital Inc. et al. Receivership QSF**

# Brick Kane of Robb Evans & Associates LLC, Receivership Administrative Report

**From Inception (Sept 11, 2020) to Oct 20, 2021**

| | Previously Reported and Approved | Previously Reported and Approved but Unpaid | Jul 21 | Aug 21 | Sep 21 | Oct 21 | This Period : 7/1/21~ 10/20/21 | From Inception 9/11/2020 ~ 10/20/2021 |
|---|---|---|---|---|---|---|---|---|
| **Defendant & Corporate Funds** | | | | | | | | |
| A.L.A. Trust | | | | | | | | |
|    Kaplan Hecker & Fink LLP | 100,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100,000.00 |
|    Wells Fargo Bank NA Clearing | 24,730.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24,730.41 |
| Total A.L.A. Trust | 124,730.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 124,730.41 |
| | | | | | | | | |
| **BLUEISLE_WL** | | | | | | | | |
|    Advanced Markets (UK) Ltd x1818 | 853,940.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 853,940.57 |
| Total BLUEISLE_WL | 853,940.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 853,940.57 |
| | | | | | | | | |
| **BLUEISLE2_WL** | | | | | | | | |
|    Advanced Markets (UK) Ltd x1822 | 50,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50,000.00 |
| Total BLUEISLE2_WL | 50,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50,000.00 |
| | | | | | | | | |
| **Bryant /Bev Sewall or Barb Yoss** | | | | | | | | |
|    USAA Federal Credit Union x0736 | 3.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.91 |
| Total Bryant /Bev Sewall or Barb Yoss | 3.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.91 |
| | | | | | | | | |
| **Bryant E. Sewall** | | | | | | | | |
|    Banco Popular xxxx8741 | 112,188.44 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112,188.44 |
|    Navy Federal CU xxxx7026 | 5.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.02 |
|    Navy Federal CU xxxx7165 | 452.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 452.20 |
|    Sale of 2012 Jeep Wrangler | 9,266.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9,266.62 |
|    Service Credit Union xxx86 | 181.26 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 181.26 |
|    USAA Federal Savings x5212 | 1,502.31 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,502.31 |
| Total Bryant E. Sewall | 123,595.85 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 123,595.85 |
| | | | | | | | | |
| **Island Technologies LLC** | | | | | | | | |
|    Banco Popular xxxx0846 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |
|    Banco Popular xxxx0862 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |
|    Banco Popular xxx9027 | 61,564.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61,564.52 |

**SEC v. Mediatrix Capital Inc. et al. Receivership QSF**

## Brick Kane of Robb Evans & Associates LLC, Receivership Administrative Report

### From Inception (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported and Approved | Previously Reported and Approved but Unpaid | Jul 21 | Aug 21 | Sep 21 | Oct 21 | This Period : 7/1/21~ 10/20/21 | From Inception 9/11/2020 ~ 10/20/2021 |
|---|---|---|---|---|---|---|---|---|
| Banco Popular xxx9329 | 15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 |
| **Total Island Technologies LLC** | 62,579.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 62,579.52 |
| | | | | | | | | |
| **Keystone Business Trust** | | | | | | | | |
| BBVA Compass xxxx3827 | 1,359,337.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,359,337.46 |
| BBVA Compass xxxx3921 | 10,239.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,239.84 |
| **Total Keystone Business Trust** | 1,369,577.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,369,577.30 |
| | | | | | | | | |
| **Michael & Victoria Stewart** | | | | | | | | |
| MidFirst Bank xxxx8270 | 3,905.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,905.42 |
| USAA Federal Savings xxxx8132 | 1,717.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,717.03 |
| **Total Michael & Victoria Stewart** | 5,622.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,622.45 |
| | | | | | | | | |
| **Michael Stewart** | | | | | | | | |
| Banco Popular xxxx1784 | 30,050.66 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30,050.66 |
| Hughes Federal CU xxx6503 | 68.64 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.64 |
| Wells Fargo Bank xxxx9286 | 450.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 450.91 |
| **Total Michael Stewart** | 30,570.21 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30,570.21 |
| | | | | | | | | |
| **Michael Young** | | | | | | | | |
| Banco Popular xxxx9843 | 262,773.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 262,773.38 |
| Key Bank xxxx6425 | 5,334.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,334.52 |
| Key Bank xxxx7726 | 25,934.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 25,934.98 |
| UBS Financial Services xxx7885 | 311,095.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 311,095.84 |
| **Total Michael Young** | 605,138.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 605,138.72 |
| | | | | | | | | |
| **Sale of PR Property** | | | | | | | | |
| Drohan Lee LLP | 1,870,674.53 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,870,674.53 |
| **Total Sale of PR Property** | 1,870,674.53 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,870,674.53 |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF

## Brick Kane of Robb Evans & Associates LLC, Receivership Administrative Report

### From Inception (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported and Approved | Previously Reported and Approved but Unpaid | Jul 21 | Aug 21 | Sep 21 | Oct 21 | This Period : 7/1/21~ 10/20/21 | From Inception 9/11/2020 ~ 10/20/2021 |
|---|---|---|---|---|---|---|---|---|
| **Salve Regina Trust** | | | | | | | | |
| UBS Financial Services xxx7422 | 1,429,941.54 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,429,941.54 |
| Total Salve Regina Trust | 1,429,941.54 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,429,941.54 |
| | | | | | | | | |
| **Sandy Toes LLC** | | | | | | | | |
| Drohan Lee LLP | 2,434,590.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,434,590.35 |
| Total Sandy Toes LLC | 2,434,590.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,434,590.35 |
| | | | | | | | | |
| **Victoria Stewart** | | | | | | | | |
| Wells Fargo Bank xxxx9200 | 500.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.96 |
| Total Victoria Stewart | 500.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.96 |
| | | | | | | | | |
| **West Beach LLC** | | | | | | | | |
| Banco Popular xxxx5590 | 5,662.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,662.86 |
| Total West Beach LLC | 5,662.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,662.86 |
| | | | | | | | | |
| **Total Defendant & Corporate Funds** | 8,967,129.18 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,967,129.18 |
| | | | | | | | | |
| Interest Income | 8,186.38 | 0.00 | 1,115.37 | 1,115.51 | 1,221.44 | 883.07 | 4,335.39 | 12,521.77 |
| Sale of 1201 Lloyds Rd. | 0.00 | 0.00 | 0.00 | 36,500.00 | 3,958,416.78 | 0.00 | 3,994,916.78 | 3,994,916.78 |
| Sale of 8221 E. Sheridan | 118,755.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 118,755.42 |
| Sale of 7349 E Casitas Del Rio | 160,122.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160,122.15 |
| **Settlements** | | | | | | | | |
| With God All Things Possible | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 62,500.00 | 62,500.00 | 62,500.00 |
| Midwest Theological Forum | 0.00 | 0.00 | 0.00 | 0.00 | 10,000.00 | 0.00 | 10,000.00 | 10,000.00 |
| Save the Storks | 0.00 | 0.00 | 0.00 | 0.00 | 20,000.00 | 0.00 | 20,000.00 | 20,000.00 |
| Total Settlements | 0.00 | 0.00 | 0.00 | 0.00 | 30,000.00 | 62,500.00 | 92,500.00 | 92,500.00 |
| | | | | | | | | |
| **Total Funds Collected** | 9,254,193.13 | 0.00 | 1,115.37 | 37,615.51 | 3,989,638.22 | 63,383.07 | 4,091,752.17 | 13,345,945.30 |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF

# Brick Kane of Robb Evans & Associates LLC, Receivership Administrative Report

### From Inception (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported and Approved | Previously Reported and Approved but Unpaid | Jul 21 | Aug 21 | Sep 21 | Oct 21 | This Period : 7/1/21~ 10/20/21 | From Inception 9/11/2020 ~ 10/20/2021 |
|---|---|---|---|---|---|---|---|---|
| **Expenses** | | | | | | | | |
| **DCC Islands Foundation** | | | | | | | | |
| Annual Registration Fees BAH | 4,715.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,715.00 |
| **Total DCC Islands Foundation** | 4,715.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,715.00 |
| | | | | | | | | |
| **Real Property Expenses** | | | | | | | | |
| **1197 Lloyds Rd Little Elm, TX** | | | | | | | | |
| Appraisal | 2,400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,400.00 |
| Electricity | 133.66 | 0.00 | 24.71 | 0.00 | 22.82 | 26.24 | 73.77 | 207.43 |
| Lawn and Yard Maintenance | 1,550.00 | 0.00 | 650.00 | 0.00 | 0.00 | 0.00 | 650.00 | 2,200.00 |
| Property Taxes | 1,172.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,172.62 |
| **Total 1197 Lloyds Rd Little Elm, TX** | 5,256.28 | 0.00 | 674.71 | 0.00 | 22.82 | 26.24 | 723.77 | 5,980.05 |
| | | | | | | | | |
| **1201 Lloyds Rd. Little Elm, TX** | | | | | | | | |
| Appraisal Services | 3,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 |
| Beehive Ag Services | 1,190.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,190.75 |
| Electricity | 2,362.39 | 0.00 | 164.00 | 0.00 | 248.43 | 250.49 | 662.92 | 3,025.31 |
| Hay Cultivation Services | 6,125.00 | 0.00 | 0.00 | 2,400.00 | 0.00 | 0.00 | 2,400.00 | 8,525.00 |
| Insurance | 9,576.50 | 0.00 | 1,202.00 | 0.00 | 1,202.00 | 1,163.22 | 3,567.22 | 13,143.72 |
| Lawn and Yard Maintenance | 2,884.38 | 0.00 | 650.00 | 0.00 | 0.00 | 0.00 | 650.00 | 3,534.38 |
| Locksmith Services | 418.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 418.32 |
| Maintenance | 1,390.10 | 0.00 | 750.00 | 0.00 | 29.22 | 0.00 | 779.22 | 2,169.32 |
| Property Taxes | 80,955.93 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 80,955.93 |
| **Total 1201 Lloyds Rd. Little Elm, TX** | 108,403.37 | 0.00 | 2,766.00 | 2,400.00 | 1,479.65 | 1,413.71 | 8,059.36 | 116,462.73 |
| | | | | | | | | |
| **5406 S. Cottonwood Ct.** | | | | | | | | |
| Property Insurance | 7,183.29 | 0.00 | 1,333.43 | 0.00 | 1,333.43 | 1,290.41 | 3,957.27 | 11,140.56 |
| Property Taxes | 22,598.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22,598.32 |
| **Total 5406 S. Cottonwood Ct.** | 29,781.61 | 0.00 | 1,333.43 | 0.00 | 1,333.43 | 1,290.41 | 3,957.27 | 33,738.88 |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF

**Brick Kane of Robb Evans & Associates LLC, Receivership Administrative Report**

From Inception (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported and Approved | Previously Reported and Approved but Unpaid | Jul 21 | Aug 21 | Sep 21 | Oct 21 | This Period : 7/1/21~ 10/20/21 | From Inception 9/11/2020 ~ 10/20/2021 |
|---|---|---|---|---|---|---|---|---|
| **7439 Casitas Del Rio Dr AZ** | | | | | | | | |
| Appraisal Services | 1,200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,200.00 |
| Insurance | 2,435.22 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,435.22 |
| Locksmith Services | 369.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 369.72 |
| Mortgage/Heloc | 40,355.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40,355.08 |
| **Total 7439 Casitas Del Rio Dr AZ** | 44,360.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 44,360.02 |
| **8221 E Sheridan Scottsdale, AZ** | | | | | | | | |
| Appraisal Services | 1,725.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,725.00 |
| Insurance | 2,279.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,279.63 |
| Locksmith Services | 493.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 493.72 |
| Mortgage Payments | 32,823.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32,823.00 |
| Property Taxes | 2,080.19 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,080.19 |
| **Total 8221 E Sheridan Scottsdale, AZ** | 39,401.54 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 39,401.54 |
| **Port Charlotte, FL Lots** | | | | | | | | |
| Appraisal Fees | 550.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 550.00 |
| Insurance | 107.33 | 0.00 | 14.28 | 0.00 | 14.28 | 13.82 | 42.38 | 149.71 |
| Property Taxes | 3,442.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,442.46 |
| **Total Port Charlotte, FL Lots** | 4,099.79 | 0.00 | 14.28 | 0.00 | 14.28 | 13.82 | 42.38 | 4,142.17 |
| **Total Real Property Expenses** | 231,302.61 | 0.00 | 4,788.42 | 2,400.00 | 2,850.18 | 2,744.18 | 12,782.78 | 244,085.39 |
| **Receiver Fees & Costs** | | | | | | | | |
| **Fees** | | | | | | | | |
| **Receiver** | | | | | | | | |
| B. Kane | 22,127.40 | 2,797.56 | 2,120.40 | 1,026.00 | 0.00 | 0.00 | 3,146.40 | 25,273.80 |
| **Total Receiver** | 22,127.40 | 2,797.56 | 2,120.40 | 1,026.00 | 0.00 | 0.00 | 3,146.40 | 25,273.80 |
| **Deputies** | | | | | | | | |
| A. Jen | 12,004.20 | 615.60 | 68.40 | 786.60 | 102.60 | 1,402.20 | 2,359.80 | 14,364.00 |
| C. Callahan | 26,662.50 | 2,736.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26,662.50 |
| C. DeCius | 5,309.55 | 716.85 | 328.05 | 364.50 | 486.00 | 291.60 | 1,470.15 | 6,779.70 |

**SEC v. Mediatrix Capital Inc. et al. Receivership QSF**

## Brick Kane of Robb Evans & Associates LLC, Receivership Administrative Report

### From Inception (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported and Approved | Previously Reported and Approved but Unpaid | Jul 21 | Aug 21 | Sep 21 | Oct 21 | This Period : 7/1/21~ 10/20/21 | From Inception 9/11/2020 ~ 10/20/2021 |
|---|---|---|---|---|---|---|---|---|
| F. Jen | 6,180.75 | 1,236.15 | 2,050.20 | 1,386.90 | 1,296.45 | 150.75 | 4,884.30 | 11,065.05 |
| H. Jen | 15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 |
| K. Johnson | 37,494.45 | 4,769.73 | 0.00 | 5,125.50 | 6,542.55 | 120.60 | 11,788.65 | 49,283.10 |
| T. Chung | 37,747.80 | 6,874.20 | 16,733.25 | 3,075.30 | 0.00 | 0.00 | 19,808.55 | 57,556.35 |
| **Total Deputies** | 125,414.25 | 16,948.53 | 19,179.90 | 10,738.80 | 8,427.60 | 1,965.15 | 40,311.45 | 165,725.70 |
| | | | | | | | | |
| **Total Fees** | 147,541.65 | 19,746.09 | 21,300.30 | 11,764.80 | 8,427.60 | 1,965.15 | 43,457.85 | 190,999.50 |
| | | | | | | | | |
| **Receiver Costs** | | | | | | | | |
| Bank Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Information Research Costs | 320.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 320.98 |
| Postage & Delivery | 149.01 | 0.00 | 0.51 | 1.53 | 0.00 | 26.04 | 28.08 | 177.09 |
| Tax Return Preparation | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,891.90 | 4,891.90 | 4,891.90 |
| Website Support | 933.62 | 0.00 | 0.00 | 126.00 | 0.00 | 108.00 | 234.00 | 1,167.62 |
| **Total Receiver Costs** | 1,403.61 | 0.00 | 0.51 | 127.53 | 0.00 | 5,025.94 | 5,153.98 | 6,557.59 |
| **Legal Fees & Costs** | | | | | | | | |
| Barnes & Thornburg LLP | | | | | | | | |
| Legal Fees | 184,949.30 | 25,603.08 | 15,522.30 | 13,535.30 | 10,764.00 | 21,169.20 | 60,990.80 | 245,940.10 |
| Legal Costs | 2,476.89 | 0.00 | 116.16 | 583.02 | 420.28 | 229.65 | 1,349.11 | 3,826.00 |
| Total Barnes & Thornburg LLP | 187,426.19 | 25,603.08 | 15,638.46 | 14,118.32 | 11,184.28 | 21,398.85 | 62,339.91 | 249,766.10 |
| | | | | | | | | |
| Engelman Berger, PC | | | | | | | | |
| Legal Fees | 11,951.00 | 860.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11,951.00 |
| Legal Costs | 252.49 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 252.49 |
| Total Engelman Berger, PC | 12,203.49 | 860.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12,203.49 |
| | | | | | | | | |
| **Total Legal Fees & Costs** | 199,629.68 | 26,463.78 | 15,638.46 | 14,118.32 | 11,184.28 | 21,398.85 | 62,339.91 | 261,969.59 |
| | | | | | | | | |
| **Total Receiver Fees & Costs** | 348,574.94 | 46,209.87 | 36,939.27 | 26,010.65 | 19,611.88 | 28,389.94 | 110,951.74 | 459,526.68 |
| | | | | | | | | |
| **Total Expenses** | 584,592.55 | 46,209.87 | 41,727.69 | 28,410.65 | 22,462.06 | 31,134.12 | 123,734.52 | 708,327.07 |
| | | | | | | | | |
| **Fund Balance** | **8,669,600.58** | | | | | | | **12,637,618.23** |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF
**Brick Kane of Robb Evans & Associates LLC Receivership Administrative Report - by Class**
From Incept (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported | A.L.A. Trust | Sewall | Young | Asset Analysis & Recovery | Asset Disposition | Case Administration | Accounting/ Auditing | Forensic Accounting | Tax Issues | From Inception 9/11/20 to 10/20/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Defendant & Corporate Funds** | | | | | | | | | | | |
| **A.L.A. Trust** | | | | | | | | | | | |
| Kaplan Hecker & Fink LLP | 100,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100,000.00 |
| Wells Fargo Bank NA Clearing | 24,730.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24,730.41 |
| Total A.L.A. Trust | 124,730.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 124,730.41 |
| **BLUEISLE_WL** | | | | | | | | | | | |
| Advanced Markets (UK) Ltd x181 | 853,940.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 853,940.57 |
| Total BLUEISLE_WL | 853,940.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 853,940.57 |
| **BLUEISLE2_WL** | | | | | | | | | | | |
| Advanced Markets (UK) Ltd x182 | 50,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50,000.00 |
| Total BLUEISLE2_WL | 50,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50,000.00 |
| **Bryant /Bev Sewall or Barb Yoss** | | | | | | | | | | | |
| USAA Federal Credit Union x073 | 3.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.91 |
| Total Bryant /Bev Sewall or Barb Yos | 3.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.91 |
| **Bryant E. Sewall** | | | | | | | | | | | |
| Banco Popular xxxx8741 | 112,188.44 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112,188.44 |
| Navy Federal CU xxxx7026 | 5.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.02 |
| Navy Federal CU xxxx7165 | 452.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 452.20 |
| Sale of 2012 Jeep Wrangler | 9,266.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9,266.62 |
| Service Credit Union xxx86 | 181.26 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 181.26 |
| USAA Federal Savings x5212 | 1,502.31 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,502.31 |
| Total Bryant E. Sewall | 123,595.85 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 123,595.85 |
| **Island Technologies LLC** | | | | | | | | | | | |
| Banco Popular xxxx0846 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |
| Banco Popular xxxx0862 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |
| Banco Popular xxx9027 | 61,564.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61,564.52 |
| Banco Popular xxx9329 | 15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 |
| Total Island Technologies LLC | 62,579.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 62,579.52 |
| **Keystone Business Trust** | | | | | | | | | | | |
| BBVA Compass xxxx3827 | 1,359,337.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,359,337.46 |
| BBVA Compass xxxx3921 | 10,239.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,239.84 |
| Total Keystone Business Trust | 1,369,577.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,369,577.30 |
| **Michael & Victoria Stewart** | | | | | | | | | | | |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF
**Brick Kane of Robb Evans & Associates LLC Receivership Administrative Report - by Class**
From Incept (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported | A.L.A. Trust | Sewall | Young | Asset Analysis & Recovery | Asset Disposition | Case Administration | Accounting/ Auditing | Forensic Accounting | Tax Issues | From Inception 9/11/20 to 10/20/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MidFirst Bank xxxx8270 | 3,905.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,905.42 |
| USAA Federal Savings xxxx8132 | 1,717.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,717.03 |
| Total Michael & Victoria Stewart | 5,622.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,622.45 |
| **Michael Stewart** | | | | | | | | | | | |
| Banco Popular xxxx1784 | 30,050.66 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30,050.66 |
| Hughes Federal CU xxx6503 | 68.64 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.64 |
| Wells Fargo Bank xxxx9286 | 450.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 450.91 |
| Total Michael Stewart | 30,570.21 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30,570.21 |
| **Michael Young** | | | | | | | | | | | |
| Banco Popular xxxx9843 | 262,773.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 262,773.38 |
| Key Bank xxxx6425 | 5,334.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,334.52 |
| Key Bank xxxx7726 | 25,934.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 25,934.98 |
| UBS Financial Services xxx7885 | 311,095.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 311,095.84 |
| Total Michael Young | 605,138.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 605,138.72 |
| **Sale of PR Property** | | | | | | | | | | | |
| Drohan Lee LLP | 1,870,674.53 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,870,674.53 |
| Total Sale of PR Property | 1,870,674.53 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,870,674.53 |
| **Salve Regina Trust** | | | | | | | | | | | |
| UBS Financial Services xxx7422 | 1,429,941.54 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,429,941.54 |
| Total Salve Regina Trust | 1,429,941.54 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,429,941.54 |
| **Sandy Toes LLC** | | | | | | | | | | | |
| Drohan Lee LLP | 2,434,590.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,434,590.35 |
| Total Sandy Toes LLC | 2,434,590.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,434,590.35 |
| **Victoria Stewart** | | | | | | | | | | | |
| Wells Fargo Bank xxxx9200 | 500.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.96 |
| Total Victoria Stewart | 500.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.96 |
| **West Beach LLC** | | | | | | | | | | | |
| Banco Popular xxxx5590 | 5,662.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,662.86 |
| Total West Beach LLC | 5,662.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,662.86 |
| Total Defendant & Corporate Funds | 8,967,129.18 | | | | | | | | | | 8,967,129.18 |
| **Interest Income** | 8,186.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,335.39 | 0.00 | 0.00 | 0.00 | 12,521.77 |
| **Sale of 1201 Lloyds Rd.** | 0.00 | 0.00 | 3,994,916.78 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,994,916.78 |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF
**Brick Kane of Robb Evans & Associates LLC Receivership Administrative Report - by Class**
From Incept (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported | A.L.A. Trust | Sewall | Young | Asset Analysis & Recovery | Asset Disposition | Case Administration | Accounting/ Auditing | Forensic Accounting | Tax Issues | From Inception 9/11/20 to 10/20/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sale of 8221 E. Sheridan | 118,755.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 118,755.42 |
| Sale of 7349 E Casitas Del Rio | 160,122.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160,122.15 |
| Settlements | | | | | | | | | | | |
| With God All Things Possible | 0.00 | 0.00 | 62,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 62,500.00 |
| Midwest Theological Forum | 0.00 | 0.00 | 10,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,000.00 |
| Save the Storks | 0.00 | 0.00 | 20,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20,000.00 |
| Total Settlements | 0.00 | 0.00 | 92,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 92,500.00 |
| | | | | | | | | | | | |
| Total Funds Collected | 9,254,193.13 | 0.00 | 4,087,416.78 | 0.00 | 0.00 | 0.00 | 4,335.39 | 0.00 | 0.00 | 0.00 | 13,345,945.30 |
| | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | |
| DCC Islands Foundation | | | | | | | | | | | |
| Annual Registration Fees BAH | 4,715.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,715.00 |
| Total DCC Islands Foundation | 4,715.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,715.00 |
| | | | | | | | | | | | |
| Real Property Expenses | | | | | | | | | | | |
| 1197 Lloyds Rd Little Elm, TX | | | | | | | | | | | |
| Appraisal | 2,400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,400.00 |
| Electricity | 133.66 | 0.00 | 73.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 207.43 |
| Lawn and Yard Maintenance | 1,550.00 | 0.00 | 650.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,200.00 |
| Property Taxes | 1,172.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,172.62 |
| Total 1197 Lloyds Rd Little Elm, TX | 5,256.28 | 0.00 | 723.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,980.05 |
| | | | | | | | | | | | |
| 1201 Lloyds Rd. Little Elm, TX | | | | | | | | | | | |
| Appraisal Services | 3,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 |
| Beehive Ag Services | 1,190.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,190.75 |
| Electricity | 2,362.39 | 0.00 | 662.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,025.31 |
| Hay Cultivation Services | 6,125.00 | 0.00 | 2,400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,525.00 |
| Insurance | 9,576.50 | 0.00 | 3,567.22 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13,143.72 |
| Lawn and Yard Maintenance | 2,884.38 | 0.00 | 650.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,534.38 |
| Locksmith Services | 418.32 | | | | | | | | | | 418.32 |
| Maintenance | 1,390.10 | 0.00 | 779.22 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,169.32 |
| Property Taxes | 80,955.93 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 80,955.93 |
| Total 1201 Lloyds Rd. Little Elm, TX | 108,403.37 | 0.00 | 8,059.36 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 116,462.73 |
| | | | | | | | | | | | |
| 5406 S. Cottonwood Ct. | | | | | | | | | | | |
| Property Insurance | 7,183.29 | 0.00 | 0.00 | 3,957.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11,140.56 |
| Property Taxes | 22,598.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22,598.32 |
| Total 5406 S. Cottonwood Ct. | 29,781.61 | 0.00 | 0.00 | 3,957.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 33,738.88 |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF
**Brick Kane of Robb Evans & Associates LLC Receivership Administrative Report - by Class**
From Incept (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported | A.L.A. Trust | Sewall | Young | Asset Analysis & Recovery | Asset Disposition | Case Administration | Accounting/ Auditing | Forensic Accounting | Tax Issues | From Inception 9/11/20 to 10/20/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **7439 Casitas Del Rio Dr AZ** | | | | | | | | | | | |
| Appraisal Services | 1,200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,200.00 |
| Insurance | 2,435.22 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,435.22 |
| Locksmith Services | 369.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 369.72 |
| Mortgage/Heloc | 40,355.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40,355.08 |
| Total 7439 Casitas Del Rio Dr AZ | 44,360.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 44,360.02 |
| **8221 E Sheridan Scottsdale, AZ** | | | | | | | | | | | |
| Appraisal Services | 1,725.00 | | | | | | | | | | 1,725.00 |
| Insurance | 2,279.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,279.63 |
| Locksmith Services | 493.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 493.72 |
| Mortgage Payments | 32,823.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32,823.00 |
| Property Taxes | 2,080.19 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,080.19 |
| Total 8221 E Sheridan Scottsdale, AZ | 39,401.54 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 39,401.54 |
| **Port Charlotte, FL Lots** | | | | | | | | | | | |
| Appraisal Fees | 550.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 550.00 |
| Insurance | 107.33 | 0.00 | 0.00 | 42.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 149.71 |
| Property Taxes | 3,442.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,442.46 |
| Total Port Charlotte, FL Lots | 4,099.79 | 0.00 | 0.00 | 42.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,142.17 |
| **Total Real Property Expenses** | 231,302.61 | 0.00 | 8,783.13 | 3,999.65 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 244,085.39 |
| **Receiver Fees & Costs** | | | | | | | | | | | |
| Fees | | | | | | | | | | | |
| Receiver | | | | | | | | | | | |
| B. Kane | 22,127.40 | 0.00 | 0.00 | 0.00 | 205.20 | 136.80 | 2,804.40 | 0.00 | 0.00 | 0.00 | 25,273.80 |
| Total Receiver | 22,127.40 | 0.00 | 0.00 | 0.00 | 205.20 | 136.80 | 2,804.40 | 0.00 | 0.00 | 0.00 | 25,273.80 |
| Deputies | | | | | | | | | | | |
| A. Jen | 12,004.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,231.20 | 1,060.20 | 0.00 | 68.40 | 14,364.00 |
| C. Callahan | 26,662.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26,662.50 |
| C. DeCius | 5,309.55 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,470.15 | 0.00 | 0.00 | 6,779.70 |
| F. Jen | 6,180.75 | 0.00 | 0.00 | 0.00 | 2,773.80 | 0.00 | 1,356.75 | 753.75 | 0.00 | 0.00 | 11,065.05 |
| H. Jen | 15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 |
| K. Johnson | 37,494.45 | 0.00 | 0.00 | 0.00 | 0.00 | 11,788.65 | 0.00 | 0.00 | 0.00 | 0.00 | 49,283.10 |
| T. Chung | 37,747.80 | 0.00 | 0.00 | 0.00 | 0.00 | 1,989.90 | 6,210.90 | 0.00 | 11,607.75 | 0.00 | 57,556.35 |
| Total Deputies | 125,414.25 | 0.00 | 0.00 | 0.00 | 2,773.80 | 13,778.55 | 8,798.85 | 3,284.10 | 11,607.75 | 68.40 | 165,725.70 |
| **Total Fees** | 147,541.65 | 0.00 | 0.00 | 0.00 | 2,979.00 | 13,915.35 | 11,603.25 | 3,284.10 | 11,607.75 | 68.40 | 190,999.50 |

SEC v. Mediatrix Capital Inc. et al. Receivership QSF
**Brick Kane of Robb Evans & Associates LLC Receivership Administrative Report - by Class**
From Incept (Sept 11, 2020) to Oct 20, 2021

| | Previously Reported | A.L.A. Trust | Sewall | Young | Asset Analysis & Recovery | Asset Disposition | Case Administration | Accounting/ Auditing | Forensic Accounting | Tax Issues | From Inception 9/11/20 to 10/20/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receiver Costs** | | | | | | | | | | | |
| Bank Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Information Research Costs | 320.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 320.98 |
| Postage & Delivery | 149.01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 28.08 | 0.00 | 0.00 | 0.00 | 177.09 |
| Tax Return Preparation | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,891.90 | 0.00 | 0.00 | 0.00 | 4,891.90 |
| Website Support | 933.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 234.00 | 0.00 | 0.00 | 0.00 | 1,167.62 |
| **Total Receiver Costs** | 1,403.61 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,153.98 | 0.00 | 0.00 | 0.00 | 6,557.59 |
| **Legal Fees & Costs** | | | | | | | | | | | |
| Barnes & Thornburg LLP | | | | | | | | | | | |
| Legal Fees | 184,949.30 | 0.00 | 0.00 | 0.00 | 34,044.70 | 13,790.10 | 13,156.00 | 0.00 | 0.00 | 0.00 | 245,940.10 |
| Legal Costs | 2,476.89 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,349.11 | 0.00 | 0.00 | 0.00 | 3,826.00 |
| Total Barnes & Thornburg LLP | 187,426.19 | 0.00 | 0.00 | 0.00 | 34,044.70 | 13,790.10 | 14,505.11 | 0.00 | 0.00 | 0.00 | 249,766.10 |
| Engelman Berger, PC | | | | | | | | | | | |
| Legal Fees | 11,951.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11,951.00 |
| Legal Costs | 252.49 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 252.49 |
| Total Engelman Berger, PC | 12,203.49 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12,203.49 |
| **Total Legal Fees & Costs** | 199,629.68 | 0.00 | 0.00 | 0.00 | 34,044.70 | 13,790.10 | 14,505.11 | 0.00 | 0.00 | 0.00 | 261,969.59 |
| **Total Receiver Fees & Costs** | 348,574.94 | 0.00 | 0.00 | 0.00 | 37,023.70 | 27,705.45 | 31,262.34 | 3,284.10 | 11,607.75 | 68.40 | 459,526.68 |
| **Total Expenses** | 584,592.55 | 0.00 | 8,783.13 | 3,999.65 | 37,023.70 | 27,705.45 | 31,262.34 | 3,284.10 | 11,607.75 | 68.40 | 708,327.07 |
| **Fund Balance** | 8,669,600.58 | | | | | | | | | | 12,637,618.23 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF.  In addition, I hereby certify that I have mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner indicated by the non-participant's name:

> Aaron Stewart
> 23800 North 73rd Place
> Scottsdale, AZ 85255

> */s/ Stephanie L. Moore*