# **EXHIBIT 1**

**Mark B. Conlan of Gibbons P.C., Receiver**
**Mediatrix Capital Fund Inc., et al.**

**REPORT OF RECEIVER'S ACTIVITIES**

**October 20, 2021 through December 31, 2021**

This report covers the activities of the Receiver[1] for the quarterly period since the Receiver's appointment on October 20, 2021 (the "Appointment") [ECF No. 284].

Section XI of the Order Appointing Receiver [ECF No. 153] (the "Receiver Order") directs the Receiver to file a report and accounting of the Receivership Estate on a quarterly basis. This is the first quarterly report to the Court by this Receiver on the progress of the receivership since the Appointment (the "Quarterly Status Report") and the fifth report since the appointment of the Original Receiver (as defined below). The Quarterly Status Report is not an audit of financial condition and is intended solely to provide information for use by the Court in assessing the progress of the receivership.

Section XI of the Receivership Order also specifies that the Quarterly Status Report shall contain the following:

A.  A summary of the operations of the Receiver;

B.  The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate (attached as Exhibit A to the Quarterly Status Report);

C.  A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

---

[1] In connection with the Quarterly Status Report, Receiver may also include the Receiver's counsel and paraprofessionals.

1

D.  A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.  A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.  A list of all known creditors with their addresses and the amounts of their claims; and

G.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

The original Receiver Order appointed Brick Kane of Robb Evans & Associates LLC (the "Original Receiver") as receiver over the (1) Entity Defendants; (2) the Receivership Assets of the Individual Defendants; and (3) the Recoverable Assets of the Receivership Relief Defendants, as those terms are defined therein. (ECF No. 153 at p. 2.)  The Receiver Order provides that "[t]he Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Defendants and the Receivership Relief Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil Procedure 66." (*Id*. at ¶ 1.)

The Original Receiver's duties and responsibilities under the Receiver Order required him to, among other things, identify, account for, and preserve and protect receivership assets.  To that end, the Receiver Order allowed him to "engage and employ persons in his discretion to assist him

in carrying out his duties and responsibilities [under the Receiver Order], including, but not limited to … attorneys…" (*Id*. at ¶ 4.F.)

**Professional Retentions**

Given the Receiver's need for assistance of counsel, on October 29, 2021, the Receiver filed an Unopposed Motion for Order Authorizing Employment of Gibbons P.C. as Counsel for Receiver, *nunc pro tunc* to October 20, 2021, which was granted on November 1, 2021 (ECF Nos. 288 and 291).

The Receiver determined that he would need accounting assistance in this matter to assist with bookkeeping and reporting requirements and on November 1, 2021 engaged Rocky Mountain Advisory, LLC in Salt Lake City, Utah to serve as his accountants in this matter.

The Receiver also engaged James Hankins of ACR Realty, Inc. in Plano, Texas on December 23, 2021 to re-list the real property located at 1197 Lloyds Road, Little Elm, Texas for sale.

**Summary of Operations**

Shortly after the Court issued the Appointment order, the Receiver filed miscellaneous actions under 28 U.S.C. § 754 in the United States District Courts of Arizona, the Eastern and Northern Districts of Texas, the District of Puerto Rico, and the Middle District of Florida.

The Receiver has communicated with personnel from the offices of the Plaintiff, offices of counsel for certain Defendants, and offices of the Original Receiver and his counsel to ascertain the status of and issues regarding real property assets, personal property assets, and other assets. Of course, the majority of these communications in this initial quarter concerned the transition of Receivership operations from Robb Evans & Associates LLC and their counsel at Barnes &

3

Thornburg LLP and related administrative duties such as establishing bank accounts, receipt of funds, obtaining insurance coverage on certain real property, informing vendors of the substitution, and coordinating the transfer of numerous electronic files and providing access to the Receiver's professionals.

In the 10th Circuit Appeals in case numbers 21-1061; 21-1075; and 21-1322; the Receiver submitted a Motion to Substitute Mark B. Conlan as Receiver on December 23, 2021 that included a statement (mindful of the costs associated with appellate practice) that the Receiver's views are well represented by the Appellee's brief filed by the United States Securities & Exchange Commission and that the Receiver, does not intend to file a brief in those appeals.

**Cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate**

As of December 31, 2021, the Receiver was holding $12,634,121.22 net of accrued and unpaid fees and costs totaling $125,255.90.

The breakdown for fees and costs are detailed on Exhibit A (p. 13), including accrued and unpaid fees and costs for the Receiver and his staff total $15,727.35 in fees plus $46.01 in costs. Accrued and unpaid fees and costs for the Receiver's counsel total $71,678.70. Accrued and unpaid fees and costs for the Receiver's accountants, Rocky Mountain Advisory, LLC, total $12,214.61 plus $136.61 in costs.

In addition there are accrued and unpaid fees and costs of from Robb Evans & Associates LLC and Barnes & Thornburg LLP for their assistance in supporting the transition from the Original Receiver to the substitute Receiver. As also detailed on Exhibit A are accrued and unpaid

4

fees and costs for Robb Evans & Associates LLC that total $7,555.65 in fees and for Barnes & Thornburg LLP that total $17,938.00 in fees plus $95.58 in costs.

A motion for approval of fees and costs for this period of the receivership will be filed not later than March 16, 2021 in compliance with the Receiver Order.

**Schedule of Receipts and Disbursements**

Attached at Exhibit A details receipts and disbursements by month (pages 1-12).

**Description of all known Receivership Property**

Real Property

The following chart lists all domestic[2] real property and provides status information for each:

| Defendant | Address | Valuation | Status |
|---|---|---|---|
| Bryant Sewall and Hanna Ohonkova Sewall | 1201 Lloyd's Rd, Oak Point, TX | Two appraisals | Sold. Sale ordered 8/6/21 [ECF 264] |
| Bryant Sewall and Hanna Ohonkova Sewall | 1197 Lloyd's Rd, Oak Point, TX | 2020 appraisal; updated appraisal requested | Purchase offer has been received and a Sale Motion is anticipated. |
| Bryant Sewall and Hanna Ohonkova Sewall | 1199 Lloyd's Rd, Oak Point, TX | Two appraisals | Sold. Sale ordered 8/6/21 [ECF 264] |
| Michael Stewart and Victoria M. Stewart | 8082 E Arroyo Hondo Rd, Scottsdale, AZ | | Asset Freeze Order filed by Plaintiff |
| Michael Stewart and Victoria M. Stewart | 8221 Sheridan St, Scottsdale, AZ | Two appraisals | Sold. Sale ordered 4/12/21 [ECF 247] |
| Michael Stewart and Victoria M. Stewart | 7349 Casitas Del Rio, Scottsdale, AZ | Two appraisals | Sold. Sale ordered 4/12/21 [ECF 247] |
| Michael Young and Maria C. Young | 5406 S Cottonwood Ct, Greenwood Village, CO | | Asset Freeze Order filed by Plaintiff |
| Michael Young and Maria C. Young | 4 Lots in Port Charlotte, FL | Two appraisals | Order Granting Joint Motion to Preserve this Property [ECF 249], The property remains a frozen asset. |

---

[2] The Defendants' real property holdings in the Bahamas are subject to a forfeiture action commenced by the U.S. Attorney for the District of Colorado, Case No. 19-cv-3310. Defendant Sewall's real property holdings in the Ukraine are subject to a restraining order [ECF No. 51] that was entered in *United States of America v. Bryant Edwin Sewall, et al.*, Criminal Case No. 1:21-cr-00034.

*1197 Lloyds Road Oak Point, TX*

This property is a 1.0 acre lot improved with a good quality metal building with four rollup doors. There is no residence, water service, or operating septic tank system. The Receiver has been informed by the listing agent that the property is not eligible for water, sewer or septic service under existing zoning regulations in Denton County, Texas. The Receiver's listing agent has received a purchase offer for $170,000. A Sale Motion is anticipated. An updated appraisal has been requested.

*Lots in Port Charlotte, Florida*

This property is 1.023 acres of raw land, consisting of four contiguous, tied lots zoned for multi-family use. Pursuant to the *Joint Motion to Preserve Real Property Commonly Known as 12088 Tetzel Avenue, Port Charlotte, Florida* filed by the SEC and Defendant Michael Young and Relief Defendant Maria Young [ECF No. 242] and the Court's Order [ECF No. 249] granting that motion and denying the Original Receiver's sale motion [ECF No. 227], no further action has been taken with respect to the lots in Port Charlotte, Florida.

Personal Property

The description of personal property was previously provided to the Court.

**Liquidated and Unliquidated Claims**

On December 15, 2021, the Plaintiff filed a Motion to Modify Asset Freeze (the "Equiti Motion") regarding a potential settlement with Equity UK [ECF No. 295]. The Receiver does not oppose the relief sought in the Equiti Motion, which was fully briefed as of January 18, 2022.

During this period the Receiver sent 14 demand letters to charitable organizations as well as nine demand letters to alleged asset freeze violators. To date, we have received signed tolling agreements from four charities and one alleged asset freeze violator.

In addition, the Receiver is analyzing the most cost-effective means of recovering commission payments paid to certain brokers. As an initial step, the Receiver intends to send demand letters to brokers where contact information is available in the records.

Further the Receiver has identified potential avoidance actions, potential actions regarding vehicles and other personal property, as well as other potential litigation.

**Creditor List**

There is no new information regarding the creditor list since the Receiver's quarterly report filed on January 29, 2021 [ECF No. 215].

**Receiver's Recommendation as to Continuation of Receivership**

The Receiver recommends continuation of the receivership to collect and liquidate the remaining real and personal property assets as well as assess and prosecute certain claims of the receivership estate. Some of those claims relate to transfers and payments made by the defendants before and after the commencement of this case that may be subject to recovery.

Respectfully submitted,

/s/ Mark B. Conlan
Mark B. Conlan of Gibbons P.C.
Receiver