# EXHIBIT 1

**Mark B. Conlan of Gibbons P.C., Receiver**
**Mediatrix Capital Fund Inc.,** *et al.*

**REPORT OF RECEIVER'S ACTIVITIES**

**January 1, 2022 through March 31, 2022**

This report covers the activities of the Receiver[1] for the first quarterly period of 2022.  The Receiver was appointed on October 20, 2021 (the "Appointment") [ECF No. 284].

Section XI of the Order Appointing Receiver [ECF No. 153] (the "Receiver Order") directs the Receiver to file a report and accounting of the Receivership Estate on a quarterly basis.  This is the second quarterly report to the Court by this Receiver on the progress of the receivership since the Appointment (the "Quarterly Status Report") and the sixth report since the appointment of the Original Receiver (as defined below).  The Quarterly Status Report is not an audit of financial condition and is intended solely to provide information for use by the Court in assessing the progress of the receivership.

Section XI of the Receivership Order also specifies that the Quarterly Status Report shall contain the following:

A.      A summary of the operations of the Receiver;

B.      The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate (attached as Exhibit A to the Quarterly Status Report);

C.      A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

---

[1] In connection with the Quarterly Status Report, Receiver may also include the Receiver's counsel and paraprofessionals.

D.     A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.     A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.     A list of all known creditors with their addresses and the amounts of their claims; and

G.     The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

**Summary of Operations**

During this period the Receiver has communicated with personnel from the offices of the Plaintiff, offices of counsel for certain Defendants, pro se Defendants, offices of the Original Receiver and his counsel, as well as real estate brokers and professional appraisers in connection with issues regarding avoidance claims, real property assets, personal property assets, and other assets. The Receiver has also responded to investor inquiries during the period.

The Receiver prepared and filed the *Report of Receiver's Activities from October 20, 2021 through December 31, 2021* and *Motion for Order Approving and Authorizing Payment of Receiver's and Professionals' Fees and Costs from October 20, 2021 through December 31, 2021* both of which were approved.

In the 10th Circuit Appeals in case numbers 21-1061; 21-1075; and 21-1322; the Receiver continued to monitor significant filings, including regarding the January 28, 2022 *Young Appellants' Motion for Stay of Trial Court Proceedings Pending Appeal* which was denied by order of the Court of Appeals on March 9, 2022.

3007196.2 117199-106202

As noted in the Receiver's previous Quarterly Status Report, there is a motion pending on the District Court docket regarding potential settlement with Equity UK entitled *Motion to Modify Asset Freeze to Permit the Transfer of Funds, Including Certain Disputed Funds, from Equiti UK to the Receiver* (the "Equiti Motion") [ECF No. 295].  On January 18, 2022, the Plaintiff filed the *SEC Reply in Support of Motion to Modify Asset Freeze to Permit the Transfer of Funds, Including Certain Disputed Funds, from Equiti UK to the Receiver* (the "Equity Reply") [ECF No. 304].  The filing of the Equity Reply completed the briefing.  The Receiver does not oppose the relief sought in the Equiti Motion.

To provide investors and other interested parties with timely information regarding the status of the receivership, the Receiver and his team engaged a web designer to develop a receivership website during January, 2022.  The website address is mediatrixreceivership.com.  One of the paraprofessionals of Receiver's counsel has been updating the website throughout the period to reflect significant activity in matters related to the receivership.  This arrangement is significantly less expensive than paying a third-party to host the website.

**Cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate**

As of March 31, 2022, the Receiver was holding $12,490,287.49 net of accrued and unpaid fees and costs totaling $80,960.29.

The breakdown for fees and costs are detailed on Exhibit A (p. 11), including accrued and unpaid fees and costs for the Receiver and his staff total $4,200.00 in fees.  Accrued and unpaid fees and costs for the Receiver's counsel total $66,566.10 in fees plus $298.34 in costs.  Accrued and unpaid fees and costs for the Receiver's accountants, Rocky Mountain Advisory, LLC, total $8,663.00 in fees.

3007196.2 117199-106202

In addition there are accrued and unpaid fees and costs of from Robb Evans & Associates LLC and Barnes & Thornburg LLP for their assistance in supporting the transition from the Original Receiver to the substitute Receiver. As also detailed on Exhibit A are accrued and unpaid fees and costs for Robb Evans & Associates LLC that total $525.25 in fees and for Barnes & Thornburg LLP that total $717.60 in fees.

A motion for approval of fees and costs for this period of the receivership will be filed not later than June 14, 2022 in compliance with the Receiver Order.

**Schedule of Receipts and Disbursements**

Attached at Exhibit A details receipts and disbursements by month (pages 1-12).

**Description of all known Receivership Property**

Real Property

The following chart lists all domestic[2] real property and provides status information for each:

| Defendant | Address | Valuation | Status |
|---|---|---|---|
| Bryant Sewall and Hanna Ohonkova Sewall | 1201 Lloyd's Rd, Oak Point, TX | Two appraisals | Sold. Sale ordered 8/6/21 [ECF 264] |
| Bryant Sewall and Hanna Ohonkova Sewall | 1197 Lloyd's Rd, Oak Point, TX | 2020 appraisal; updated appraisal requested | Multiple purchase offers have been received and a Sale Motion is anticipated soon. |
| Bryant Sewall and Hanna Ohonkova Sewall | 1199 Lloyd's Rd, Oak Point, TX | Two appraisals | Sold. Sale ordered 8/6/21 [ECF 264] |
| Michael Stewart and Victoria M. Stewart | 8082 E Arroyo Hondo Rd, Scottsdale, AZ | | Asset Freeze Order filed by Plaintiff. |
| Michael Stewart and Victoria M. Stewart | 8221 Sheridan St, Scottsdale, AZ | Two appraisals | Sold. Sale ordered 4/12/21 [ECF 247] |

---

[2] The Defendants' real property holdings in the Bahamas are subject to a forfeiture action commenced by the U.S. Attorney for the District of Colorado, Case No. 19-cv-3310. Defendant Sewall's real property holdings in the Ukraine are subject to a restraining order [ECF No. 51] that was entered in *United States of America v. Bryant Edwin Sewall, et al.*, Criminal Case No. 1:21-cr-00034.

3007196.2 117199-106202

| Defendant | Address | Valuation | Status |
|---|---|---|---|
| Michael Stewart and Victoria M. Stewart | 7349 Casitas Del Rio, Scottsdale, AZ | Two appraisals | Sold. Sale ordered 4/12/21 [ECF 247] |
| Michael Young and Maria C. Young | 5406 S Cottonwood Ct, Greenwood Village, CO | | Asset Freeze Order filed by Plaintiff |
| Michael Young and Maria C. Young | 4 Lots in Port Charlotte, FL | Two appraisals | Order Granting Joint Motion to Preserve this Property [ECF 249], The property remains a frozen asset. |

*1197 Lloyds Road Oak Point, TX*

This property is a 1.0 acre lot improved with a good quality metal building with four rollup doors. There is no residence, water service, or operating septic tank system. The Receiver has been informed by the listing agent that the property is not eligible for water, sewer or septic service under existing zoning regulations in Denton County, Texas. The Receiver's listing agent has received a multiple offers with contracts at prices between $170,000 and $202,000. A Sale Motion has been drafted. Updated appraisals and a brokers value opinion have been requested and two updated appraisals have been received. A title issue regarding property was also addressed during the period and is expected to be resolved soon.

*Lots in Port Charlotte, Florida*

This property is 1.023 acres of raw land, consisting of four contiguous, tied lots zoned for multi-family use. Pursuant to the *Joint Motion to Preserve Real Property Commonly Known as 12088 Tetzel Avenue, Port Charlotte, Florida* filed by the SEC and Defendant Michael Young and Relief Defendant Maria Young [ECF No. 242] and the Court's Order [ECF No. 249] granting that motion and denying the Original Receiver's sale motion [ECF No. 227], no further action has been taken with respect to the lots in Port Charlotte, Florida.

3007196.2 117199-106202

Further, the Receiver also has engaged in successful efforts to obtain replacement homeowners insurance for the Youngs' residence in Greenwood Village, Colorado; and confirmed that the Stewarts have homeowners' insurance in place for the home in Scottsdale, Arizona.

<u>Personal Property</u>

The description of personal property was previously provided to the Court.

**Liquidated and Unliquidated Claims**

During this period the Receiver sent 14 tolling letters to charitable organizations as well as nine tolling letters to alleged asset freeze violators. Two of those charities have been combined, making the revised total 13 tolling letters. To date, we have received signed tolling agreements from seven charities and one alleged asset freeze violator.

In addition, the Receiver continues to analyze the most cost-effective means of recovering commission payments paid to certain brokers. As an initial step, the Receiver sent 10 tolling agreement letters to brokers where contact information is available in the records and to date has received back two signed tolling agreements.

Further the Receiver continues to identify and analyze data as well as perform legal research in support of potential avoidance actions, potential actions regarding certain vehicles and a 38' motor vessel, and other personal property. During the period, the Receiver also sent a demand letter to Michael Stewart for the titles of seven vehicles and attempted to follow up with Mr. Stewart regarding an additional nine motor vehicle titles. Further, the Receiver requested certain financial records from a former financial Mediatrix employee.

The Receiver's accountants have analyzed the Entity Defendants' bank records and identified a pool of "net winners." The Receiver's counsel began research regarding a motion for

3007196.2 117199-106202

leave to bring certain avoidance or clawback claims against the identified net winners, as well as certain brokers that earned commissions selling securities that are alleged to be unregistered.

**Creditor List**

There is no new information regarding the creditor list since the Receiver's quarterly status report filed on January 28, 2022 [ECF No. 310].

**Receiver's Recommendation as to Continuation of Receivership**

The Receiver recommends continuation of the receivership to collect and liquidate the remaining real and personal property assets as well as assess and prosecute certain claims of the Receivership Estate.  Some of those claims relate to transfers and payments made by the defendants before and after the commencement of this case that may be subject to recovery.

Dated: April 29, 2022

Respectfully submitted,

/s/ Mark B. Conlan
Mark B. Conlan of Gibbons P.C.
Receiver
