**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02594-RM-SKC

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MEDIATRIX CAPITAL INC., *et al.*,

    Defendants,

and

MEDIATRIX CAPITAL FUND LTD, *et al.*,

    Relief Defendants.

**MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF
RECEIVER'S AND PROFESSIONALS' FEES AND COSTS
FROM JANUARY 1, 2022 THROUGH MARCH 31, 2022**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    Mark B. Conlan of Gibbons P.C., as receiver ("Receiver"), by and through his counsel, hereby moves this Court for an order approving and authorizing for payment Receivership fees and costs incurred from the time of the appointment of Mark B. Conlan as successor receiver on January 1, 2022 through the end of the quarter, March 31, 2022 (the "Second Expense Period"). The Receiver specifically moves the Court for an order approving and authorizing for payment Receivership fees and reimbursement of costs (the "Motion") as follows:

    a)    Receiver's fees of $4,130.00 and Receiver's costs of $4.50 for a total of $4,134.50 in connection with services described in detail below as well as on the Receiver's

invoice attached as Exhibit A to the Declaration of Mark B. Conlan filed contemporaneously herewith (the Conlan Declaration");

      b)      Receiver's counsel Gibbons P.C.'s ("Gibbons") fees of $66,621.00 and Gibbons' costs of $465.32 for a total of $67,086.32 in connection with services described in detail below as well as on the Gibbons invoice attached as Exhibit A to the Declaration of David N. Crapo filed contemporaneously herewith (the "Crapo Declaration") and together with the Conlan Declaration (the "Conlan and Crapo Declarations");

      c)      Receiver's accountants, Rocky Mountain Advisory, LLC's ("RMA"), fees of $9,045.00 and RMA's costs of $224.12 for a total of $9,269.12 in connection with services described in detail below as well as on RMA's invoice attached as Exhibit B to the Conlan Declaration;

      d)      Original Receiver firm Robb Evans and Associates, LLC's, ("Robb Evans") fees totaling $515.25 for transition services described in detail below as well as on Robb Evans' invoice attached as Exhibit C to the Conlan Declaration; and

      e)      Original Receiver's counsel at Barnes & Thornburg LLP's, ("Barnes & Thornburg") fees of $717.60 for transition services described in detail below as well as on Barnes & Thornburg's invoice attached as Exhibit D to the Conlan Declaration.

## INTRODUCTION

This is the second Quarterly Fee Application pursuant to the Receiver Order, and covers the Second Expense Period, from January 1, 2022 through March 31, 2022. The Motion is based on the memorandum of points and authorities below, the Conlan and Crapo Declarations, upon the pleadings, records and files of the Court in this case of which the Receiver requests the Court to

take judicial notice, including without limitation the *Report of Receiver's Activities from January 1, 2022 through March 31, 2022* [ECF No. 324] (the "Receiver's Second Report") and such other evidence as may be provided by the Receiver in support of the Motion.

The Motion is made pursuant to paragraphs 45-48 of the Order Appointing Receiver (ECF No. 153) (the "Receiver Order"). Paragraph 45 of the Receiver Order specifically provides for the Receiver to apply for compensation and expense reimbursement on a quarterly basis from Receivership Funds within 75 days after the end of each calendar quarter.

## STATEMENT REGARDING DUTY TO CONFER
## PURSUANT TO D.C. COLO. LCivR 7.1(a)

Pursuant to paragraph 45 of the Receiver Order, the Receiver is to serve upon counsel for the United States Securities and Exchange Commission ("SEC" or "Plaintiff") a complete copy of the Motion, together with all exhibits and relevant billing information in a format approved by the SEC within 30 days (the "SEC Deadline") prior to filing the Motion. The Plaintiff indicates that it has no objection to this Motion.

The Receiver provided a copy of this Quarterly Fee Application in advance to the following defendants: Mediatrix Capital Inc., Blue Isle Markets Inc., Blue Isle Markets Ltd., Michael S. Stewart, Victoria M. Stewart, Bryant E. Sewall and Hanna Ohonkova Sewall, as well as Attorneys for Defendant Michael S. Young, Maria C. Young, Salve Regina Trust, West Beach LLC, TF Alliance LLC, Hase Haus LLC and Casa Conejo LLC through their counsel. The Receiver received an objection to the this Quarterly Fee Application from Defendant Michael S. Young and Relief Defendant Maria C. Young (the "Youngs"). No Defendants other than the Youngs have responded to this Quarterly Fee Application.

The Receiver Order requires that the Court rule on the Motion for the payment of the Receiver's fees and expenses and those of its counsel and other professionals [ECF No. 153]. In addition the Receiver Order specifies certain procedures in connection with the application for approval and authorization for Receiver's fees and cost reimbursement as generally described above and as set forth in detail at paragraphs 45-48 of the Receiver Order.

## MEMORANDUM OF POINTS AND AUTHORITIES, STATEMENT OF FACTS AND SUMMARIES OF SERVICES

**Introduction and Statement of Facts**

On September 11, 2020 the Court entered the Receiver Order appointing Brick Kane of Robb Evans & Associates LLC (the "Original Receiver") as receiver over the (1) Entity Defendants; (2) the Receivership Assets of the Individual Defendants; and (3) the Recoverable Assets of the Receivership Relief Defendants, as those terms are defined therein. [ECF No. 153 at p. 2.] The Receiver Order provides that "[t]he Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Defendants and the Receivership Relief Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil Procedure 66." (*Id.* at ¶ 1.)

On October 20, 2021, a docket order was entered substituting Mark Conlan of Gibbons P.C. as Receiver in this case, to function under the terms and conditions of the existing Receiver Order. (the "Appointment Order") [ECF No. 284]

4

The Original Receiver's duties and responsibilities under the Receiver Order required him to, among other things, identify, account for, and preserve and protect Receivership assets. To that end, the Receiver Order allowed him to "engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities [under the Receiver Order], including, but not limited to … attorneys…" (*Id.* at ¶ 4.F.)

### SUMMARY OF SERVICES BY RECEIVER AND HIS COUNSEL, GIBBONS P.C.

**Employment Applications**

The Receiver and his counsel continued the retention of James Hankins, CCIM of ACR Realty, Inc. to sell the 1197 Lloyds Road property. The Receiver and his counsel engaged Robert W. Snider of Lowery Property Advisors and Jason Seacrest of Pyles Whatley Corporation during the Second Expense Period to provide updated appraisals for the 1197 Lloyds Road property. In addition, the Receiver and his counsel engaged Mike Tobin of Team Tobin to provide a broker's value opinion for the same property.

**Asset Analysis and Recovery; Business Operations; and Case Administration**

The Receiver and Gibbons personnel communicated with personnel from the offices of the Plaintiff, offices of counsel for certain Defendants, and offices of the Original Receiver and his counsel as well as real estate brokers and professional appraisers in connection with issues regarding potential avoidance claims, real property assets, personal property assets, and other assets. The majority of these communications in the Second Expense Period concerned the real property assets, personal property assets, and avoidance claims.

Updated appraisals and a broker's value opinion on the 1197 Lloyds Road, Oak Point Texas property were requested during the Second Expense Period and two updated appraisals have been

5

received and reviewed. The Receiver and Gibbons personnel worked extensively with counsel for a title company to address a title issue regarding this property. The issue is expected to be resolved by May 15, 2022.

To provide investors and other interested parties with timely information regarding the status of the receivership, the Receiver and his team engaged a web designer to develop a receivership website during January, 2022. The website address is [www.mediatrixreceivership.com](www.mediatrixreceivership.com). One of the paraprofessionals of Receiver's counsel has been updating the website throughout the period to reflect significant activity in matters related to the receivership. This arrangement is significantly less expensive than paying a third-party to host the website.

**Litigation**

In the 10th Circuit Appeals in case numbers 21-1061; 21-1075; and 21-1322; the Receiver and his counsel continued to monitor significant filings, including those regarding the January 28, 2022 *Young Appellants' Motion for Stay of Trial Court Proceedings Pending Appeal* which was denied by order of the Court of Appeals on March 9, 2022.

The Receiver and Gibbons personnel sent out tolling agreement letters to charities who had received donations from assets of the individuals and entities subject to the instant receivership and brokers who had received commission payments paid to certain brokers that had introduced investors to Mediatrix. Reminder letters were sent to the charities that had not responded to the initial letters and will be sent to the brokers who do not respond to their initial letters. To date, the Receiver has received responses from eight (8) charities, one alleged violator of the Asset Freeze Order and two brokers. The Receiver and Gibbons personnel are conducting due diligence to

6

3010062.1 117199-106202

locate addresses for certain so-called net-winners with respect to the Mediatrix scheme. Once those addresses are obtained, demand and tolling agreement letters will be sent to them as will be further described in an upcoming motion.

The Receiver and his counsel have also identified potential avoidance actions, potential actions regarding vehicles and other personal property, as well as other potential litigation.

## SUMMARY OF SERVICES BY OTHER RECEIVER PROFESSIONALS

**Rocky Mountain Advisory Services**

The majority of RMA's services provided in the Second Expense Period were related to Receivership operations and included but are not limited to the following: preparation of Quarterly Report for the 4th Quarter of 2021; communications with the Receiver and his counsel at Gibbons and with SEC personnel; review and verification of investor lists and contact information; preparation of payments to vendors; forensic investigation; work on tax-related matters; and consulting on the Receiver's website, www.mediatrixreceivership.com. For additional detail, please see time entries on Exhibit B to the Conlan Declaration.

**Barnes & Thornburg and Robb Evans Services**

The Receiver and his counsel communicated with personnel from the offices of the Original Receiver and their counsel in connection with issues regarding real property assets, personal property assets and other assets. The majority of communications in the Second Expense Period concerned insurance coverage on certain real property and communications with insurance vendors regarding same. For additional detail, please see time entries on Exhibit C and Exhibit D to the Conlan Declaration.

3010062.1 117199-106202

**Receiver Order Requirements for Applications for Compensation**

Paragraph 45 of the Receiver Order provides for the Receiver to apply for compensation and expense reimbursement on a quarterly basis from Receivership Funds within 75 days after the end of each calendar quarter. Further, paragraph 45 provides that 30 days prior to the filing of such motion, the Receiver is required to serve upon counsel for the SEC a complete copy of the motion, together with all declarations, exhibits and relevant billing information in a format approved by the SEC, which the Receiver has done.

Paragraph 46 of the Receiver Order provides that all Quarterly Fee Applications will be interim and subject to cost benefit and final reviews at the close of the Receivership. Paragraph 48 of the Receiver Order provides, among other things, that each Quarterly Fee Application shall comply with the terms of the Billing Instructions provided by the SEC to the Receiver; shall represent that the fees and expenses were incurred in the best interests of the Receivership Estate; and that the Receiver has not entered into any agreement with any person or entity concerning the amount of any compensation paid or to be paid from the Receivership Estate, or any sharing thereof. The requisite certifications are contained in the Conlan and Crapo Declarations.

## FEES AND COSTS OF THE RECEIVER AND HIS PROFESSIONALS ARE REASONABLE

It is a fundamental tenet of receivership law that expenses of administration incurred by the receiver, including those of the receiver, his counsel and others employed by him, constitute priority expenses for which compensation should be paid from the assets of the receivership. As explained in the leading treatise CLARK ON RECEIVERS:

> The obligations and expenses which the court creates in its administration of the property are necessarily burdens on the property taken possession of, and this, irrespective of the question who may be the ultimate owner,

8

> or who may have the preferred lien, or who may invoke the receivership. The appointing court pledges its good faith that all duly authorized obligations incurred during the receivership shall be paid.
>
> 2 Clark, Ralph Ewing, *A Treatise on the Law and Practice of Receivers* § 637, p. 1052 (3rd ed. Rev. 1992).

The Receiver is an officer of the Court charged with a myriad of duties under the Receiver Order. Many of those duties, particularly at the outset of the appointment, do not lead to the direct and immediate recovery of assets or increase in the funds available for distribution to creditors. Because of the nature of the administrative and other services required in receiverships, the benefit a receiver confers on receivership property cannot be determined based solely on the increase or decrease in the value of property in the receiver's possession. As the Court explained in *Securities and Exchange Comm'n v. Elliott*, 953 F. 2d 1560, 1577 (11th Cir. 1992):

> [I]t is sometimes difficult to ascertain what type of benefits a receiver has bestowed on receivership property [A] benefit to a secured party may take more subtle forms than a bare increase in monetary value. Even though a receiver may not have increased, or prevented a decrease in, the value of the collateral, if a receiver reasonably and diligently discharges his duties, he is entitled to compensation. [Citations omitted.]
> *Id* at 1577.

The Court has broad discretion in determining the reasonableness of fees to be awarded a receiver. *See In re San Vicente Medical Partners Ltd.*, 962 F. 2d 1402, 1409-1410 (9th Cir. 1992). The Court may evaluate the time and effort expended by the Receiver with respect to specific projects and aspects of the administration of the estate, and may look to a number of different factors under the case law in approving receiver's and counsel's fees. *Id.* at 1409-1410.

This Motion establishes that during the Second Expense Period, the Receiver and his professionals rendered reasonable, necessary and valuable services for the Receivership Estate that were beneficial to the Receivership Estate and the parties in interest. As demonstrated herein,

9

including the supporting declarations and exhibits, the Receiver and his professionals have performed substantial and wide-ranging tasks that were beneficial to the Receivership Estate, including directly bringing funds into the Receivership Estate so that these funds could not be diverted, misused or concealed, as well as taking possession and control of parcels of real property and laying the groundwork for the subsequent sale of that property for the benefit of the Receivership Estate. *See Federal Trade Comm'n v. Capital Acquisitions & Mgmt. Corp.*, 2005 U.S. Dist. LEXIS 18504 (N.D. Ill. August 26, 2005). The Receiver submits the fees are reasonable in light of the services rendered, and the fees and costs requested should be awarded in their entirety.

The Receiver has sufficient funds on hand to pay the fees and costs incurred through March 31, 2022 and requested in the Motion. Based on the cash on hand reported in the Receiver's Second Report that was filed on April 29, 2022 [ECF 324], the Receivership Estate has $12,490,287.49 on hand net of accrued and unpaid fees and costs totaling $80,960.29.[1]

## CONCLUSION

The Receiver respectfully requests that the Court grant the Motion in its entirety, authorize and approve for payment all of the fees incurred by the Receiver and his professionals as well as

---

[1] The current balance net of accrued fees is $12,409,327.20.

10

minimal transition fees generated by Robb Evans and Barnes & Thornburg as set forth herein, and enter the proposed order submitted concurrently herewith.

                              Respectfully submitted,

Dated: May 27, 2022                    **GIBBONS P.C.**

                              By: /s/ *David N. Crapo*
                              David N. Crapo
                              One Gateway Center
                              Newark, NJ  07102
                              Telephone: (973) 596-4500
                              Facsimile: (973) 596-4545
                              Email: dcrapo@gibbonslaw.com
                              *Counsel to Mark B. Conlan, as Receiver*

## **Certificate of Service**

I hereby certify that on May 27, 2022, I caused the foregoing to be electronically filed by means of the CM/ECF system.

Further, I certify that a copy of the foregoing was served on the same date, upon the following counsel of record via the Court's CM/ECF system and via email:

Mark L. Williams
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Email:  Williamsm@sec.gov

*Attorneys for Plaintiff*

Vivian Drohan
Drohan Lee
680 Fifth Avenue, 10th Floor
New York, NY 10019
Email: vdrohan@dlkny.com

Jeffrey R. Thomas
Thomas Law LLC
3773 Cherry Creek North Dr., Suite 600
Denver, CO 80209
Email: jthomas@thomaslawllc.com

*Attorneys for Defendants Mediatrix Capital Inc., Blue Isle Markets Inc., Blue Isle Markets Ltd., Bryant E. Sewall, and Hanna Ohonkova Sewall*

Tracy Ashmore
Robinson Waters & O'Dorisio, P.C.
1099 18thSt., Ste 2600
Denver, CO 80202
Email: tashmore@rwolaw.com

*Attorney for Defendant Michael S. Young, Maria C. Young, Salve Regina Trust, West Beach LLC, TF Alliance LLC, Hase Haus LLC and Casa Conejo LLC*

Michael S. Stewart (Pro Se)
Email: defender1989@protonmail.com

Victoria M. Stewart (Pro Se)
Email:  vstewart1989@gmail.com

Further, I certify that a copy of the foregoing was served on the same date upon the following non-CM/ECF participant by regular U.S. Mail:  Aaron Stewart, 23800 North 73rd Place, Scottsdale, AZ  85255.

/s/ David N. Crapo

12

3010062.1 117199-106202