**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02594-RM-SKC

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MEDIATRIX CAPITAL INC., et al.,

    Defendants,

And

MEDIATRIX CAPITAL FUND LTD., et al.,

    Relief Defendants.

---

# ORDER

This securities fraud enforcement action is before the Court on a Renewed Motion by Defendant Michael Young and Relief Defendant Maria Young (ECF No. 367), seeking an Order terminating the Receiver's collection activities against religious charities and returning funds already collected as well as other relief, such as permission to advise the charities of their rights. The Court denied without prejudice the Youngs' previous motion seeking substantially similar relief. (ECF No. 360.) The Receiver and Plaintiff have filed Responses to the Renewed Motion (ECF Nos. 382, 383), and the Youngs have filed a Reply (ECF No. 389). The Court finds that a hearing would not be of assistance in resolving the issues raised, and the Renewed Motion is denied for the reasons below.

First, the Court is not persuaded that the Youngs have standing to preclude the Receiver from recovering funds from third parties or to require that funds already obtained be returned to third parties.[1] To satisfy Article III's standing requirements, a plaintiff must show: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *S. Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1153, (10th Cir. 2013). The Youngs do not allege any direct financial impact on themselves, and their contention in their Reply that they might be responsible for amending their tax returns is speculative and woefully underdeveloped. (*See* ECF No. 389 at 7.) And, although they assert that the Receiver's letters violate their rights under the Religious Freedom Restoration Act of 1993 ("RFRA") and the Free Exercise Clause of the First Amendment, they have not shown a concrete and particularized injury that would be redressed by a favorable decision. *See Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1043 (D.N.M. 2020) (noting that the plaintiff bears the burden of demonstrating the court's jurisdiction to hear his claims, including by showing he has standing).

Second, even if the Youngs could establish they have standing, their contention that either the original or current Receiver exceeded the bounds of what is permitted by the Court's Order Appointing Receiver (ECF No. 153) lacks merit. The Order contemplates that the Receiver shall marshal and preserve all assets of the Defendants and Relief Defendants

---

[1] According to the Receiver's Response, the original Receiver collected $92,500 in fraudulent transfers to charities, while he himself settled a fraudulent transfer claim for $7,500. (ECF No. 382 at 2.) The Receiver notes that it "seeks voluntary settlements with charities that received fraudulent transfers from the Youngs" and that "there is currently no ongoing litigation between the Receiver and any charities." (*Id.* at 2-3.)

"attributable to funds derived from investors or clients of the Defendants," including assets that "were fraudulently transferred by the Defendants." (*Id.* at 1.) The Order also empowers the Receiver "to sue for and collect, recover, receive and take into possession from third parties all Receivership Property." (*Id.* at 4.) Thus, it is the source of the Youngs' donations that supports the Receiver's efforts to recover them. Contrary to the Youngs' suggestion, nothing in the Order precludes the Receiver from pursuing charitable donations made before the Complaint was filed in this case. Indeed, because a transfer may be deemed fraudulent even if the transferee is unaware of the fraud, *see Klein v. Cornelius*, 786 F.3d 1310, 1320-21 (10th Cir. 2015), the Youngs have not shown how the timing of their donations with respect to the filing of the Complaint is relevant under the circumstances of this case.

Third, the Order Appointing Receiver also enjoins the Youngs from interfering with the Receiver's efforts to obtain control over Receivership Property. (ECF No. 153 at 11.) Assuming the Youngs' filing of the Renewed Motion does not itself contravene the Appointment Order, it is difficult to see how their further involvement in these collection efforts would not do so.

Fourth, as pointed out in the Receiver's Response, the Religious Liberty and Charitable Donation Protection Act does not apply here because the Youngs are not in bankruptcy. The Youngs do not cite any authority to the contrary or meaningfully respond to the Receiver's argument on this point.

Fifth, as also pointed out in the Receiver's Response, the RFRA does not apply here because the Receiver is a private party as opposed to an instrumentality of the government. Again, the Youngs present no authority to the contrary and fail to respond meaningfully to the Receiver's argument.

3

Sixth, the Youngs fail to explain how any statements in the Receiver's demand letters are misleading or unlawful, much less state a basis for their right to send "clarifying letters" in a case such as this, where they are precluded from interfering with the Receiver's collection efforts.

Therefore, the Renewed Motion (ECF No. 367) is DENIED.

DATED this 23rd day of March, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge