IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 19-cv-02594-PAB-STV

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEDIATRIX CAPITAL INC., et al.,

Defendants,

and

MEDIATRIX CAPITAL FUND LTC., et al.,

Relief Defendants.

---

**ORDER**

---

This matter comes before the Court on the Emergency Motion to Stay the October 14, 2026 Vacate Deadline and Dispossession; For Immediate Temporary Relief and Expedited Determination [Docket No. 726] filed by Victoria Stewart. Receiver Mark B. Conlan (the "Receiver") and the United States Securities and Exchange Commission (the "SEC") filed responses. Docket Nos. 734-35.

## I. BACKGROUND

On September 12, 2019, the SEC filed a complaint against Michael S. Stewart, Michael S. Young, Bryant E. Sewall, Mediatrix Capital Inc., Blue Isle Markets Inc., and Blue Isle Markets Ltd., alleging that they engaged in a Ponzi scheme that raised over $125 million from investors through false statements regarding an algorithmic trading strategy. Docket No. 1. The complaint also named 20 "relief defendants," including Mr.

Stewart's wife, Victoria Stewart, as persons or entities who received illicit proceeds from the defendants' fraud. *Id.* at 4-5. Contemporaneously with filing the complaint, the SEC filed a motion to freeze the assets of defendants and relief defendants. Docket No. 4. The next day, Judge Raymond P. Moore granted the motion and froze the assets of defendants and relief defendants. Docket No. 10. Among the assets subject to the freeze order was a parcel of property at 8082 East Arroyo Hondo Road, Scottsdale, Arizona 85266 (the "Arroyo Property"). *Id.* at 7. Defendants consented to conversion of the freeze order into a preliminary injunction, which extended the asset freeze until the case was adjudicated on the merits. Docket No. 38.

On July 17, 2020, the SEC filed a notice indicating that Mr. and Ms. Stewart had repeatedly violated the preliminary injunction's asset freeze. Docket No. 137. Consequently, on September 11, 2020, Judge Moore appointed a receiver to marshal and preserve defendants' assets.[1] Docket No. 153. The receivership order prohibited the receiver from taking any actions to dispossess Mr. Stewart of the Arroyo Property until obtaining approval from the Court. *Id.* at 10.

In February 2021, Mr. Stewart and Mr. Sewall were indicted in a parallel criminal case based on the same conduct alleged in the SEC's complaint. *United States v. Stewart,* 21-cr-00034-WJM (D. Colo.) ("Criminal Case"), Docket No. 1. This case was stayed for several years as to Mr. Stewart and Mr. Sewall while the Criminal Case was pending. Docket Nos. 269, 322, 361, 395, 457, 477, 559. In May 2024, Mr. Stewart and Mr. Sewall were convicted of fourteen counts of wire fraud and one count of

[1] The initial receiver appointed in this action was Brick Kane. Docket No. 153 at 2. On October 20, 2021, Mr. Conlan was substituted as the receiver in this case. Docket No. 284.

conspiracy. Criminal Case, Docket No. 315. Mr. Stewart and Mr. Sewall were each sentenced to more than 20 years imprisonment and ordered to pay over $93 million in restitution. Criminal Case, Docket Nos. 451, 771. On September 14, 2026, Judge Moore granted the SEC's motion for summary judgment in this case, based in part on Mr. Stewart's criminal conviction. Docket No. 713.

On November 22, 2024, in the Criminal Case, the court found that 54 assets, including the Arroyo Property, were subject to criminal forfeiture. Criminal Case, Docket No. 439 at 3-6. On December 11, 2024, the United States issued a notice of the forfeiture to the relief defendants, including Ms. Stewart.[2] Criminal Case, Docket No. 446. The notice of forfeiture stated that the Arroyo Property was subject to forfeiture and explained that any person claiming a legal interest in the forfeited property had thirty days to file a petition asserting such interest. *Id.* at 3-4. Mr. and Ms. Stewart did not timely assert a legal interest in the Arroyo Property in response to the notice of forfeiture. However, on May 5, 2026, Ms. Stewart filed identical motions in the Criminal Case and in this case seeking to "intervene to assert innocent owner interests and challenge forfeiture" of the Arroyo property, along with other assets listed in the forfeiture orders. Docket No. 681; Criminal Case, Docket No. 730. In the Criminal Case, the court granted a motion to dismiss the motion to intervene as untimely, finding that the United States provided notice to Ms. Stewart that the Arroyo Property was subject to forfeiture, but that Ms. Stewart did not file a timely response. Criminal Case, Docket No. 781.

[2] In the Criminal Case, the court found that the notice to Ms. Stewart complied with all statutory requirements and with due process. Criminal Case, Docket No. 781 at 6-7.

On May 12, 2026, the Receiver filed a motion for an order authorizing him to value and market the Arroyo Property. Docket No. 682. Ms. Stewart opposed the motion, noting her alleged ownership interest in the Arroyo Property and that the Arroyo Property is her primary residence. *Id*. at 2. On June 8, 2026, Ms. Stewart filed a motion to stay the Receiver's motion to authorize the sale of the Arroyo Property, asserting that the Court should recognize her interest in the Arroyo Property. Docket No. 692.

On September 14, 2026, Judge Moore ruled on the motion to intervene, the Receiver's motion to authorize the sale of the Arroyo Property, and the motion to stay. Docket No. 712. Judge Moore noted that Judge William J. Martinez, who is presiding over the Criminal Case, dismissed an identical motion to intervene because Ms. Stewart did not timely assert an interest in the Arroyo Property. *Id.* at 2-3. Judge Moore denied the motion to intervene, stating that "Ms. Stewart cites no authority, and the Court is aware of none, for the proposition that this Court can or should reconsider or circumvent Judge Martinez's rulings in the criminal case regarding the Preliminary Orders of Forfeiture in the context of this civil enforcement case." *Id.* at 3. As to the Receiver's motion to authorize the sale of the Arroyo Property, Judge Moore found that any interest Ms. Stewart had in the Arroyo Property was lost when she and Mr. Stewart failed to timely contest the notice of forfeiture in the Criminal Case. *Id.* at 3-4. Thus, Judge Moore held that the Receiver could market the Arroyo Property for sale to compensate the victims of defendants' fraud. *Id.* at 4. Finally, Judge Moore noted that the motion to stay "appears to be a continuation of Ms. Stewart's efforts to postpone the inevitable," finding that "[f]orfeiture of the Arroyo Property has already been sanctioned by Judge Martinez and this Court, and the present Motion adds nothing new to the arguments Ms.

Stewart has already presented, and therefore it is denied." *Id.* at 4. Judge Moore ordered that Ms. Stewart vacate the Arroyo Property on or before October 14, 2026. *Id.* at 5.

On September 30, 2026, Ms. Stewart filed an emergency motion, seeking to stay the portion of Judge Moore's September 14, 2026 order which requires Ms. Stewart to vacate the Arroyo Property on or before October 14, 2026 and seeking to stay "implementation" of the portion of the order appointing receiver which authorizes the Receiver to take actions to dispossess Mr. Stewart of the Arroyo Property only after obtaining approval from the Court.[3] Docket No. 726 at 2. In effect, this motion seeks reconsideration of the portions of Judge Moore's September 14, 2026 order which authorize the Receiver to value and market the Arroyo Property and which require Ms. Stewart to vacate the Arroyo Property on or before October 14, 2026. Ms. Stewart seeks a "limited stay through December 18, 2026" or, alternatively, a fourteen-day stay. *Id.* On October 2, 2026, this case was reassigned to the Court. *Id*. On October 7, 2026, the Receiver and the SEC filed responses to Ms. Stewart's motion. Docket Nos. 734-35. On October 8, 2026, Ms. Stewart filed a reply. Docket No. 738.

## II. ANALYSIS

### A. <u>Failure to Confer</u>

Local Rule 7.1(a) requires that, "[b]efore filing a motion, . . . an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel . . . to resolve any disputed matter." D.C.COLO.LCivR 7.1(a). Ms. Stewart did

[3] The day Ms. Stewart filed this motion, Judge Moore denied a motion by Mr. and Ms. Stewart, noting that the motion "appears to be part of a well-established pattern of attempting to prolong these proceedings with frivolous filings." Docket No. 725.

not comply with Local Rule 7.1 before filing her motion. Ms. Stewart states that she did not need to confer due to Local Rule 7.1(b)(1), which provides an exception to the duty to confer when there is "a motion filed in a case involving an unrepresented prisoner or detainee." Docket No. 726 at 3; *see also* D.C.COLO.LCivR 7.1(b)(1). Ms. Stewart asserts that Local Rule 7.1(b)(1) applies because Mr. Stewart, who is an unrepresented prisoner, is a party to this case. Docket No. 726 at 3. However, as the Receiver properly notes, "this civil action[ ] does not involve an unrepresented prisoner or detainee as a party; Michael Stewart's incarceration arises from the separate Criminal Case before Judge Martinez, and he is not a party to this SEC enforcement action in the capacity Ms. Stewart invokes." Docket No. 734 at 7. Moreover, the duty to confer requires Ms. Stewart to confer with opposing counsel, not with a defendant who would not oppose the motion. D.C.COLO.LCivR 7.1(a). Therefore, the exception to conferral does not apply, and Ms. Stewart failed to comply with the duty to confer. "Failure to comply with the duty to confer under Local Rule 7.1(a) is sufficient grounds, standing alone, on which to deny a motion." *Kohn v. Rieder Noram Inc.*, No. 23-cv-01830-CYC, 2025 WL 2676045, at *2 (D. Colo. Sept. 18, 2025) (collecting cases). As a result, the Court will deny her motion for failure to comply with Local Rule 7.1.

**B. <u>Merits of Ms. Stewart's Arguments</u>**

In the alternative, the Court will consider the merits of Ms. Stewart's arguments. Ms. Stewart's motion that the Court should stay the implementation of Judge Moore's September 14, 2026 order seems to be based on two grounds. First, Ms. Stewart mentions a purported December 11, 2026 hearing, which Ms. Stewart seems to believe relates to her interest in the Arroyo Property. 726 at 2. Next, Ms. Stewart asserts that she is entitled to relief because vacating the Arroyo Property "would deprive her of its

use as her home, require displacement and arrangements for her belongings and living needs, and interrupt her efforts to prepare her pending property appeal while her husband is incarcerated," which Ms. Stewart argues is an "irreparable injury." *Id.* at 7.

The Court finds both arguments unavailing. First, there does not appear to be any hearing set for December 11, 2026. There is a status conference set for December 9, 2026, Docket No. 718, but there is no indication that the status conference is related to the Arroyo Property.[4] Both Judge Moore and Judge Martinez held that the Arroyo Property is subject to forfeiture and that any effort to contest such forfeiture is untimely. Docket No. 712; Criminal Case, Docket No. 781. Therefore, there is no basis to stay any order regarding the Arroyo Property. Two separate judges have determined that Ms. Stewart has no legal interest in the Arroyo Property. Moreover, the Court agrees with Judge Martinez and Judge Moore that Ms. Stewart has no legal interest in the Arroyo Property.

Second, while the Court has equitable powers over the administration of a receivership, *see S.E.C. v. Vescor Cap. Corp.*, 599 F.3d 1189, 1193-94 (10th Cir. 2010), the Court finds that Ms. Stewart's asserted hardship does not provide an equitable basis for staying Judge Moore's September 14, 2026 order. Ms. Stewart's asserted harm is incidental to vacating a residence and the Court finds it unlikely that a stay would meaningfully dissipate such harm. Ms. Stewart has had notice that the Arroyo Property was subject to sale by the Receiver since the order appointing receiver

[4] The status conference was initially set for September 22, 2026, the date of the pre-trial conference. Docket No. 716. Upon final judgment being entered in this case, the pre-trial conference was converted to a status conference, which was later reset to December 9, 2026. *Id.*; Docket No. 718.

was issued on September 11, 2020. Moreover, Ms. Stewart was on notice that the Arroyo Property was subject to criminal forfeiture since the criminal court's November 22, 2024 order, Criminal Case, Docket No. 439 at 3-6, and was on notice that she would need to vacate on or before October 14, 2026 since September 14, 2026. Docket No. 712. Thus, the Court finds there is no reason to believe that staying the order for Ms. Stewart to vacate the Arroyo Property would avoid any of the typical harm that accompanies vacating a residence. On the other hand, the Court finds that there would be harm in further delaying the Receiver's ability to sell the Arroyo Property, which would delay the victims of defendants' fraud from getting compensation that they have been waiting for since this case was filed seven years ago. Accordingly, the Court finds that it would be inequitable to stay Judge Moore's September 14, 2026 order. Thus, even considering the merits of Ms. Stewart's motion, the Court would deny it.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Emergency Motion to Stay the October 14, 2026 Vacate Deadline and Dispossession; For Immediate Temporary Relief and Expedited Determination [Docket No. 726] is **DENIED**.

DATED October 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge